FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA P 12: 16
(Alexandria Division)
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| FMC CORPORATION | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 1:07 CV 819 |
| | ) GBL/BRP |
| UNITED STATES ENVIRONMENTAL | ) |
| PROTECTION AGENCY, and STEPHEN L. | ) |
| JOHNSON, ADMINISTRATOR | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## COMPLAINT

Plaintiff FMC Corporation ("FMC"), for its Complaint against defendants United States

Environmental Protection Agency and EPA Administrator Stephen L. Johnson (collectively

("EPA" or the "Agency"), alleges as follows:

### INTRODUCTION AND SUMMARY OF CLAIMS

1.    This is an action to set aside and enjoin the application of a regulation of

Defendant EPA that establishes an incorrect "burden of proof" to be applied in trial-type

adjudicatory hearings regarding the proposed cancellation of pesticide registrations.

2.    Before a pesticide may be sold, it must be registered by EPA. To obtain approval

of a registration, an applicant must submit extensive scientific studies demonstrating that the

pesticide meets the human and environmental safety standards imposed by the Federal

Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136-136y ("FIFRA"). After

registration, EPA may initiate an adjudicatory administrative proceeding to cancel the

1

registration of a pesticide if it believes that the pesticide no longer meets the statutory safety standard. FIFRA § 6(b) & 6(d), 7 U.S.C. § 136d(b) & (d).

3.     Plaintiff FMC is the registrant of the insecticide Furadan® 4F, which contains the active ingredient carbofuran, and has been approved by the U.S. EPA for use on a variety of crops since 1969. Furadan 4F provides farmers with effective control of many damaging insect pests that often cannot be controlled by other means or with other pesticides. On August 30, 2006, EPA issued a regulatory decision which described EPA's intention to cancel the registration of Furadan 4F and other carbofuran registrations. When EPA proposes to cancel the registration of a pesticide, it must, upon the request of any adversely affected party, convene a formal, on-the-record adjudicatory hearing governed by Agency regulations. 7 U.S.C. § 136d(b) & (d); 40 C.F.R. Part 164. These regulations also govern the allocation of the burden of proof in the adjudicatory cancellation proceeding. 40 C.F.R. § 164.80.

4.     The Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA"), provides that in an on-the-record agency adjudication, "the proponent of a rule or order has the burden of proof," unless a statute provides otherwise. 5 U.S.C. § 556(d). The Supreme Court has held that the phrase "burden of proof" as used in § 556(d) means burden of persuasion. *Office of Workers' Compensation v. Greenwich Collieries*, 512 U.S. 267, 275-76 (1994). Nevertheless, EPA's burden of proof regulation provides just the opposite: that in an on-the-record adjudication to determine whether a pesticide registration should be cancelled, in which EPA is the proponent of an order to cancel the pesticide's registration, EPA only bears the burden of production, and that "the ultimate burden of persuasion shall rest with the proponent of the registration." 40 C.F.R. § 164.80(b). In other words, although EPA is the proponent of an order canceling the registration,

2

EPA's regulation places the ultimate burden of persuasion on the registrant who is defending against EPA's proposed order, rather than on the Agency itself.

5.     On November 7, 2006, FMC petitioned the Administrator of EPA, seeking that he amend the Agency's burden of proof regulation to conform it to the requirement of the APA, as interpreted by the Supreme Court, that the Agency shall have the burden of proof in a proceeding in which it is the proponent of an order to cancel FMC's pesticide registration. (Nov. 7, 2006 Petition for Amendment to Rule, attached as Ex. 1.) EPA denied FMC's petition in March 2007. Further, EPA has initiated the process for issuing a formal notice of cancellation of Furadan 4F, which would trigger an adjudicatory cancellation hearing in which EPA will apply its existing burden of proof regulation, 40 C.F.R. § 164.80. EPA has noted on its website that in February 2008, EPA's FIFRA Scientific Advisory Panel will hold a hearing on "Scientific Issues Associated with the Agency's Proposed Action Under FIFRA 6 (b) Notice of Intent to Cancel Carbofuran." http://www.epa.gov/scipoly/sap/index.htm#08feb. The holding of such a hearing by the Scientific Advisory Panel is the final prerequisite to issuing the Notice of Intent to Cancel and the convening of an adjudicatory cancellation hearing. FIFRA § 6(b)(2) and § 25(d)(1), 7 U.S.C. § 136d(b)(2) and § 136w(d)(1)

6.     The denial of FMC's petition to amend the burden of proof regulation constitutes final agency action that is presently reviewable under the APA, 5 U.S.C. § 702 *et seq.* The current action seeking judicial review of EPA's denial of the rulemaking petition is FMC's only available remedy for that denial. 5 U.S.C. § 704. The denial of FMC's petition was unlawful and accordingly, FMC seeks an order setting aside the denial and compelling EPA to grant FMC's rulemaking petition and amend the burden of proof regulation (40 C.F.R. § 164.80) to

3

conform it to the Administrative Procedure Act, and to prevent EPA from applying the existing

unlawful regulation.   5 U.S.C. § 706 (2) (A), (C).

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises

under the Administrative Procedure Act and FIFRA, which are federal statutes.

8.      Venue is proper in this District under 28 U.S.C. § 1391(e).

## PARTIES

9.      Plaintiff FMC is a Delaware corporation, with its world corporate headquarters

located at 1735 Market Street, Philadelphia, Pennsylvania. FMC is one of the world's foremost

diversified chemical companies and is a leading producer of crop protection products. FMC is

the inventor and registrant of Furadan 4F and other carbofuran products.

10.      Defendant EPA is the federal agency charged with administration and

enforcement of FIFRA.  Defendant Stephen L. Johnson is the Administrator of EPA and is sued

in his official capacity.  EPA has granted pesticide registrations to sell and distribute Furadan 4F

and other carbofuran products in the United States.

## STATUTORY AND REGULATORY BACKGROUND

11.      With certain limited exceptions, FIFRA prohibits the sale or distribution of any

pesticide in the United States unless it is registered with EPA.  FIFRA § 3(a), 7 U.S.C. § 136a(a).

Before registering a pesticide, EPA must determine, *inter alia*, that the product, when used in

accordance with widespread and commonly recognized practice, will not cause unreasonable

adverse effects on the environment.  FIFRA § 3(c)(5), 7 U.S.C. § 136a(c)(5).

12.      After a pesticide is registered, if it appears to the Administrator that, when used in

accordance with widespread and commonly recognized practice, the pesticide generally causes

4

unreasonable adverse effects on the environment, the Administrator may issue a notice of intent to cancel the pesticide's registration ("NOIC"). The NOIC must be sent to the registrant and must be published in the Federal Register. FIFRA § 6(b), 7 U.S.C. § 136d(b).

13.    Cancellation of the pesticide's registration becomes final and effective at the end of 30 days from receipt by the registrant of the NOIC, or from publication of the NOIC, whichever comes later, unless within those 30 days either (a) the registrant makes the necessary corrections, if possible, or (b) a person adversely affected by the NOIC requests a hearing pursuant to FIFRA § 6(b), 7 U.S.C. § 136d(b).

14.    Sections 6(b) and (d) of FIFRA, 7 U.S.C. § 136d(b) & (d), give the registrant or any other adversely affected party the right to contest EPA's proposed cancellation of a pesticide in a trial-type administrative hearing on the record. FIFRA § 6(d) provides that "such hearing shall be held after due notice for the purpose of receiving evidence relevant and material to the issues raised by the objections filed by the applicant or other interested parties." 7 U.S.C. § 136d(d). The Hearing Examiner (*i.e.*, the Administrative Law Judge, or "ALJ") presiding over such hearing may issue subpoenas to compel testimony or the production of documents and shall be guided by the Federal Rules of Civil Procedure in making any order for the protection of the witness or the content of documents produced. *Id.*

15.    In 1973, EPA promulgated regulations—codified at 40 C.F.R. Part 164 ("Part 164")—that set forth detailed, procedural requirements for the trial-type hearing on the record mandated by FIFRA. The Part 164 requirements include, but are not limited to, protections against *ex parte* contact between the ALJ and the parties (40 C.F.R. § 164.7), the right of parties to be represented by counsel (40 C.F.R. § 164.30), the right of interested parties to intervene (40 C.F.R. § 164.31), limited discovery rights, which may be expanded by order of the ALJ (40

C.F.R. §§ 164.50, 164.51), the right to put on live witnesses and other evidence and to cross-examine witnesses (40 C.F.R. § 164.81), and the requirement that the ALJ's decision be based solely on the record (40 C.F.R. § 164.90(a)).

16.     In addition, 40 C.F.R. § 164.80 prescribes the burden of production and the burden of proof to be applied in a cancellation hearing. Section 164.80(a) provides in relevant part that "the proponent of cancellation . . . has the burden of going forward to present an affirmative case for the cancellation . . . of the registration." Section 164.80(b) (the "burden of proof regulation"), however, provides that, "[o]n all issues arising in connection with the hearing, the ultimate burden of persuasion shall rest with the proponent of the registration."

17.     After the hearing, the ALJ issues an "initial decision," which is submitted to the EPA's Environmental Appeals Board ("Board"). 40 C.F.R. § 164.90. The Administrator has delegated authority to the Board to issue final decisions in appeals of cancellation decisions under Part 164. 40 C.F.R. § 164.2(g). The ALJ's initial decision shall become the Board's decision, unless one of the parties appeals it to the Board or the Board *sua sponte* orders review of the initial decision. 40 C.F.R. § 164.90(b). The parties have the right to appeal the initial decision to the Board, and may request oral argument before the Board. 40 C.F.R. § 164.101.

18.     FIFRA provides that "[a]s soon as practicable after completion of the hearing . . . but not later than 90 days thereafter, the Administrator shall evaluate the data and reports before the Administrator and issue an order either revoking the [NOIC], or shall issue an order canceling the registration, changing the classification, denying the registration, or requiring modification of the labeling or packaging of the article. Such order shall be based only on substantial evidence of record of such hearing and shall set forth detailed findings of fact upon which the order is based." 7 U.S.C. § 136d(d). EPA's Part 164 regulations implement this

provision in part by requiring that the Environmental Appeals Board issue its final decision and order within 90 days after the close of the hearing. Such final order may accept or reject all or part of the ALJ's initial decision. 40 C.F.R. § 164.103.

19.    Once the Administrator (or the Board, pursuant to the Part 164 regulations) issues an order canceling the registration, that order is final. 7 U.S.C. § 136d(b). Once a final order canceling a pesticide's registration becomes effective, that pesticide can no longer be sold or distributed in the United States. *See* 7 U.S.C. § 136a(a). Although the registrant or another adversely affected party may seek judicial review of a final cancellation order, *see* 7 U.S.C. § 136n(b), the pesticide that is the subject of the cancellation order could not be sold or distributed in the United States pending completion of judicial review (unless the reviewing court were to stay the cancellation order pending its decision).

## FACTUAL BACKGROUND

### *EPA's Decision to Cancel Furadan 4F*

20.    Carbofuran was first registered in the United States in 1969. It is an insecticide and chemically is within the "carbamate" family of insecticides.

21.    FIFRA was amended in 1988 to require pesticides registered prior to November 1, 1984, such as Furadan 4F and other carbofuran products, to be reregistered. 7 U.S.C. § 136a-1.

22.    On August 30, 2006, EPA issued a decision, which it referred to as an "Interim Reregistration Eligibility Decision," announcing the Agency's "determin[ation] that all products containing carbofuran are not eligible for reregistration" and "propos[ing] to cancel all uses of carbofuran." EPA, Interim Reregistration Eligibility Decision, EPA-738-R-06-031, at 29, 30 (August 2006) ("IRED"), available at http:// www.epa.gov/oppsrrd1/REDs/carbofuran_ired.pdf; *see also* Carbofuran; Interim Reregistration Eligibility Decision; Notice of Availability, 71 Fed.

Reg. 51,610 (Aug. 30, 2006). The Agency identified some uses "providing moderate benefits to growers," which the Agency proposes to subject to a four-year phase-out instead of the immediate cancellation proposed for other uses. IRED at 29.

23.     In a letter to Linda Froelich, Area Support Director for FMC, dated December 18, 2006, Dr. Debra Edwards, who was then Director of EPA's Special Review and Reregistration Division, stated that the  carbofuran IRED "is 'interim,' not because the Agency's assessment of Carbofuran in that document is preliminary or draft, but merely to reflect the fact that EPA has not yet completed its cumulative assessment of the carbamate tolerances.  In the case of the organophosphate chemicals, after publication of the final OP [organophosphate] cumulative assessment, EPA merely published a *Federal Register* notice announcing that existing IREDs could be considered REDs [final Reregistration Eligibility Determinations].  EPA did not issue revised REDs for the individual chemicals, or even reissue the individual REDs.  Issuance of a RED is not a prerequisite to the issuance of a NOIC, and EPA does not currently intend to formally issue a revised RED document for Carbofuran prior to initiating cancellation proceedings." (Dec. 18, 2006 Letter from Dr. Debra Edwards, attached as Ex. 2.)

### FMC's Petition to Amend 40 C.F.R. § 164.80(b) and EPA's Response

24.     On November 7, 2006, FMC submitted to EPA a petition for rulemaking pursuant to 5 U.S.C. § 553(e), asking the Agency to amend 40 C.F.R. § 164.80(b) to conform with the law.  (*See* Ex. 1.)  The petition explains that the current regulation, by placing the burden of persuasion on the proponent of the registration rather than on the proponent of a cancellation order, is contrary to section 7(c) of the Administrative Procedure Act, 5 U.S.C. § 556(d), as construed by the Supreme Court in *Office of Workers' Compensation v. Greenwich Collieries*, 512 U.S. 267 (1994).  The on-the-record, trial-type cancellation hearings provided for by §

8

6(b)(1) of FIFRA, 7 U.S.C. § 136a-1(b)(1), and implemented through EPA's Part 164 regulations—described above—are "adjudications required by statute to be determined on the record after opportunity for agency hearing" for purposes of the APA, 5 U.S.C. § 554(a). The APA provides that, in such hearings, "[e]xcept as otherwise provided by statute, the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d). The Supreme Court held in *Greenwich Collieries* that "burden of proof" as used in § 556(d) means burden of persuasion. EPA is the proponent of the order in a cancellation hearing under FIFRA § 6(b)(1). FIFRA does not provide for reallocation of the burden of persuasion required by the APA, nor does it even mention the burden of proof. By allocating the burden of persuasion to the proponent of the registration rather than the proponent of a cancellation order, 40 C.F.R. § 164.80(b) violates the APA.

25.    At FMC's request, EPA's Acting General Counsel Roger Martella and several other officials from EPA's Office of General Counsel met with counsel for FMC on February 6, 2007, to discuss the pending petition to amend 40 C.F.R. § 164.80(b). Although the Agency representatives present did not express any official EPA position on the petition, they directed FMC's counsel's attention to the preamble to a 1996 rule in which EPA responded to comments that 40 C.F.R. § 164.80 and a similar regulation governing the burden of persuasion to be applied in pesticide food tolerance revocation hearings under the Federal Food, Drug, and Cosmetic Act ("FFDCA") were invalid in light the Supreme Court's decision in *Greenwich Collieries*. *See* Revocation of Pesticide Food Additive Regulations, 61 Fed. Reg. 39,528, 39,535 (July 29, 1996). EPA rejected that argument based in relevant part on its view that FIFRA's legislative history indicated Congress's intent to allocate the burden of persuasion to the proponent of the

9

registration, and on the D.C. Circuit's decision to the same effect in *Environmental Defense Fund v. EPA*, 548 F.2d 1012, 1015 (D.C. Cir. 1976). *See* 61 Fed. Reg. at 39,535.

26.    On March 7, 2007, FMC sent EPA a follow-up letter requesting that the Agency immediately respond to its petition to amend the burden of proof rule. (Mar. 7, 2007 Letter from Kenneth Weinstein, attached as Ex. 3.) This follow-up letter explained, among other things, that the 1996 preamble referred to by EPA representatives in the February 6, 2007 meeting in no way changed FMC's view that 40 C.F.R. § 164.80(b) is unlawful and must be amended. The letter emphasized that the 1996 preamble does not point to any language in FIFRA stating that the burden of persuasion rests with the proponent of registration in a cancellation proceeding, and that, in fact, there is no such language. Accordingly, FIFRA does not, for purposes of 5 U.S.C. § 556(d), "otherwise provide" that the proponent of registration bear the burden of persuasion in such a proceeding.

27.    In a letter to FMC's counsel dated April 3, 2007, EPA denied FMC's petition for amendment of the burden of proof rule. EPA's denial of the petition quotes extensively from the 1996 preamble, stating:

> EPA believes that both the FFDCA and FIFRA clearly allocate the burden of persuasion to the proponent of the registration or tolerance. . . . As both statutes place the burden squarely on the proponent of registration and of permitting pesticide residues, of demonstrating that the pesticide product and its residues meet the statutory requirements, both the FFDCA and FIFRA fall within the exception specified in section 7(c) [of the APA, 5 U.S.C. § 556(d)].
>
> The legislative histories of both statutes clearly demonstrate that Congress intended to place the burden of demonstrating the safety of the product on the proponents of a registration or tolerance.

(Apr. 3, 2007 Letter from Roger Martella at 1-2 (quoting 61 Fed. Reg. at 39,535)), attached as Ex. 4.) The denial further states that FMC's petition "does not raise any new factual information that the Agency has not previously considered or that alters any significant factual predicate on

which the prior decision rests." The denial rejects in conclusory fashion FMC's legal argument that FIFRA does not "otherwise provide[]" for allocation of the burden of persuasion to the proponent of the registration in a cancellation proceeding. EPA's denial does not identify any language in FIFRA which specifies the burden of proof, but instead relies on FIFRA's legislative history as supposedly "otherwise providing" for a different burden of proof. Yet only an "express statutory provision" itself, not legislative history, can satisfy the APA's "otherwise provided by statute" clause. *See Maher Terminals v. Director, Office of Workers' Compensation Programs*, 992 F.2d 1277, 1281 & n.3 (3d Cir. 1993), *aff'd sub nom. Director, Office of Workers' Compensation Programs v. Greenwich Collieries*, 512 U.S. 267 (1994). Furthermore, there is nothing in the legislative history of FIFRA that purports to change the APA's allocation of the burden of proof in cancellation hearings; nor is there any language in the legislative history of FIFRA that even discusses the burden of proof in cancellation hearings. The legislative history relied on by EPA pertains to the 1964 amendments to FIFRA, which established that the regulatory agency (at that time the Department of Agriculture) had the right to deny an application for registration, which the agency previously did not have. There is nothing in the 1964 amendments themselves, or the legislative history, that suggests that Congress wanted to change the burden of proof in a cancellation proceeding under FIFRA as established by the APA. The Senate Report discussing the 1964 amendments, S. Rep. No. 88-573 (1964), states that "the bill provides that applicants dissatisfied with the Secretary's action in refusing or canceling registration may have recourse to advisory committee proceedings, public hearings and judicial review," but is completely silent as to the burden that would apply in cancellation hearings. *Id.* at 2. The fact that Congress contemplated that cancellation hearings would occur, but made no changes to the APA's default allocation of burden of proof that

11

applies in such hearings, clearly establishes that Congress did not intend to "otherwise provide" for a different burden of proof than that set forth in the APA.

### *EPA's Initiation of Proceedings Against Furadan 4F*

28.     Having published its August 30, 2006 decision determining "that all products containing carbofuran are not eligible for reregistration" and "propos[ing] to cancel all uses of carbofuran," EPA proceeded in July 2007 to take the step of posting a notice on its website that EPA's Scientific Advisory Panel will hold a hearing in February 2008 to consider "Scientific Issues Associated with the Agency's Proposed Action Under FIFRA 6 (b) Notice of Intent to Cancel Carbofuran." *See* http://www.epa.gov/scipoly/sap/index.htm#08feb. The submission of a proposed NOIC to the Scientific Advisory Panel is the final statutory step before EPA can issue a formal NOIC for Furadan 4F and other FMC carbofuran products. FIFRA § 6(b)(2) and § 25(d)(1), 7 U.S.C. § 136d(b) and § 136w(d)(1).

29.     Once EPA issues the NOIC, FMC intends to request an adjudicative hearing regarding the proposed cancellation under FIFRA § 6(b) and (d), 7 U.S.C. § 136d(b) & (d). Absent action by this Court, EPA's current, unlawful burden of proof regulation will be applied in that hearing.

### COUNT I

### (Administrative Procedure Act Review of Unlawful Denial of Petition to Amend Regulation)

30.     Plaintiff realleges and incorporates by reference herein all preceding paragraphs.

31.     The on-the-record, trial-type cancellation hearing required by FIFRA § 6(b) and (d), 7 U.S.C. § 136d(b) & (d), and implemented through EPA's Part 164 regulations is an "adjudication[] required by statute to be determined on the record after opportunity for agency hearing" within the meaning of 5 U.S.C. § 554(a).

32.     The APA mandates that, in all such hearings, "[e]xcept as otherwise provided by statute, the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d). The Supreme Court held in *Office of Workers' Compensation v. Greenwich Collieries*, 512 U.S. 267 (1994), that the phrase "burden of proof" as used in § 556(d) means burden of persuasion. EPA is the proponent of the order in a cancellation hearing under FIFRA § 6(b) and (d).

33.     FIFRA does not mention the burden of persuasion to be applied in a cancellation hearing under FIFRA § 6(b) and (d), and it in no way supersedes or abrogates the APA's allocation of the burden of persuasion to the proponent of the order (here EPA, as the proponent of the cancellation order). EPA's denial of FMC's petition finds no support in FIFRA's text and is based solely on legislative history. Legislative history cannot suffice to meet 5 U.S.C. § 556(d)'s "otherwise provided by statute" exception. In any event, EPA's reading of the legislative history is incorrect; the relevant legislative history does not support EPA's position.

34.     By allocating the burden of persuasion to the proponent of the registration rather than to the proponent of a cancellation order (*i.e.*, EPA), 40 C.F.R. § 164.80(b) contravenes 5 U.S.C. § 556(d) as construed by the Supreme Court in *Greenwich Collieries*.

35.     EPA's April 3, 2007 denial of FMC's petition to amend 40 C.F.R. § 164.80(b) is arbitrary and capricious, contrary to law, and in excess of statutory authority, and must be held unlawful and set aside under the APA, 5 U.S.C. § 706(2)(A), (C). The denial of FMC's petition constitutes final agency action that is reviewable under the APA, 5 U.S.C. § 702 and § 706.

## COUNT II

### (Declaratory Judgment and Injunctive Relief)

36.     Plaintiff realleges and incorporates by reference herein all preceding paragraphs.

37.     An actual controversy exists between the parties under 28 U.S.C. §§ 2201 and 2202. Specifically, as set forth above, an actual, substantial, legal controversy has arisen and

now exists between FMC and EPA as to the correct "burden of proof" to be applied in trial-type adjudicatory hearings regarding the proposed cancellation of pesticide registrations.

38.    This action for declaratory and injunctive relief is the only remedy available to FMC for redressing EPA's unlawful denial of the petition for rulemaking. Further, in order to avoid being compelled to defend carbofuran in an adjudicatory hearing governed by an incorrect burden of proof in violation of the APA, FMC seeks a decision in this case prior to the initiation of a cancellation hearing by EPA.

39.    Plaintiff seeks a declaration from this Court that, as discussed above, EPA's denial of FMC's November 7, 2006 petition to amend 40 C.F.R. § 164.80(b) is contrary to law, arbitrary and capricious, and exceeds EPA's statutory authority, all in violation of the APA, to the extent that that regulation provides that in a cancellation hearing under Sections 6(b) and (d) of FIFRA, the ultimate burden of persuasion shall rest with the proponent of the registration on all issues; and setting aside EPA's denial of the petition on that basis, 5 U.S.C. § 706(2)(A), (C); 28 U.S.C. § 2201(a).

40.    Plaintiff also seeks an injunction barring Defendants from applying 40 C.F.R. § 164.80(b) in its current form, or otherwise failing to place the burden of persuasion on the proponent of a cancellation order (*i.e.*, on EPA), in any pending or future cancellation hearing under FIFRA § 6, 5 U.S.C. §§ 702, 706(2)(A), (C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order and Judgment:

A.    Declaring that EPA's denial of FMC's November 7, 2006 petition to amend 40 C.F.R. § 164.80(b) is contrary to law, arbitrary and capricious, and exceeds EPA's statutory

authority, all in violation of the APA, to the extent that that regulation provides that in a cancellation hearing under Sections 6(b) and (d) of FIFRA, the ultimate burden of persuasion shall rest with the proponent of the registration on all issues; and setting aside EPA's denial of the petition on that basis, 5 U.S.C. § 706(2)(A), (C); 28 U.S.C. § 2201(a);

   B.    Ordering the Defendants to grant FMC's petition to amend 40 C.F.R. § 164.80(b) and to initiate forthwith a rulemaking to amend the regulation as requested in the petition, 5 U.S.C. §§ 702, 706(2)(A), (C);

   C.    Enjoining the Defendants from applying 40 C.F.R. § 164.80(b) in its current form, or otherwise failing to place the burden of persuasion on the proponent of a cancellation order (*i.e.*, on EPA), in any pending or future cancellation hearing under FIFRA § 6, 5 U.S.C. §§ 702, 706(2)(A), (C);

   D.    Awarding FMC all costs, including attorneys' fees, associated with this action; and

   E.    Granting such other relief as this Court considers just and proper.

Dated: August 16, 2007

Respectfully submitted,

By: _Abid R. Qureshi_

Abid R. Qureshi (VSB No. 41814)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
E-mail: abid.qureshi@lw.com

Of Counsel:

Kenneth W. Weinstein
Claudia M. O'Brien
Mark A. Miller
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
E-mail: ken.weinstein@lw.com
        claudia.o'brien@lw.com
        mark.miller@lw.com

*Attorneys for Plaintiff FMC Corporation*

# Exhibit 1

# Nov. 7, 2006 Petition for Amendment to Rule

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200 Fax: (202) 637-2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

November 7, 2006

The Honorable Stephen L. Johnson
Administrator
United States Environmental Protection Agency
Mail Code 1101A
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Re:    Petition for Amendment to Rule

Dear Mr. Johnson:

Pursuant to the rulemaking provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553(e), Latham & Watkins, on behalf of FMC Corporation, hereby respectfully petitions EPA for amendment of 40 C.F.R. § 164.80(b). This regulation governs the burden of proof ("burden of persuasion") that applies in adjudicatory hearings before an Administrative Law Judge in response to a notice of the Administrator's intent to under Federal Insecticide, Fungicide and Rodenticide Act" ("FIFRA") to cancel the registration of a pesticide. 40 C.F.R. § 164.20(a). Amendment of this regulation is necessary to ensure that it conforms to current Supreme Court precedent.

Specifically, 40 C.F.R. § 164.80(b) places the burden of persuasion with the proponent of the registration. In 1994, however, the Supreme Court rendered a decision holding that under the Administrative Procedure Act, the burden of persuasion falls on the proponent of an order. In the case of a hearing held under FIFRA § 6(b)(1) to determine whether to cancel the registration of a pesticide, the proponent of the cancellation order is EPA. Therefore, the current burden of proof regulation violates the APA and should be amended to provide that the burden of proof in a proceeding under FIFRA § 6(b)(1) to determine whether to cancel a registration shall rest with the proponent of the cancellation order (*i.e.*, EPA).

This regulation has not been used since 1994 and thus the Agency has not previously had occasion to review the provision for consistency with current law. Now, however, the Agency has announced its intention to cancel FMC's registration of carbofuran and, should a hearing be required, it is critical that the Administrative Law Judge, and ultimately the Administrator, apply the proper burden of proof. For this reason, we request that EPA act expeditiously on this petition.

The Honorable Stephen L. Johnson
November 7, 2006
Page 2

**LATHAM&WATKINS**LLP

      Should you have any questions or comments on this petition, please do not hesitate to contact us at 202-637-2200.

                         Respectfully,

                         Kenneth W. Weinstein
                         Claudia M. O'Brien
                         of LATHAM & WATKINS LLP
                         *Counsel to FMC Corporation*

cc:    James B. Gulliford
       Assistant Administrator
       Office of Pesticides; Prevention & Toxic Substances

       Roger R. Martella
       Acting General Counsel

DC\923006.1

**BEFORE THE U.S. ENVIRONMENTAL PROTECTION AGENCY**

# PETITION OF FMC CORPORATION FOR AMENDMENT OF RULE

**Petition to Amend "Rules of Practice Governing Hearings Under the Federal Insecticide, Fungicide and Rodenticide Act," 40 C.F.R. § 164.80(b)**

Kenneth W. Weinstein
Claudia M. O'Brien
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004
202-637-2200
*Counsel for FMC Corporation*

November 7, 2006

### PETITION OF FMC CORPORATION FOR AMENDMENT OF RULE

**Petition to Amend "Rules of Practice Governing Hearings Under the
Federal Insecticide, Fungicide and Rodenticide Act," 40 C.F.R. § 164.80(b)**

#### Introduction

Pursuant to § 4(d) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553(e), FMC

Corporation hereby respectfully petitions EPA for amendment of 40 C.F.R. § 164.80(b), which is

part of the "Rules of Practice Governing Hearings Under the Federal Insecticide, Fungicide and

Rodenticide Act" ("FIFRA"). This regulation governs the burden of proof (referred to in the

EPA regulation as the "burden of persuasion") that applies in adjudicatory hearings before an

Administrative Law Judge in response to a notice of the Administrator's intent under FIFRA §

6(b)(1) to cancel the registration of a pesticide. 40 C.F.R. § 164.20(a). The purpose of the

proposed amendment is to conform that regulation to current Supreme Court precedent.

Specifically, 40 C.F.R. § 164.80(b) provides:

> On all issues arising in connection with the hearing, the ultimate
> burden of persuasion shall rest with the proponent of the registration.

Subsequent to the time this regulation was promulgated in 1973, the Supreme Court rendered a

decision in *Director, Office of Workers' Compensation Programs v. Greenwich Collieries*, 512

U.S. 267, 275-76 (1994), which holds that under the Administrative Procedure Act, the burden of

persuasion falls on the proponent of an order. In the case of a hearing held under FIFRA §

6(b)(1) to determine whether to cancel the registration of a pesticide, the proponent of the

cancellation order is EPA, not the registrant. Therefore, under *Greenwich Collieries*, the current

FIFRA burden of proof regulation violates the APA and should be amended to provide that the

burden of proof in a proceeding under FIFRA § 6(b)(1) to determine whether to cancel a

1

registration shall rest with the proponent of the cancellation order. FMC requests that the regulation be amended to provide as follows:

> On all issues arising in connection with a notice issued by the Administrator under FIFRA § 6(b)(1) to cancel the registration of a pesticide, the ultimate burden of persuasion shall rest with the proponent of the cancellation order.

This petition for rulemaking raises solely an issue of law. For this reason, FMC requests EPA to act expeditiously on this petition, as the Agency has announced its intention to cancel FMC's registration of carbofuran.[1] In the case of any such proposed cancellation, FMC will seek an administrative hearing. Should a hearing be required, it is critical that the Administrative Law Judge, and ultimately the Administrator, apply the proper burden of proof. Hence, FMC submits this petition requesting that the burden of proof rule be amended as provided above.

### Reasons For Amending the Burden of Proof Rule

**I. FIFRA CANCELLATION HEARINGS ARE SUBJECT TO THE BURDEN OF PROOF PROVISIONS OF THE ADMINISTRATIVE PROCEDURE ACT**

Section 6 of FIFRA, 7 U.S.C. §§ 136d, mandates the procedures that must be followed where EPA determines that a pesticide does not meet the requirements of FIFRA and is to be cancelled. *See* 7 U.S.C. § 136d. Section 6 grants the registrant of any such pesticide the right to an on-the-record adjudicatory hearing to contest the proposed cancellation, 7 U.S.C. §§ 136d(b) & (d), which thus invokes the adjudication procedures of 5 U.S.C. §554. EPA has recognized

---

[1] EPA, *Interim Reregistration Eligibility Decision: Carbofuran*, p. 37 (August 2006) ("The Agency is proposing to cancel all uses of carbofuran based on ecological, occupational, and dietary risks of concern, and to revoke all tolerances.").

2

the application of the APA's adjudication procedures by its incorporation of those procedures into the cancellation hearing regulations.[2]

Thus, it is clear that the language in FIFRA triggers the formal adjudicatory procedures of 5 U.S.C. § 554. The burden of proof provision of APA § 7, in turn, "applies, according to the provisions thereof, to hearings required by section 553 or 554 of this title to be conducted in accordance with this section." 5 U.S.C. § 556(a). Consequently, the full range of protections afforded by APA § 7, including the APA's allocation of the burden of proof, applies in cancellation proceedings.

## II.    UNDER THE ADMINISTRATIVE PROCEDURE ACT, THE BURDEN OF PROOF LIES WITH THE PROPONENT OF CANCELLATION, NOT WITH THE REGISTRANT

Section 7(c) of the APA states, "Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d). Where EPA seeks to cancel an existing pesticide registration, the Agency is the proponent of the cancellation order and thus bears the burden of proof under the clear language of the APA. When it issued its regulations in 1973, however, the Agency interpreted this provision of the APA to mean that EPA had the burden of *production* – *i.e.*, the "burden of going forward to present an affirmative case for the cancellation," 40 C.F.R. § 164.80(a) – but that the burden of *persuasion* rested with the registrant. 40 C.F.R. § 164.80(b).

---

[2]    *See, e.g.*, 40 C.F.R § 164.40 (providing for appointment of administrative law judge to preside); 40 C.F.R § 164.7 (prohibiting *ex parte* contacts with parties); 40 C.F.R §§ 164.50, 164.51 (providing for discovery); 40 C.F.R § 164.60 (providing for motions practice); 40 C.F.R § 164.70 (providing for issuance of subpoenas); 40 C.F.R § 164.81 (providing for admission of evidence into record, and right of cross-examination); 40 C.F.R § 164.90 (providing for decision based solely on record).

Although 40 C.F.R. § 164.80(b), at the time of promulgation, was consistent with D.C. Circuit precedent,[3] EPA's rule now rests on bad law and needs to be revised. In *Director, Office of Workers' Compensation Programs v. Greenwich Collieries*, 512 U.S. 267, 275-76 (1994), the Supreme Court held that the term "burden of proof," as used in APA § 7(c), means the burden of persuasion, not simply the burden of production. At issue in *Greenwich Collieries* was a Department of Labor rule that effectively placed the burden of persuasion on the party opposing a benefits claim under the Black Lung Benefits Act. The Department argued that the rule was permissible because APA § 7(c) imposed only the burden of production on the proponent of a rule or an order. The Supreme Court rejected this approach, finding that "burden of proof" as used in APA § 7(c), according to the most natural use of the term, meant burden of persuasion (as well as burden of production). 512 U.S. at 276. Consequently, the proponent of a rule or an order must bear the burden of persuasion in any proceeding to which the APA applies. As such, EPA – as the proponent of cancellation of an existing pesticide registration – must bear the burden of persuasion under the APA, and its regulation holding to the contrary is inconsistent with the applicable law.

## III.    FIFRA CANCELLATION PROCEEDINGS ARE NOT EXEMPT FROM THE BURDEN OF PROOF PROVISION OF THE ADMINISTRATIVE PROCEDURE ACT

The APA provides that a subsequent statute may not supersede the APA "except to the extent that it does so expressly." 5 U.S.C. § 559. Similarly, APA § 7(c) provides that the burden of proof rests with the proponent of a rule or order "except as otherwise provided by statute." 5 U.S.C. § 556(d). FIFRA § 6 does not expressly exempt cancellation proceedings from any

---

[3]        *See EDF v. Ruckelshaus*, 439 F.2d 584 (D.C. Cir. 1971); *EDF v. EPA*, 465 F.2d 528 (D.C. Cir. 1972).

provisions of the APA and thus leaves intact the traditional allocation of the burden of persuasion.

The Supreme Court has underscored that the presumption against repeals by implication is especially strong with regard to the APA. *See, e.g., Greenwich Collieries*, 512 U.S. at 271 ("We do not lightly presume exemptions to the APA . . . .") (quoting *Brownell v. Tom We Shung*, 352 U.S. 180, 185 (1956)). In *Greenwich Collieries*, the Supreme Court found significant that neither the statute nor the regulation in question "even mention the concept of burden shifting or burden of proof," such that the default rule of APA § 7(c) obtained. 512 U.S. at 271. Similarly, the lower court opinion in *Greenwich Collieries* observed that legislative history, past practice, judicial acceptance, or congressional acquiescence cannot overcome the APA's clear statement that any exception must be expressly made by statute. *Greenwich Collieries v. Director, Office of Workers' Compensation Programs*, 990 F.2d 730, 735 n.5 (3d Cir. 1993).

The D.C. Circuit has also embraced the idea that any statutory exemption to the APA must be express. In *National Mining Ass'n v. Dep't of Interior*, 251 F.3d 1007 (D.C. Cir. 2001), the D.C. Circuit found that the Surface Mining Reclamation and Control Act did abrogate the APA's allocation of the burden of persuasion, but only because the statute was abundantly clear. Relying on the language that "the permit shall not be issued until the *applicant* submits *proof*," the D.C. Circuit found that Congress had expressly created an exemption to the APA. 251 F.3d at 1013 (internal quotation marks and citations omitted) (emphasis in original).

Here, however, as in *Greenwich Collieries* and unlike in *National Mining*, FIFRA does not mention the burden of proof, especially with respect to cancellation hearings. Unlike other

5

statutes that give an agency power to create exemptions to the APA,[4] EPA has no such authority under FIFRA. EPA's rulemaking powers under FIFRA include only the authority to "prescribe regulations to carry out the provisions of [FIFRA]." 7 U.S.C. § 136w(a)(1). The power to deviate from the APA's requirements must derive from express statutory language, and no statute gives EPA such express authorization to promulgate regulations in derogation of the APA. Accordingly, FIFRA does not implicitly repeal any provision of the APA and the APA's allocation of the burden of persuasion applies in FIFRA cancellation hearings.

Moreover, although the D.C. Circuit upheld EPA's burden of proof regulation in *Environmental Defense Fund, Inc. v. EPA*, 548 F.2d 998 (D.C. Cir. 1976), that decision failed to acknowledge the instruction in APA § 12 mandating that no statute can supersede the APA "except to the extent that it does so expressly."[5] The text of FIFRA makes no reference to the burden of proof in a hearing under the statute. It is implausible to conclude that a silent statute expressly abrogates the APA's burden of proof provision.

Moreover, *EDF* stands squarely at odds with *Greenwich Collieries*, which expressly rejected the statutory interpretation that was upheld in *EDF*. In *Greenwich*, the Supreme Court overruled its prior conclusion in *NLRB v. Transportation Management Corp.* (which cited *EDF* and endorsed APA §7(c) as applying to the burden of production, not the burden of persuasion), stating "we do not think our cursory conclusion in the *Transportation Management* footnote withstands scrutiny." 512 U.S. at 277.

---

[4]     For example, the Black Lung Benefits Act incorporates the APA "except as otherwise provided . . . by regulations of the Secretary [of Labor]." 30 U.S.C. § 932(a).

[5]     *See* 5 U.S.C. § 559 ("Subsequent statute may not be held to supersede or modify this subchapter . . . except to the extent that it does so expressly.").

6

In summary, the plain language of FIFRA does not "expressly" abrogating the APA's burden of proof provision, and therefore EPA's cancellation regulation must be revised to conform with the APA.

## IV.    CONCLUSION

EPA's burden of proof regulation at 40 C.F.R. § 164.80(b) violates the burden of proof provision of the Administrative Procedure Act, as interpreted by the Supreme Court in *Greenwich Collieries*. Therefore, EPA should grant FMC's rulemaking petition and amend 40 C.F.R. § 164.80(b) to provide as follows:

> On all issues arising in connection with a notice issued by the Administrator under FIFRA § 6(b)(1) to cancel the registration of a pesticide, the ultimate burden of persuasion shall rest with the proponent of the cancellation order.

Respectfully submitted,

Kenneth W. Weinstein
Claudia M. O'Brien
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004
202-637-2200
*Counsel for FMC Corporation*

Dated:  November 7, 2006

DC\921976.4

7

# Exhibit 2

# Dec. 18, 2006 Letter from Dr. Debra Edwards

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

OFFICE OF
PREVENTION, PESTICIDES
AND TOXIC SUBSTANCES

DEC 1 8 2006

Linda Froelich
FMC
1735 Market Street
Philadelphia, PA 19035

Dear Linda:

I am responding to your December 8, 2006 e-mail, in which you summarized our November 29, 2006 carbofuran meeting. I appreciate you taking the time to outline the key points of the meeting, as you understood them. However, based on the notes that you sent, several fundamental misunderstandings appear to have arisen. Perhaps the most critical misunderstanding relates to the timing of subsequent EPA action; the summary contained in your e-mail appears to be implicitly premised on the notion that EPA will delay any further regulatory action until such time as FMC has submitted new data and EPA has issued a final Registration Eligibility Decision (RED) document for comment. This is incorrect.

First, EPA has made no commitment to delay its implementation of the decision announced in its IRED. As indicated in the meeting, presuming that nothing in the recently submitted comments causes the Agency to reconsider its decision, EPA is preparing to issue a notice of intent to cancel (NOIC). I stated in the meeting that, given that there are a number of procedural prerequisites to issuing an NOIC, such as review by EPA's Science Advisory Panel, I thought it unlikely that EPA would publish a final NOIC before FMC could submit their new benefits information and at least the preliminary results of the mammalian toxicology studies. If this information is submitted in a timely manner, EPA will consider it and modify our regulatory position if and to the extent we determine that modification is appropriate.

Second, your e-mail refers several times to the issuance of a RED. As indicated during the meeting, the Carbofuran IRED is "interim," not because the Agency's assessment of Carbofuran in that document is preliminary or draft, but merely to reflect the fact that EPA has not yet completed its cumulative assessment of the carbamate tolerances. In the case of the organophosphate chemicals, after publication of the final OP cumulative assessment, EPA merely published a *Federal Register* notice announcing that the existing IREDs could be considered REDs. EPA did not issue revised REDs for the individual chemicals, or even reissue the individual REDs. Issuance of a RED is not a prerequisite to the issuance of a NOIC, and EPA does not currently intend to formally issue a revised RED document for Carbofuran prior to initiating cancellation proceedings. As noted earlier, this does not mean that we would not consider timely-submitted

information and factor that information into our decision-making, to the extent appropriate, as the regulatory process unfolds.

Finally, we had understood you to indicate that preliminary results from the mammalian toxicology studies would be available in February, and that you would be willing to provide those preliminary results to the Agency. In that regard, we had understood that FMC would provide us with a written schedule that would provide target dates for the submission of FMC's new information. Please confirm whether this was your understanding as well. I look forward to your response.

Sincerely.

Debra Edwards, Ph.D.
Director
Special Review and Reregistration Division

# Exhibit 3

# Mar. 7, 2007 Letter from Kenneth Weinstein

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200  Fax: (202) 637-2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| Barcelona | New Jersey |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

March 7, 2007

The Honorable Stephen L. Johnson
Administrator
United States Environmental Protection Agency
Mail Code 1101A
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

Re:    <u>FMC Corporation Petition for Rulemaking to Amend 40 C.F.R. § 164.80(b)</u>
       <u>"Burden of Proof" Regulation</u>

Dear Mr. Johnson:

This is a follow-up to the rulemaking petition submitted on behalf of FMC Corporation ("FMC"), on November 7, 2006, to amend the "burden of proof" regulation at 40 C.F.R. § 164.80(b). This regulation governs the burden of persuasion that applies in adjudicatory hearings before an Administrative Law Judge in response to a notice of the Administrator's intent, under the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), to cancel the registration of a pesticide. As explained in detail in FMC's petition (a copy of which is attached), by placing the burden of persuasion on the registrant rather than EPA, 40 C.F.R. § 160.80(b) directly contravenes governing provisions of the Administrative Procedure Act as construed by the Supreme Court in *Office of Workers' Compensation Programs, Department of Labor v. Greenwich Collieries*, 512 U.S. 267 (1994). The petition therefore requests that EPA promptly amend the regulation to conform with the law.

At our request, Acting General Counsel Roger Martella and several other officials from EPA's Office of General Counsel met with us on February 6, 2007, to discuss the pending petition. We appreciated this opportunity to explain the basis for our petition and the reasons for its urgency. Although the Agency representatives with whom we met did not express any official EPA position on the petition, Mr. Martella did indicate that EPA would let us know within a week or two when the Agency would respond to the petition.

Apart from this meeting, FMC has received no response to its petition in the four months since it was submitted, nor have we heard back from EPA with respect to when it expects to respond. We therefore reiterate our request that EPA proceed immediately to initiate a

LATHAM&WATKINS⊔ᴾ

rulemaking to amend the regulation. The petition raises a straightforward question of law that does not require extended analysis to address. There is urgency to the rulemaking from FMC's perspective, given that on August 3, 2006, EPA issued an Interim Reregistration Eligibility Determination announcing the Agency's determination that all uses of carbofuran, a pesticide manufactured by FMC, are "not eligible for reregistration" under FIFRA and proposing to "cancel all uses of carbofuran." In the event EPA proceeds to issue a Notice of Intent to Cancel carbofuran's registration, FMC will seek review of that decision in an adjudicatory hearing under 40 C.F.R. Part 164. If such a hearing is required, it is critical that the Administrative Law Judge, and ultimately the Administrator, apply the proper burden of persuasion mandated by law.

In the February 6, 2007 meeting, EPA's representatives asked us to comment on a preamble to a 1996 final rule in which EPA rejected the position of a commenter who asserted that 40 C.F.R. § 164.80 was invalid in light of the Supreme Court's decision in *Greenwich Collieries*. *See Revocation of Pesticide Food Additive Regulations*, 61 Fed. Reg. 39,528, 39,535 (July 29, 1996). We have reviewed the discussion in question, and it does not in any way alter our view that FMC's petition is correct and that 40 C.F.R. § 164.80(b) is unlawful and must be amended. In the preamble, EPA takes the position that "both the FFDCA and FIFRA clearly allocate the burden of persuasion to the proponent of the registration or the tolerance." *Id.* While FMC agrees that when applying for a registration or tolerance the registrant is the proponent of an order to establish the registration or tolerance and therefore bears the burden of persuasion, that is not the case when EPA seeks to cancel a registration. When EPA convenes a cancellation proceeding under Section 6(b)(2) of FIFRA, it is EPA who is the "Petitioner" – *i.e.*, the proponent of the order cancelling the registration. As such, it is EPA who bears the burden of persuasion in such a proceeding. EPA points to no specific language in FIFRA or the FFDCA which explicitly states that the burden of persuasion rests with the registrant in a cancellation or revocation proceeding; and in fact, there is no such language. The Administrative Procedure Act is quite clear in stating that the proponent of the order (in this case, an order cancelling the registration or tolerance) bears the burden of persuasion "except as otherwise provided by statute." Neither FIFRA nor the FFDCA "otherwise provides" that the registrant bear the burden of persuasion in a proceeding to cancel a registration or tolerance.

In any event, the fact that EPA has already taken a position on this issue, and that it did so in responding to a comment on a proposed rule, merely highlights that FMC's petition raises a narrow, pure question of law such that the Agency can and should respond expeditiously to this petition. Additionally, we note that in other instances EPA has published notice of, and has solicited comment on, petitions to amend EPA rules. *See, e.g.*, Petition to Amend FIFRA Section 25(b); Notice of Availability; Reopening of Comment Period, 71 Fed. Reg. 70,764 (Dec. 6, 2006). There is no reason that EPA cannot act quickly to amend the burden of proof regulation as well.

Given the severe prejudice that FMC will suffer if the current unlawful regulation is not amended prior to initiation of cancellation proceedings, and the fact that FMC's petition presents a straightforward, narrow, and pure question of law, we believe that further delay on EPA's part in initiating rulemaking and responding to the petition would be unreasonable – particularly if EPA intends to issue a Notice of Intent to Cancel carbofuran's registration. If EPA does not

The Honorable Stephen L. Johnson
March 7, 2007
Page 3

**LATHAM&WATKINS**LLP

respond promptly to FMC's petition, FMC may be forced to take legal action to compel the Agency to do so.

Furthermore, we emphasize that FMC's petition is expressly and unambiguously framed as a request that EPA act expeditiously to correct the regulation *before* the Agency initiates any cancellation proceedings against carbofuran. To initiate such proceedings without first having responded to the petition would be effectively to deny it. Accordingly, in the event EPA issues a Notice of Intent to Cancel carbofuran's registration without first having responded to FMC's petition on the merits, FMC will deem EPA by that action to have denied the petition on the merits and will seek appropriate legal recourse.

In closing, we reiterate our request that EPA respond immediately to FMC's petition to amend 40 C.F.R. § 164.80(b) so as to comply with the Administrative Procedure Act and governing Supreme Court precedent. Please contact us at 202-637-2200 if you wish to discuss this matter further.

Respectfully,

Kenneth W. Weinstein
Claudia M. O'Brien
of LATHAM & WATKINS LLP
*Counsel to FMC Corporation*

Attachment

cc:     James B. Gulliford
        Assistant Administrator
        Office of Pesticides, Prevention & Toxic Substances

        Roger R. Martella
        Acting General Counsel

DC\944765.4

# Exhibit 4

# Apr. 3, 2007 Letter from Roger Martella



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

APR 3 2007

OFFICE OF
GENERAL COUNSEL

Kenneth W. Weinstein, Esq.
Claudia M. O'Brien, Esq.
Latham & Watkins LLP
555 Eleventh Street N.W., Suite 1000
Washington DC 20004-1304

Re: November 7, 2006 Petition for Rulemaking on Behalf of FMC Corporation

Dear Mr. Weinstein and Ms. O'Brien:

  This letter responds to your November 7, 2006 petition and March 7, 2007 follow-up letter, requesting EPA to initiate rulemaking to amend the regulation at 40 C.F.R. § 164.80(b), entitled "Order of Proceeding and Burden of Proof." As you note in your petition, this regulation governs the burden of proof an Administrative Law Judge is to apply in adjudicatory hearings in response to a notice of the Administrator's intent to cancel the registration of a pesticide pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The basis for your request is an allegation that the regulation is inconsistent with a 1994 Supreme Court case, *Director, Office of Workers' Compensation Programs v Greenwich Collieries*, 512 U.S. 267, 275-276 (1994). For the reasons set forth below, EPA declines to reconsider this issue, and has, therefore, denied your petition.

  It is well settled that agencies have broad discretionary powers to promulgate (or not promulgate) rules. *See, Hadson Gas Systems v. FERC*, 75 F.3d 680, 684 (D.C. Cir. 1996); *American Horse Protection Association v. Lyng*, 812 F.2d 1, 5 (D.C. Cir. 1987); *Arkansas Power & Light Co. v. ICC*, 725 F.2d 716, 723 (D.C. Cir. 1984). Consequently, an agency's determination with respect to whether to initiate rulemaking in response to such a petition is subject to judicial review of "extremely limited, highly deferential scope." *National Mining Association v. US DOI*, 70 F.3d 1345, 1352-53 (D.C. Cir. 2003) (*quoting National Customs Broker & Forwarders v. United States*, 883 F2.d 93, 96 (D.C. Cir. 1989)). Therefore, EPA's decision not to reconsider this issue is clearly within its discretion.

  Contrary to your assertion that EPA "has not previously had occasion to review the provision for consistency with current law,"[1] the Agency has previously addressed the significance of the Supreme Court case you cite in relation to FIFRA's burden of proof. *See*, 61 Fed. Reg. 39,528, 39,534-535 (July 29, 1996). As explained in that notice,

    EPA disagrees that section 7(c) of the Administrative Procedures Act (APA) governs the allocation of the burden of proof in food additive hearings. EPA believes that both the FFDCA and FIFRA clearly allocate the burden of persuasion to the proponent of the registration or the tolerance. Consequently,

---
[1]

  Cover letter to petition from Latham & Watkins, p. 1.

2

EPA also disagrees that the holding in *Greenwich Collieries* has implicitly shifted the ultimate burdens of proof and persuasion in a hearing under either the FFDCA or FIFRA, from the proponents of a tolerance or registration.
.....

As both statutes place the burden squarely on the proponent of registration and of permitting pesticide residues, of demonstrating that the pesticide product and its residues meet the statutory requirements, both the FFDCA and FIFRA fall within the exception specified in section 7(c).

The legislative histories of both statutes clearly demonstrate that Congress intended to place the burden of demonstrating the safety of the product on the proponents of a registration or a tolerance. *e.g.*, H.R. Rep. No. 1125, 88th Cong., 1st Sess., 2 (1964); H.R. Rep. No. 1385, 83d Cong., 2d Sess., 5 (1954); S. Rep. No. 1635, 83d Cong. 2d Sess., 4 (1954). Case law also supports EPA's interpretation that section 7(c) of the APA does not apply to FIFRA or the FFDCA. *e.g.*, *Environmental Defense Fund v. EPA*, 548 F.2d 1012, 1015 (D.C. Cir. 1976)(Supplemental Opinion on Petition for Rehearing)("We hold that in light of the legislative history of FIFRA, and the numerous cases holding that its 1964 amendment was specifically intended to shift the burden of proof from the Secretary to the registrant, this case is one where the allocation of the burden of proof is, in the language of the APA, 'otherwise provided by statute'");...

*Id.* at 39,535.

Your petition does not raise any new factual information that the Agency has not previously considered or that alters any significant factual predicate on which the prior decision rests. Although you cite to more recent case law, *National Mining Association v. DOI*, 251 F.3d 1007 (D.C. Cir. 2001), that case does not specifically address FIFRA. Nor does that case raise new points of law that fundamentally alter the basis on which EPA's previous determination rested.[2] Indeed, EPA believes that its previously articulated interpretation of the impact of *Greenwich Collieries* on FIFRA's burden of proof is consistent with the decision and reasoning articulated in *National Mining Association.*

Finally, in your recent letter of March 7, 2007, you appear to argue that the explanation in EPA's prior *Federal Register* notice fails to address your petition, alleging that the burden of proof applicable to an applicant for registration or tolerance differs from the burden of proof applicable in a cancellation hearing.[3] EPA was clear in its previous notice that the Agency had

---

[2]     Your petition also argues that the APA's burden of proof standard must be applied unless another statute expressly preempts the APA's standard. In this matter, you argue that FIFRA does not contain such an explicit preemption of the APA. This argument is incorrect. *See*, *Environmental Defense Fund*, 548 F.2d at 1015. Although you imply that *National Mining Association* stands for the proposition that legislative history is not relevant in determining whether a statute falls within the exception to the APA, neither the D.C. Circuit in this case, nor the Supreme Court in *Greenwich Collieries*, addressed that specific issue. Nor, as you allege, did the Third Circuit in *Greenwich Collieries* reach any general holding on the role that legislative history may play in evaluating this issue. *See*, 990 F.2d 730, 735, n.5 (3rd Cir. 1993).

[3]     March 7, 2007 letter from Latham & Watkins, p. 2.

3

analyzed the issue both in the context of applications for registration or a tolerance, and in the context of a FIFRA cancellation or FFDCA tolerance revocation. 61 Fed. Reg. at 39,535. Moreover, it is clear from the legislative history cited in the notice above, that Congress intended its legislative change to the burden of proof to be equally applicable to both registration and cancellation proceedings:

> The principal effect of registration under protest is to shift the burden of proof from the registrant to the Government. If the product is not registered, the penalty or seizure provisions can be applied on that ground. If it is registered under protest, the Government has the burden of proving that the product does not comply with the law. Thus, at present, the Secretary can be required to register a product even though he is convinced that it is ineffective and dangerous to human life. *He can proceed against it in such cases only after it has moved in interstate commerce, and he then has the burden of proving that it violates the law. The bill would correct this situation* and afford greater protection to the public by repealing the authority for registration under protest. In its place, the bill provides that applicants dissatisfied with the Secretary's action in *refusing or canceling registration* may have recourse to advisory committee proceedings, public hearings, and eventually judicial review.")(emphasis added).

H.R. Rep. No. 1125, 88th Cong., 1st Sess., 2 (1964). Both the language and structure of FIFRA mirror this intent.

EPA, therefore, declines to reconsider, or otherwise reopen, this issue. Accordingly, your petition for rulemaking is denied.

Sincerely,

Roger R. Martella, Jr.
General Counsel

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

FMC Corporation

## DEFENDANTS

United States Environmental Protection Agency, and Stephen L. Johnson, Administrator

**(b)** County of Residence of First Listed Plaintiff  **State of Delaware**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 202-637-2200
Abid Qureshi, Latham & Watkins LLP
555 11th St., NW, Ste 1000, Wash, DC  20004

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☒  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 U.S.C. 702, 28 U.S.C. 2201
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE _____     DOCKET NUMBER _____

DATE  8-16-07

SIGNATURE OF ATTORNEY OF RECORD  *Abid R. Qureshi*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

```
Court Name: EASTERN DISTRICT OF VIRGINIA
Division: 1
Receipt Number: 100002996
Cashier ID: rbroaden
Transaction Date: 08/16/2007
Payer Name: LATHAM WATKINS
-----------------------------------
CIVIL FILING FEE
 For: LATHAM WATKINS
 Amount:       $350.00
-----------------------------------
CHECK
 Remitter: LATHAM WATKINS
 Check/Money Order Num: 324307
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

FILING FEE NEW  SUIT
107CV819
```