IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| FMC CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | CIVIL ACTION NO.1:07CV819 |
| PROTECTION AGENCY, and | ) | GBL/BRP |
| STEPHEN L. JOHNSON, | ) | |
| Administrator | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER**

The United States of America answers plaintiff's Complaint as follows:

1.  The allegations in ¶ 1 of the Complaint constitute plaintiff's characterization of its lawsuit, which requires no response.

2.  The allegations in the first sentence of ¶ 2 characterize unnamed federal statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations in the first sentence of ¶ 2 constitute conclusions of law, no response is required. The allegations in the remainder of ¶ 2 constitute conclusions of law, to which no response is required.

3.  Defendants admit that plaintiff FMC is the registrant of Furadan® 4F, which contains the active ingredient carbofuran. Defendants admit that EPA first approved the use of

carbofuran in 1969. To the extent that the remaining allegations in the first sentence of ¶ 3 characterize EPA approvals of Furadan® 4F applications, the EPA approvals speak for themselves and are the best evidence of their contents. The allegations in the second sentence characterize the properties of the product manufactured by the plaintiff. EPA has conducted extensive analyses of the efficacy and properties of the product, as reflected in the Interim Reregistration Eligibility Decision (IRED) referenced in plaintiff's complaint. These analyses speak for themselves and are the best evidence of their contents. The allegations in the third sentence of ¶ 3 purport to characterize a document that speaks for itself and is the best evidence of its contents. The allegations in the fourth and fifth sentences of ¶ 3 constitute characterizations of the referenced statutory and regulatory provisions, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in the fourth and fifth sentences of ¶ 3 constitute conclusions of law, no response is required.

4. The allegations in the first sentence of ¶ 4 characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of ¶ 4 characterize the referenced Supreme Court decision, which speaks for itself and is the best evidence of its contents. The allegations in the third and fourth sentences of ¶ 4 characterize the referenced regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in these sentences constitute conclusions of law, no response is required.

5. Defendants admit that plaintiff submitted a petition for rulemaking dated November 7, 2006. To the extent that the allegations in the first sentence of ¶ 5 characterize plaintiff's rulemaking petition, the rulemaking petition speaks for itself and is the best evidence

of its contents. Defendants admit that EPA denied plaintiff's rulemaking petition but deny that this occurred in March 2007. Defendants further aver that the letter denying plaintiff's petition is dated April 3, 2007. The allegations in the first portion of the third sentence of ¶ 5 purport to characterize the IRED referenced in plaintiff's Complaint, which speaks for itself and is the best evidence of its contents. The allegations in the second portion of the third sentence in ¶ 5 relate to events that may or may not take place at some future time. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations. The allegation in the fourth sentence of ¶ 5 characterizes EPA's website, which speaks for itself and is the best evidence of its contents. The allegations in the fifth sentence of ¶ 5 constitute conclusions of law, to which no response is required.

  6.  The allegations in the first two sentences of ¶ 6 constitute conclusions of law, to which no response is required. The allegations in the third sentence of ¶ 6 constitute plaintiff's characterization of its lawsuit, which requires no response. To the extent the allegations in the third sentence of ¶ 6 constitute conclusions of law, no response is required.

  7.  The allegation in ¶ 7 constitutes a conclusion of law to which no response is required.

  8.  The allegation in ¶ 8 constitutes a conclusion of law to which no response is required.

  9.  Defendants admit that FMC is the registrant of Furadan 4F and other carbofuran products. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in ¶ 9.

  10.  The allegations in the first sentence of ¶ 10 constitute conclusions of law, to

which no response is required. Defendants admit that Stephen L. Johnson is the Administrator of EPA. The allegation in the remainder of the second sentence of ¶ 10 constitutes plaintiff's characterization of its lawsuit, which requires no response. Defendants admit the allegations in the third sentence of ¶ 10.

      11.      The allegations in ¶ 11 constitute conclusions of law, to which no response is required.

      12.      The allegations in ¶ 12 constitute conclusions of law, to which no response is required.

      13.      The allegations in ¶ 13 constitute conclusions of law, to which no response is required.

      14.      The allegations in ¶ 14 constitute conclusions of law, to which no response is required.

      15.      Defendants admit that EPA promulgated the referenced regulations in 1973. The remaining allegations in ¶ 15 characterize the referenced regulations, which speak for themselves and are the best evidence of their contents. To the extent that these allegations constitute conclusions of law, no response is required.

      16.      The allegations in ¶ 16 characterize the referenced regulations, which speak for themselves and are the best evidence of their contents. To the extent that these allegations constitute conclusions of law, no response is required.

      17.      The allegations in ¶ 17 characterize the referenced regulations, which speak for themselves and are the best evidence of their contents. To the extent that these allegations constitute conclusions of law, no response is required.

18.     The allegations in ¶ 18 characterize the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) and the referenced regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in ¶ 18 constitute conclusions of law, no response is required.

19.     The allegations in ¶ 19 characterize FIFRA and the referenced regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in ¶ 19 constitute conclusions of law, no response is required.

20.     Defendants admit the allegations in ¶ 20.

21.     The allegations in ¶ 21 characterize the legislative history of FIFRA, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 21 constitute conclusions of law, no response is required.

22.     Defendants admit that EPA issued an IRED for carbofuran on August 30, 2006. The remaining allegations in ¶ 22 constitute characterizations of the IRED document, which speaks for itself and is the best evidence of its contents.

23.     The allegations in ¶ 23 purport to quote from a document that plaintiff included as an exhibit to the Complaint. The document speaks for itself and is the best evidence of its contents. Defendants further aver that this document is outside of the administrative record for the decision challenged in this lawsuit.

24.     Defendants admit that FMC submitted a "Petition for Amendment to Rule" dated November 7, 2006. The allegations in the first two sentences of ¶ 24 characterize the petition, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the first two sentences of ¶ 24 constitute conclusions of law, no response is required. The

remaining allegations in ¶ 24 constitute conclusions of law, to which no response is required.

25. Defendants admit that a meeting took place on February 6, 2007, and that this meeting was attended by EPA's then-Acting General Counsel Roger Martella, other personnel from the EPA Office of General Counsel, and counsel for FMC. Defendants further admit that the EPA representatives present at the meeting did not express any official EPA position on plaintiff's petition to amend the EPA regulations. Defendants admit that the referenced Federal Register notice was discussed during the meeting. The remaining allegations in ¶ 25 characterize a Federal Register notice, 61 Fed. Reg. 39,528 (July 29, 1996), which speaks for itself and is the best evidence of its contents. To the extent that the allegations in ¶ 25 constitute conclusions of law, no response is required.

26. Defendants admit that FMC sent a letter dated March 7, 2007 to EPA. The allegations in the second and third sentences of ¶ 26 characterize the March 7, 2007 letter, which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence of ¶ 26 constitute conclusions of law, to which no response is required.

27. Defendants admit that EPA sent a letter dated April 3, 2007 to FMC's counsel. The second and third sentences in ¶ 27 purport to quote the April 3, 2007 letter, which speaks for itself and is the best evidence of its contents. The allegations in the fourth and fifth sentences of ¶ 27 characterize the April 3, 2007 letter, which speaks for itself and is the best evidence of its contents. The allegations in the seventh, eighth, ninth, and tenth sentences of ¶ 27 characterize the legislative history of FIFRA, which speaks for itself and is the best evidence of its contents. The remaining allegations in ¶ 27 constitute conclusions of law, to which no response is required.

28. The allegations in the first sentence of ¶ 28 characterize the August 2006 IRED

and EPA's website, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of ¶ 28 characterize the requirements of FIFRA, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the second sentence of ¶ 28 constitute conclusions of law, no response is required.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶ 29. The allegations in the second sentence of ¶ 29 relate to events that may or may not take place at some future time. Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of ¶ 29.

30. In answer to ¶ 30, Defendants incorporate their foregoing responses.

31. The allegations in ¶ 31 constitute conclusions of law, to which no response is required.

32. The allegations in the first sentence of ¶ 32 purport to quote the APA, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in the first sentence of ¶ 32 constitute conclusions of law, no response is required. The remaining allegations in ¶ 32 constitute conclusions of law, to which no response is required.

33. The allegations in ¶ 33 constitute conclusions of law, to which no response is required.

34. The allegations in ¶ 34 constitute conclusions of law, to which no response is required.

35. The allegations in ¶ 35 constitute conclusions of law, to which no response is required.

36. In answer to ¶ 36, Defendant incorporates its foregoing responses.

37. The allegations in ¶ 37 constitute conclusions of law, to which no response is required.

38. The allegations in the first sentence of ¶ 38 constitute conclusions of law, to which no response is required. The allegations in the second sentence of ¶ 38 constitute conclusions of law and characterizations of plaintiff's lawsuit, to which no response is required.

39. The allegations in ¶ 39 constitute characterizations of plaintiff's lawsuit, to which no response is required.

40. The allegations in ¶ 40 constitute characterizations of plaintiff's lawsuit, to which no response is required.

The remaining paragraphs are a prayer for relief, to which no response is required, but insofar as a response is required, Defendants deny that plaintiff is entitled to the relief requested.

## GENERAL DENIAL

To the extent any allegation of plaintiff's Complaint has not been admitted or specifically responded to, Defendants deny such allegation.

## DEFENSES

1. The plaintiffs lack standing to bring some or all of the claims raised in the Complaint.

2. Some or all of the claims raised in the Complaint are not yet ripe for judicial review.

3. Some of plaintiff's claims fail to state a claim upon which relief may be granted.

4.   Some or all of plaintiff's claims are barred by the applicable statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that this Court deny each and every prayer for relief requested in plaintiff's Complaint and dismiss this action with prejudice, that judgment be entered against the plaintiff and for the Defendants, that Defendants be awarded its costs in this action, and that the Court grant such other and further relief as may be appropriate.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

CHUCK ROSENBERG
United States Attorney

MONICA DERBES GIBSON (VSB No. 36373)
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-0135
Facsimile: (202) 514-8865
E-mail: monica.gibson@usdoj.gov

__/s/_____
LAUREN A. WETZLER
Assistant United States Attorney
Justin W. Williams United States Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov

Attorneys for All Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2007, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Abid R. Qureshi
>LATHAM & WATKINS LLP
>555 Eleventh St., NW, Suite 1000
>Washington, DC 20004-1304
>abid.qureshi@lw.com

>__/s/_____
>Lauren A. Wetzler
>Assistant United States Attorney
>Attorney for All Defendants
>Justin W. Williams United States Attorney's Building
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>Tel: (703) 299-3752
>Fax: (703) 299-3983
>Lauren.Wetzler@usdoj.gov