UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| FMC Corporation, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1: 07cv0819 |
| United States Environmental Protection, | ) | GBL-BRP |
| Agency, and Stephen L. Johnson, | ) | |
| Administrator, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |
| Natural Resources Defense Council, Inc., | ) | |
| | ) | |
| *Proposed Defendant-Intervenor.* | ) | |
| | ) | |

**MOTION OF THE NATURAL RESOURCES DEFENSE COUNCIL, INC.
TO INTERVENE AS A DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 24 ("Rule 24"), the Natural

Resources Defense Council, Inc. ("NRDC") moves to intervene as a defendant in this

case.  In accordance with Rule 24(c), a copy of NRDC's proposed answer is attached and

tendered for filing.

As explained in the supporting Brief filed with this Motion, NRDC is entitled to

intervene as of right pursuant to Rule 24(a) because NRDC and its members have legally

protected interests in safeguarding the human health and environment of NRDC

members, their families, and their communities from dangerous pesticides.  The burden

placed on pesticide registrants under the Federal Insecticide, Fungicide, and Rodenticide

Act ("FIFRA") to demonstrate the safety of their products at all stages of FIFRA's

administrative process implicates those interests, which would be significantly impaired

by the relief requested by Plaintiff FMC Corporation ("FMC"). NRDC must intervene to ensure that its interests and the interests of its members are adequately represented in this proceeding. Because this case is still in its initial stage, this motion is timely, and NRDC's intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

In the alternative, NRDC should be permitted to intervene pursuant to Rule 24(b) because NRDC's defense of FIFRA's allocation of the burden of persuasion in cancellation proceedings to pesticide registrants presents questions of law and fact common to the main action. In addition, as noted above, NRDC's motion is timely, and intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

NRDC's counsel has contacted counsel for both parties to ascertain their response to this motion. Defendants support NRDC's intervention. Plaintiff declined to express either support or opposition.

Therefore, NRDC requests that the Court grant this motion to intervene as a defendant in this case and accept for filing NRDC's answer to the complaint.

Dated: October 5, 2007

Respectfully submitted,

 /s/ John F. Mardula
John F. Mardula, VSB No. 15606
Roberts Mardula & Wertheim, LLC
11800 Sunrise Valley Drive, Suite 1000
Reston, Virginia  20191-5302
(703) 391-2900 - Telephone
(703) 391-2901 - Facsimile
JMardula@Globe-IP.com

Of Counsel:

Mae C Wu
Nancy S. Marks
Thomas Cmar
Natural Resources Defense Council
1200 New York Ave., N.W.
Washington, DC  20005
(202) 289-6868 - Telephone
(202) 289-1060 – Facsimile
mwu@nrdc.org
nmarks@nrdc.org
tcmar@nrdc.org

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| FMC Corporation, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1: 07cv0819 |
| United States Environmental Protection, | ) | GBL-BRP |
| Agency, and Stephen L. Johnson, | ) | |
| Administrator, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |
| Natural Resources Defense Council, Inc., | ) | |
| | ) | |
| *Proposed Defendant-Intervenor.* | ) | |
| | ) | |

**BRIEF IN SUPPORT OF THE MOTION
OF THE NATURAL RESOURCES DEFENSE COUNCIL, INC.
<u>TO INTERVENE AS A DEFENDANT</u>**

**<u>INTRODUCTION</u>**

Pursuant to Federal Rule of Civil Procedure 24(a), NRDC moves to intervene as a matter

of right as a defendant in this action challenging the validity of 40 C.F.R. § 164.80, the EPA

regulation that specifies the burden of persuasion in cancellation hearings under the Federal

Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136d.  In the alternative,

NRDC moves for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

Defendants support NRDC's intervention in this proceeding.  Plaintiff declined to express either

support or opposition.

NRDC meets the test for intervention as of right under Rule 24(a).  This motion for intervention is timely, as it is being filed only two days after the Defendants' response to the complaint and less than sixty days after the complaint was filed.  NRDC and its members have a legally cognizable interest in defending FIFRA's allocation of the burden of persuasion to pesticide registrants in a cancellation hearing, in order to safeguard its members' interests in protecting human health and the environment from dangerous pesticides.  Plaintiff's lawsuit threatens to impair that interest and to expose NRDC's members to dangerous pesticides.  Lastly, because EPA must represent and balance competing interests, and is subject to shifting political winds, the Agency may not adequately represent the interests of NRDC and its members in these proceedings.

In the alternative, NRDC should be permitted to intervene under Rule 24(b), as its defense of the EPA regulation presents questions of law and fact common to the main action.

## STATUTORY AND REGULATORY BACKGROUND

FIFRA requires that pesticides must be registered to be sold in the United States.  7 U.S.C. § 136a.  EPA may not register a pesticide unless the chemical will perform its intended function without causing any "unreasonable adverse effects on the environment."  *Id.* § 136a(c)(5)(C).  An applicant for registration must support its application with a detailed statement, supported by data, of the pesticide's costs, benefits, and potential environmental risks. *Id.* § 136a(c)(1)-(2).

Pesticides that were first registered prior to November 1, 1984, have to be reregistered. *Id.* § 136a-1.  To support reregistration, the registrant must submit current data equivalent to the submissions supporting the initial application for registration.  *See id.* § 136a-1(d)(3), 136a-1(e)(1).  EPA must identify any gaps in existing data on the pesticide, and then reevaluate its

costs, benefits, and potential risks under the same standards applied to the pesticide's initial

registration. *Id.* § 136a-1(f)-(g). If EPA determines that a pesticide is ineligible for

reregistration, it "shall take appropriate regulatory action," including initiating cancellation

proceedings. *Id.* § 136a-1(g)(2)(D)(i).

       If, at any time, EPA determines that a registered pesticide, "when used in accordance

with widespread and commonly recognized practice, generally causes unreasonable adverse

effects on the environment," EPA may initiate proceedings to cancel that pesticide's registration.

*Id.* § 136d(b). If EPA does not schedule a hearing before an administrative law judge ("ALJ")

on the cancellation determination, any "person adversely affected" may request one. *Id.*

§ 136d(b), (d). FIFRA provides that, at the hearing, the ALJ has the power to issue subpoenas to

compel testimony and production of documents and to refer issues of scientific fact to a National

Academy of Sciences Panel. *Id.* § 136d(d).

       Other procedures for the hearing are established by EPA regulations, promulgated in

1973, that are set forth in 40 C.F.R. pt. 164. Section 164.80 of those regulations states that while

"the proponent of cancellation [EPA] has the burden of going forward to present an affirmative

case for the cancellation . . . the ultimate burden of persuasion shall rest with the proponent of

registration [the registrant]." 40 C.F.R. § 164.80(a)-(b).

## FACTUAL AND PROCEDURAL BACKGROUND

       Carbofuran is a broad spectrum N-methyl carbamate insecticide and nematicide

registered for control of soil and foliar pests on a variety of field, fruit, and vegetable crops. It

was first registered in the United States in 1969. In August 2006, EPA issued an Interim

Reregistration Eligibility Decision ("IRED"), which found all carbofuran products ineligible for

reregistration and proposed cancellation of all domestic uses. *See* Carbofuran: Interim

Reregistration Eligibility Decision: Notice of Availability, 71 Fed. Reg. 51,610 (Aug. 30, 2006). The N-methyl carbamate cumulative risk assessment, released September 26, 2007, finalized the carbofuran IRED.  *See* N-methyl Carbamate Revised Cumulative Risk Assessment: Notice of Availability, 72 Fed. Reg. 54,656 (Sept. 26, 2007).  The issuance of the IRED is the first step in the cancellation process, leading to the convening of a special scientific review panel and the possible publication of a Notice of Intent to Cancel (NOIC).  *See* 7 U.S.C. §§ 136a-1(g)(2)(D), 136d(b), 136w(d).

FMC alleges in its complaint that, as carbofuran's manufacturer and registrant, it intends to request a hearing if EPA publishes a NOIC for carbofuran.  (Compl. ¶ 29.)  In anticipation of that hearing, FMC petitioned EPA to initiate rulemaking and amend the burden of persuasion regulation at 40 C.F.R. § 164.80 to place the burden of persuasion on the Agency rather than the registrant.  (*Id.* ¶¶ 24-27.)  EPA denied FMC's petition on April 3, 2007, making clear that it was declining to reopen consideration of the regulation because the petition did not present any factual information or legal arguments that the agency had not previously considered in a 1996 rulemaking proceeding.  *See* Revocation of Pesticide Food Additive Regulations, 61 Fed. Reg. 39,528, 39,535 (July 29, 1996) (finding that FIFRA allocates the burden of persuasion in administrative proceedings on the pesticide manufacturer at all stages of the regulatory process).

On August 16, 2007, FMC filed suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, seeking an order to set aside EPA's denial of its petition, to declare the regulation unlawful, and to enjoin EPA from applying it in any cancellation hearing for carbofuran.  (Compl. ¶¶ 30-40.)

Because this litigation may impair or impede its rights and interests, NRDC files this motion to intervene.

## ARGUMENT

**I.    NRDC SHOULD BE PERMITTED TO INTERVENE AS OF RIGHT.**

Federal Rule of Civil Procedure 24(a) provides in pertinent part that:

> Upon timely application anyone shall be permitted to intervene in an action . . .
> when the applicant claims an interest relating to the property or transaction which
> is the subject of the action and the applicant is so situated that the disposition of
> the action may as a practical matter impair or impede the applicant's ability to
> protect that interest, unless the applicant's interest is adequately represented by
> existing parties.

The Fourth Circuit considers timeliness as a threshold question, then looks to three additional

factors: "interest, impairment of interest and inadequate representation." *Gould v. Alleco, Inc.*,

883 F.2d 281, 284 (4th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990); *see also United Guar.*

*Res. Ins. Co. v. Phila. Sav. Fund*, 819 F.2d 473, 474 (4th Cir. 1987); *U.S. Fid. & Guar. Co. v.*

*Houska*, 184 B.R. 494, 507 (E.D. Va. 1995), *aff'd in part, rev'd in part on other grounds sub*

*nom. Am. Bankers Ins. Co. of Fla. v. Maness*, 101 F.3d 358 (4th Cir. 1996).  Because NRDC

meets all four parts of the test for intervention, the Court should grant this motion.

**A.    NRDC's Motion to Intervene is Timely.**

The Fourth Circuit affords considerable discretion to the district courts in evaluating

timeliness, but it has noted that, in analyzing timeliness, district courts should consider "how far

the suit has progressed, the prejudice which delay might cause other parties, and the reason for

the tardiness in moving to intervene," *Gould v. Alleco*, 883 F.2d at 286; *see also Brink v.*

*DaLesio*, 667 F.2d 420, 428 (4th Cir. 1981).

In this case, EPA's answer was filed two days ago, and FMC filed a motion for judgment

on the pleadings yesterday.  Given that the suit has not progressed past the initial stages, there

will be no prejudice to the parties.  Because this motion to intervene is not tardy, but in fact is

filed just two days after EPA's answer and ten days before the expiration of Federal Rule of

Civil Procedure 12(a)(3)'s default sixty-day period for a United States Government defendant to respond, the third factor is not significant. Thus, under all three factors considered relevant by the Fourth Circuit, this motion to intervene is timely.

**B.    NRDC Has a Legally Protected Interest in the Subject Matter of This Action.**

NRDC is a national, non-profit, environmental organization with more than a half-million members. NRDC's certificate of incorporation states that one of NRDC's purposes is "[t]o preserve, protect and defend natural resources, wildlife and the environment against encroachment, misuse and destruction" and "[t]o take whatever legal steps may be appropriate and proper to carry out" those purposes. When an individual becomes a member of NRDC, that individual authorizes NRDC to take legal action on his or her behalf to protect human health and the environment.

NRDC members have a legally cognizable interest in preserving the FIFRA cancellation process as a legal mechanism to protect human health and the environment from unreasonably dangerous pesticides. The relief requested by FMC – shifting the burden of persuasion in cancellation proceedings from pesticide registrants to EPA – would require significant additional expenditures of EPA resources to cancel registrations, deterring the agency from undertaking that process even if the Administrator believed that a pesticide was causing unreasonable adverse effects. By reducing the chance that these dangerous pesticides would be taken off the market, this change would expose NRDC members to an unreasonable and continuing risk of harm from the adverse effects of those pesticides, including carbofuran manufactured by FMC.

In addition, as an organization, NRDC has a legally cognizable interest in this case. NRDC has been actively and publicly advocating against the reregistration of carbofuran and will continue to do so. For example, NRDC commented on the underlying human health risk

assessments, explained that the registrant did not meet its burden of showing that the toxic

chemical does not pose an unreasonable risk of adverse effects, identified shortcomings in the

analyses in the administrative record, and supported EPA's decision to cancel the carbofuran

registration.  *See, e.g.*, *Reregistration of Carbofuran*, Docket No. EPA-HQ-OPP-2005-0162,

Doc. 0194.1 (May 22, 2006) & Doc. 0385.1 (Nov. 20, 2006), *available at*

http://www.regulations.gov.  NRDC will likely intervene in any cancellation proceeding for

carbofuran to ensure that its members' interests were adequately represented there.  If the burden

of persuasion were on EPA instead of FMC, NRDC would be compelled to expend additional

resources, including hiring its own experts to testify in support of cancellation.

 The Fourth Circuit considered a similar motion to intervene in *In re Sierra Club,*

*Hazardous Waste Treatment Council v. South Carolina*, 945 F.2d 776 (4th Cir. 1991).  In that

case, hazardous waste incinerators sought injunctive relief to prevent the South Carolina

Department of Health and Environmental Control ("DHEC") from applying one of its

regulations in a "yet to be held" administrative hearing reviewing a permitting decision under the

Resource Conservation and Recovery Act ("RCRA").  *Id.* at 778.  Environmental groups

including Sierra Club contested the permitting decision and were made parties to the

administrative proceeding.  *Id.*

 In acknowledging their right to intervene in a judicial challenge to one of the regulations

governing the administrative hearing, the Fourth Circuit found,

> Sierra Club does have an interest in "the transaction which is the subject of the
> action . . . ."  Sierra Club is a party to the administrative permitting proceedings
> where Regulation 61-99 is involved.  ThermalKEM's suit arises out of the permit
> proceedings and the complaint sought to enjoin the defendants "from applying
> DHEC Regulation 61-99 to the plaintiff's RCRA Part B permit application or to
> any future permitting activity at plaintiff's facility."  Moreover, as "a practical
> matter," enjoining certain sections of Regulation 61-99 in the district court will

impede Sierra Club's ability to protect its interest in the administrative proceeding.

*Id.* at 779 (internal citations omitted).

As was the case in *In re Sierra Club*, FMC's suit arises out of a yet to be held administrative proceeding, and its complaint seeks to enjoin the application of an agency regulation to that proceeding. As explained above, NRDC will seek to intervene in that proceeding to protect its members against the dangers of carbofuran. Thus, NRDC has concrete interests in this proceeding involving carbofuran; NRDC's interests are not limited to those of a general environmental lobbyist. *See id.* at 779 n.8 (allowing intervention because Sierra Club was "not seeking to intervene merely as a lobbyist or because of a speculative future interest" and distinguishing *Keith v. Daley*, 764 F.2d 1265 (7th Cir.), *cert. denied sub. nom. Ill. Pro-Life Coal. v. Keith*, 474 U.S. 980 (1985)). Accordingly, NRDC has a legally protected interest in the subject of this action under Rule 24(a).

### C. Absent Intervention, NRDC's Interests Will Be Significantly Impaired.

Rule 24(a)'s "impairment" requirement concerns whether, as a practical matter, the denial of intervention will impede the prospective intervenor's ability to protect its interests in the subject of the action: "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24(a) advisory committee's note to the 1966 amendments.

As a matter of law, a judgment in FMC's favor in this case would impair NRDC's interests. In *In re Sierra Club*, the plaintiff sought to eliminate a regulation that placed the evidentiary burden on an applicant for a RCRA permit to demonstrate the need for expanding a hazardous waste facility. 946 F.2d at 776, 777. The Fourth Circuit held that removing the

evidentiary burden on applicants would "impede Sierra Club's ability to protect its interest in the administrative proceeding" and allowed Sierra Club to intervene. *Id.* at 779.

Similarly, NRDC seeks to intervene in this case to preserve the EPA regulation that provides that pesticide registrants bear the burden of persuasion in FIFRA cancellation proceedings. As discussed above, an injunction preventing EPA from applying that regulation to FMC in the carbofuran cancellation hearing would impede NRDC's ability to protect its interest in that proceeding and to protect its members from the health hazards of carbofuran. NRDC therefore meets this requirement for intervention as of right under Rule 24(a).

    **D.**    **NRDC's Interests May Not Be Adequately Represented by the Existing Parties.**

Finally, an applicant for intervention as a matter of right must show that its interests may not be adequately represented by the existing parties to the litigation. The burden of demonstrating inadequate representation is "minimal," as the proposed intervenor need not show that the representation of its interests will be inadequate, but only that such representation "may be inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *see also United Guar. Res. Ins. Co.*, 819 F.2d at 475. The Supreme Court has held that, where a party to the suit must serve two distinct interests, which are not identical, a prospective intervenor who serves only one of those interests is entitled to intervene. *Trbovich*, 404 U.S. at 538-39.

In implementing and enforcing FIFRA, EPA, like most government agencies, is charged with serving and balancing multiple interests, separate from protecting human health and the environment. EPA is also subject to changing political winds and directives. Because the government is required to represent the interests of the public in general, a governmental party is often unable to represent adequately the specific interests of an environmental or other advocacy

group.  *See In re Sierra Club*, 945 F.2d at 780 ("South Carolina DHEC, in theory, should

represent all citizens of the state . . . .  Sierra Club, on the other hand, appears to represent only a

subset of citizens concerned with hazardous waste – those who would prefer that few or no new

hazardous waste facilities receive permits."); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d

728, 736-37 (D.C. Cir. 2003) (holding that a federal agency's "taking into account" the interests

of a non-profit advocacy group does not constitute adequate representation, because that "does

not mean giving them the kind of primacy that the [group itself] would give them"); *Utah Ass'n*

*of Counties v. Clinton*, 255 F.3d 1246, 1255-56 (10th Cir. 2001) ("We have here also the familiar

situation in which the governmental agency is seeking to protect not only the interest of the

public but also the private interest of the petitioners in intervention, a task which is on its face

impossible.  The cases correctly hold that this kind of a conflict satisfies the minimal burden of

showing inadequacy of representation.").

     While NRDC and Defendants both seek to uphold the validity of the EPA regulation,

these entities represent different interests.  The Fourth Circuit recognizes that while an

environmental group and a regulatory agency may have similar arguments about the validity of a

regulation, their interests "may diverge at points involving the appropriate disposition" of the

regulation, "the balance of hardships accruing to the parties . . . , and the public interest factor to

be weighed."  *In re Sierra Club*, 945 F.2d at 780.  Similarly, here, both NRDC and EPA support

the burden-of-persuasion regulation at 40 C.F.R. § 164.80, but their interests may diverge on

specific issues and concerns.  Whereas NRDC would provide an unwavering commitment to the

environmental values at stake, EPA must represent multiple constituencies' interests that it must

balance against purely environmental interests.  For example, EPA must take into account

budgetary constraints, regulatory impacts on small businesses, political considerations, and the

costs and benefits of its actions in defending its regulations.  In contrast, NRDC's only concern

in this matter is protecting human health and the environment for its members.  In addition, EPA

is subject to changes inherent in electoral politics, from which NRDC is immune.  As a result,

Defendants may not be able adequately to represent NRDC's environmental interests during the

litigation (or possible settlement) of this case.

      In sum, pursuant to Rule 24(a), NRDC's proposed intervention as of right is appropriate

in this case.

## II.     IN THE ALTERNATIVE TO INTERVENTION AS OF RIGHT, PERMISSIVE INTERVENTION IS WARRANTED.

      Should the Court find that NRDC is not entitled to intervene as of right under Rule 24(a),

NRDC seeks permission to intervene pursuant to Federal Rule of Civil Procedure 24(b).  Rule

24(b)(2) provides that:

> Upon timely application anyone may be permitted to intervene in an action . . .
> when an applicant's claim or defense and the main action have a question of law
> or fact in common. . . .  In exercising its discretion the court shall consider
> whether the intervention will unduly delay or prejudice the adjudication of the
> rights of the original parties.

      NRDC satisfies the standards for permissive intervention.  First, this motion to intervene

is timely, as explained in Section I.A. above.  Second, NRDC's position in support of the EPA

regulation at 40 C.F.R. § 164.80 presents questions of law and fact common to the main action.

Third, there is no evidence that NRDC's intervention would unduly delay or prejudice

adjudication of the rights of the original parties.  NRDC is timely filing this motion and will

comply with all deadlines the Court may set for discovery, briefing, and oral argument.

Defendants consent to NRDC's proposed participation in the case.

      Accordingly, the Court should grant NRDC permissive intervention.

## CONCLUSION

For the reasons set forth above, NRDC respectfully requests that this Court grant its

motion to intervene as of right or, in the alternative, for permissive intervention, and allow

NRDC to participate as a full party in this proceeding.

Dated: October 5, 2007

                                      Respectfully submitted,

                                       /s/ John F. Mardula
                                       John F. Mardula, VSB No. 15606
                                       Roberts Abokhair & Mardula, LLC
                                       11800 Sunrise Valley Drive, Suite 1000
                                       Reston, Virginia  20191-5302
                                       (703) 391-2900 - Telephone
                                       (703) 391-2901 – Facsimile
                                       JMardula@Globe-IP.com

                                       Of Counsel:

                                       Mae C Wu
                                       Nancy S. Marks
                                       Thomas Cmar
                                       Natural Resources Defense Council
                                       1200 New York Ave., N.W.
                                       Washington, DC  20005
                                       (202) 289-6868 - Telephone
                                       (202) 289-1060 – Facsimile
                                       mwu@nrdc.org
                                       nmarks@nrdc.org
                                       tcmar@nrdc.org

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| FMC Corporation, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1: 07cv0819 |
| United States Environmental Protection, | ) | GBL-BRP |
| Agency, and Stephen L. Johnson, | ) | |
| Administrator, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |
| Natural Resources Defense Council, Inc., | ) | |
| | ) | |
| *Proposed Defendant-Intervenor.* | ) | |
| | ) | |

**PROPOSED ANSWER TO COMPLAINT OF APPLICANT FOR INTERVENTION
NATURAL RESOURCES DEFENSE COUNCIL, INC.**

Proposed Defendant-Intervenor Natural Resources Defense Council, Inc. ("NRDC"),

individually and on behalf of its members, answers Plaintiff's Complaint as follows:

**INTRODUCTION AND SUMMARY OF CLAIMS**

1.      Answering Paragraph 1 of the Complaint, denies the allegations in this paragraph.

2.      Answering Paragraph 2 of the Complaint, NRDC admits that the Federal

Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136-136y, requires that a

pesticide be registered before it may be sold, requires that an applicant for registration submit

extensive scientific studies in support of its application, and provides that the United States

Environmental Protection Agency ("EPA") may initiate proceedings to cancel registrations that

it believes no longer meet FIFRA's statutory safety standards.  NRDC denies the remaining

allegations in this paragraph.

3.    Answering Paragraph 3 of the Complaint, NRDC admits that FIFRA, 7 U.S.C.

§ 136d, and EPA regulations at 40 C.F.R. part 164, establish procedures governing FIFRA

cancellation proceedings.  NRDC further admits that 40 C.F.R. § 164.80 states that "the

proponent of cancellation" – i.e., EPA – "has the burden of going forward to present an

affirmative case for the cancellation," but "the ultimate burden of persuasion shall rest with the

proponent of registration."  NRDC is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies

those allegations.

4.    Answering Paragraph 4 of the Complaint, NRDC admits that the Administrative

Procedure Act ("APA"), 5 U.S.C. §556(d), states, "Except as otherwise provided by statute, the

proponent of a rule or order has the burden of proof."  NRDC further admits that the Supreme

Court in *Director, Office of Workers' Compensation v. Greenwich Collieries*, 512 U.S. 267, 275-

76 (1994), held that "burden of proof" as used in § 556(d) means burden of persuasion.  NRDC

denies the remaining allegations in this paragraph.

5.    Answering Paragraph 5 of the Complaint, NRDC denies the allegations in this

paragraph.

6.    Answering Paragraph 6 of the Complaint, NRDC denies the allegations of this

paragraph.

## JURISDICTION AND VENUE

7.    Answering Paragraph 7 of the Complaint, NRDC denies the allegations in this

paragraph.

8.    Answering Paragraph 8 of the Complaint, NRDC denies the allegations of this paragraph.

## PARTIES

9.    Answering Paragraph 9 of the Complaint, NRDC is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

10.    Answering Paragraph 10 of the Complaint, NRDC admits the allegations in this paragraph.

## STATUTORY AND REGULATORY BACKGROUND

11.    Answering Paragraph 11 of the Complaint, NRDC denies the allegations in this paragraph.

12.    Answering Paragraph 12 of the Complaint, NRDC denies the allegations in this paragraph.

13.    Answering Paragraph 13 of the Complaint, NRDC admits the allegations in this paragraph.

14.    Answering Paragraph 14 of the Complaint, NRDC admits the allegations in this paragraph.

15.    Answering Paragraph 15 of the Complaint, NRDC admits the allegations in this paragraph.

16.    Answering Paragraph 16 of the Complaint, NRDC denies that 40 C.F.R. § 164.80 "prescribes the burden of production and burden of proof to be applied in a cancellation hearing." NRDC admits the remaining allegations in this paragraph.

17.    Answering Paragraph 17 of the Complaint, NRDC admits the allegations in this paragraph.

18.    Answering Paragraph 18 of the Complaint, NRDC admits the allegations in this paragraph.

19.    Answering Paragraph 19 of the Complaint, NRDC admits the allegations in this paragraph.

## FACTUAL BACKGROUND

20.    Answering Paragraph 20 of the Complaint, NRDC admits the allegations in this paragraph.

21.    Answering Paragraph 21 of the Complaint, NRDC admits the allegations in this paragraph.

22.    Answering Paragraph 22 of the Complaint, NRDC admits the allegations in this paragraph.

23.    Answering Paragraph 23 of the Complaint, NRDC is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, on that basis, denies the allegations.

24.    Answering Paragraph 24 of the Complaint, NRDC admits that the APA, 5 U.S.C. § 556(d), states that, "[e]xcept as otherwise provided by statute, the proponent of a rule or order has the burden of proof."  NRDC further admits that the Supreme Court held in *Greenwich Collieries* that "burden of proof" as used in § 556(d) means burden of persuasion.  NRDC denies the remaining allegations in this paragraph.

25.     Answering Paragraph 25 of the Complaint, NRDC is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, on that basis, denies those allegations.

26.     Answering Paragraph 26 of the Complaint, NRDC denies the allegations in this paragraph.

27.     Answering Paragraph 27 of the Complaint, NRDC denies the allegations in this paragraph.

28.     Answering Paragraph 28 of the Complaint, NRDC denies the allegations in this paragraph.

29.     Answering Paragraph 29 of the Complaint, NRDC denies the allegations in this paragraph.

## COUNT I

30.     Answering Paragraph 30 of the Complaint, NRDC incorporates by reference its answers to the allegations set forth in Paragraphs 1 through 29 of the Complaint.

31.     Answering Paragraph 31 of the Complaint, NRDC admits the allegations in this paragraph.

32.     Answering Paragraph 32 of the Complaint, NRDC admits the allegations in this paragraph..

33.     Answering Paragraph 33 of the Complaint, NRDC denies the allegations in this paragraph.

34.     Answering Paragraph 34 of the Complaint, NRDC denies the allegations in this paragraph.

35.     Answering Paragraph 35 of the Complaint, NRDC denies the allegations in this paragraph.

## COUNT II

36.     Answering Paragraph 36 of the Complaint, NRDC incorporates by reference its answers to the allegations set forth in Paragraphs 1 through 35 of the Complaint.

37.     Answering Paragraph 37 of the Complaint, NRDC denies the allegations in this paragraph.

38.     Answering Paragraph 38 of the Complaint, NRDC denies the allegations in this paragraph.

39.     Answering Paragraph 39 of the Complaint, NRDC denies the allegations in this paragraph.

40.     Answering Paragraph 40 of the Complaint, NRDC denies the allegations in this paragraph.

## PLAINTIFF'S PRAYER FOR RELIEF

NRDC denies that Plaintiffs are entitled to the relief sought in their Complaint or to any relief whatsoever.

## GENERAL DENIAL

NRDC denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

NRDC asserts the following affirmative defenses and reserves the right to assert such other defenses as may become apparent throughout the course of these proceedings:

1.     Plaintiff has failed to state a claim on which relief can be granted.

2.      To the extent that Plaintiff purports to state a claim under Count I of the

Complaint, EPA's denial of Plaintiff's petition was not arbitrary, capricious, or contrary to law.

3.      To the extent that Plaintiff purports to state a claim under Count II of the

Complaint, this Court lacks jurisdiction under the APA to award the requested relief.

## **REQUEST FOR RELIEF**

Wherefore, NRDC requests entry of the following relief pursuant to the above Answer

(including General Denial and Affirmative Defenses):

1.      Judgment dismissing Plaintiff's claims with prejudice;

2.      An award of such costs, disbursements, or attorneys' fees as NRDC is entitled to

recover by statute or otherwise; and

3.      Such other and further relief as the Court deems just and proper.

Dated:  October 5, 2007

Respectfully submitted,

 /s/ John F. Mardula
John F. Mardula, VSB No. 15606
Roberts Mardula & Wertheim, LLC
11800 Sunrise Valley Drive, Suite 1000
Reston, Virginia  20191-5302
(703) 391-2900 - Telephone
(703) 391-2901 – Facsimile
JMardula@Globe-IP.com

<u>Of Counsel:</u>

Mae C. Wu
Nancy S. Marks
Thomas Cmar
Natural Resources Defense Council
1200 New York Ave., N.W.
Washington, DC  20005
(202) 289-6868 - Telephone
(202) 289-1060 – Facsimile
mwu@nrdc.org
nmarks@nrdc.org
tcmar@nrdc.org

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| FMC Corporation, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1: 07cv0819 |
| United States Environmental Protection, ) | GBL-BRP |
| Agency, and Stephen L. Johnson, ) | |
| Administrator, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |
| ) | |
| Natural Resources Defense Council, Inc., ) | |
| ) | |
| *Proposed Defendant-Intervenor.* ) | |

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2007, I caused a true copy of the Proposed

Defendant-Intervenor the Natural Resources Defense Council's Motion to Intervene as a

Defendant, Brief in Support, Proposed Order, Proposed Answer, and Certificate of

Service to be sent by electronic mail to:

*Attorneys for Plaintiff FMC Corporation:*

      Abid R. Qureshi
      Kenneth W. Weinstein
      Claudia M. O'Brien
      LATHAM & WATKINS LLP
      555 Eleventh Street, N.W., Suite 1000
      Washington, D.C. 20004-1304
      Telephone: (202) 637-2200
      Facsimile: (202) 637-2201
      E-mail: abid.qureshi@lw.com
            ken.weinstein@lw.com
            claudia.o'brien@lw.com

*Attorneys for Defendants U.S. Environmental Protection Agency and Stephen L. Johnson,*
*Administrator:*

Lauren A. Wetzler
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3752
Facsimile: (703) 299-3983
E-mail: Lauren.Wetzler@usdoj.gov

Monica Derbes Gibson
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-0135
Facsimile: (202) 514-8865
E-mail: monica.gibson@usdoj.gov

  /s/ John F. Mardula
John F. Mardula, VSB No. 15606
Roberts Mardula & Wertheim, LLC
11800 Sunrise Valley Drive, Suite 1000
Reston, Virginia  20191-5302
(703) 391-2900 - Telephone
(703) 391-2901 - Facsimile
JMardula@Globe-IP.com

Of Counsel:

Mae C Wu
Nancy S. Marks
Thomas Cmar
Natural Resources Defense Council
1200 New York Ave., N.W.
Washington, DC  20005
(202) 289-6868 - Telephone
(202) 289-1060 – Facsimile
mwu@nrdc.org
nmarks@nrdc.org
tcmar@nrdc.org