IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| **FMC CORPORATION,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| *v.* ) | Civil Action No. 07 Civ. 00819 |
| ) | |
| **U. S. ENVIRONMENTAL PROTECTION** ) | |
| **AGENCY,** *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**PLAINTIFF FMC CORPORATION'S OPPOSITION TO DEFENDANT EPA'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

Introduction and Summary of Argument ........................................................................................1

I.     EPA's Denial of FMC's Petition For Rulemaking Provides Jurisdiction To Review Both EPA's Denial *And* The Legality of Its Regulation ........................................2

II.    This Case Is Ripe for Adjudication ................................................................................5

Conclusion .....................................................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Abbott Laboratories, Inc. v. Gardner*, 387 U.S. 136 (1967)..................................................6

*Chaker v. Crogan*, 428 F.3d 1215 (9th Cir. 2005)..................................................................5

*Champion International Corp. v. EPA*, 850 F.2d 182 (4th Cir. 1988) ..................................3

*Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024 (D.C. Cir. 2004).......................5

*Functional Music, Inc. v. FCC*, 274 F.2d 543 (D.C. Cir. 1958)...................................1, 4, 5

*Hanauer v. Reich*, 82 F.3d 1304 (4th Cir. 1996) ...................................................................3

*Montana v. Clark*, 749 F.2d 740 (D.C. Cir. 1984).................................................................5

*NRDC v. Nuclear Regulatory Commission*, 666 F.2d 595 (D.C. Cir. 1981) ....................4, 5

*National Mining Association v. U.S. Department of the Interior*, 70 F.3d 1345
    (D.C. Cir. 1995) ................................................................................................................4

*National Park Hospitality Ass'n v. U.S. Department of Interior*, 538 U.S 803
    (2003) ................................................................................................................................7

*Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers'
    Compensation Programs*, 474 F.3d 109 (4th Cir. 2006) .................................................6

*Public Citizen v. Nuclear Regulatory Commission*, 901 F.2d 147 (D.C. Cir
    1990)..........................................................................................................1, 2, 3, 4, 5

*Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544 (4th Cir. 2006)..................5

*Swan v. Peterson*, 6 F.3d 1373 (9th Cir. 1993)......................................................................5

*United States v. Buculei*, 262 F.3d 322 (4th Cir. 2001) ........................................................5

## STATUTES

5 U.S.C. § 706 ........................................................................................................................3

**INTRODUCTION AND SUMMARY OF ARGUMENT**

FMC Corporation ("FMC") submits this brief in opposition to the jurisdictional arguments raised by EPA[1] in its motion for summary judgment.

It has been settled law for almost fifty years that the denial of a petition for rulemaking provides jurisdiction to review the underlying rule. *See Functional Music, Inc. v. FCC*, 274 F.2d 543, 546-47 (D.C. Cir. 1958); *infra* at 3-5. None of the cases cited by EPA in its summary judgment motion upset this "long-standing rule"[2] or provide any basis for concluding that jurisdiction is lacking here. EPA's argument relies entirely on selective quotation from cases addressing distinctly different contexts and is contrary to all relevant authority. Plainly, this Court has jurisdiction to review the denial of FMC's rulemaking petition *and* EPAs' regulation.

The amicus brief of American Bird Conservancy ("ABC") attempts to inject a new issue into this litigation, specifically a ripeness issue. This attempt is improper, as established practice of federal courts is to decline addressing arguments raised only in amicus briefs. ABC has not identified any basis for departing from this well-settled rule. Moreover, ABC's argument is dependent on the incorrect premise that FMC has "abandoned" its challenge to the denial of its rulemaking petition. And in any event, the single, pure issue of law in this case is unmistakably ripe for review.

---

[1] U.S. Environmental Protection Agency and Steven L. Johnson, Administrator (collectively "EPA").

[2] *Public Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d 147, 152 (D.C. Cir 1990) (citing *Functional Music*).

1

2

I.     **EPA'S DENIAL OF FMC'S PETITION FOR RULEMAKING PROVIDES JURISDICTION TO REVIEW BOTH EPA'S DENIAL *AND* THE LEGALITY OF ITS REGULATION**

EPA correctly observes that "this case *involves* FMC's challenge to a regulation." EPA Br. at 10 (quoting FMC Br. at 1 (emphasis added)). This case also involves a challenge to EPA's denial of FMC's rulemaking petition, however, which plainly occurred within the statute of limitations. *See* Complaint ¶ 39 (requesting an order " [d]eclaring that EPA's denial of FMC's November 7, 2006 petition . . . is contrary to law, arbitrary and capricious, and exceeds EPA's statutory authority, all in violation of the APA"); FMC Br. at 12-13 (discussing the inadequacy of the rationale contained in EPA's denial); *id.* at 2-3 (arguing that "[c]ontrary to the assertion [in EPA's denial], the legislative history of FIFRA is completely silent" on the relevant issue). Indeed, EPA admits as much. *See* EPA Br. at 1 ("In this lawsuit, Plaintiff challenges EPA's denial of its petition to amend a regulation . . . ."). This denial allows this Court to review both the validity of the denial *and* the validity of the underlying regulation.

Notably, Natural Resources Defense Council, Inc. ("NRDC") does not even attempt to contest this Court's jurisdiction and even EPA concedes that this Court has jurisdiction to consider whether a rule "violates a statute." *See* EPA Br. at 11; NRDC Br. at 1-19 (declining to make any jurisdictional arguments). EPA has similarly admitted that this Court can consider a challenge that a regulation "conflict[s] with a statute" even "after the limitation period has expired." EPA Br. at 12; *see also id.* at 11 (acknowledging jurisdiction exists where a regulation "violates a clear statutory mandate."); *id.* ("'a claim that agency action *was violative of statute* may be raised outside the statutory limitations period by filing a petition for amendment . . . and challenging the petition.'" (quoting *Public Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d 147, 152 (D.C. Cir 1990) (emphasis added)). Because FMC's argument is *precisely* that EPA's

regulation violates a statute, the jurisdiction of the Court to review this claim is beyond challenge.[3]

Indeed, EPA's denial of the petition for rulemaking in this case sets forth the precise legal rationale that FMC has challenged. This challenge to EPA's April 2007 denial is clearly within the six-year limitations period, and this Court need not review anything beyond the validity of the legal rationale contained within the petition denial itself. *See also Public Citizen*, 901 F.2d at 151-52 ("[T]o the extent that an agency's action necessarily raises a question of whether an earlier action was lawful, review of that earlier action for lawfulness is not time-barred." (internal quotations omitted)).

Taken at face value, EPA's argument would preclude the courts from reviewing EPA's denial of a rulemaking petition no matter how unlawful the reasons relied on by the Agency to justify the denial. No court has ever accepted such a proposition, and EPA has cited no case supporting it. Congress has instructed the courts, in the APA, that they "shall . . . set aside agency action . . . not in accordance with law." 5 U.S.C. § 706.

---

[3] EPA seems to imply that even though FMC claims that EPA's regulation violates the APA, that is not enough; rather, FMC must claim that the regulation is *clearly violating* the APA. Drawing such a distinction would be contrary to *Public Citizen*, which only requires a claim that the regulation be "violative of statute." 901 F.2d at 152. Notably, none of the "clearly violates" cases that EPA cites applied that standard to the denial of a rulemaking petition. Instead, in the *Hanauer v. Reich* case cited by EPA, the Fourth Circuit applied the "clearly violates" language where there was a specific jurisdiction-stripping provision stated in "the unambiguous and comprehensive language that Congress uses when it intends to bar judicial review altogether." 82 F.3d 1304, 1307 (4th Cir. 1996). No denial of a rulemaking was at issue there, and, in any event, the Fourth Circuit proceeded to conduct a "cursory review" of the merits. *Id.* at 1309. Similarly, *Champion International Corp. v. EPA* addressed a specific jurisdictional statute (rather than the general statute of limitations at issue here), did not involve a petition for rulemaking, and concluded that jurisdiction for judicial review existed (although in the court of appeals, rather than the district court). 850 F.2d 182, 185-86 (4th Cir. 1988). Nevertheless, for the record, FMC does contend that EPA's regulation clearly violates the APA on its face.

3

Furthermore, it has been settled law for almost half a century that the denial of a petition for rulemaking provides jurisdiction to review the underlying substantive merits of a regulation, even where the challenge would otherwise be untimely. *See Functional Music, Inc. v. FCC*, 274 F.2d 543, 546-47 (D.C. Cir. 1958); *see also Public Citizen*, 901 F.2d at 152 (reiterating "long-standing rule" of *Functional Music*). Specifically, the statute of limitations "does not foreclose subsequent examination of a rule where properly brought before this court for review of further [agency] action applying it." *Functional Music*, 274 F.2d at 546 (concluding that the court had jurisdiction where the FCC had denied a petition for rulemaking). The rationale for this rule is both simple and powerful, as "unlike ordinary adjudicatory orders, administrative rules and regulations are capable of continuing application; limiting the right of review of the underlying rule would effectively deny many parties ultimately affected by a rule an opportunity to question its validity." *Id.* at 546.

EPA's reliance on *National Mining Ass'n v. U.S. Department of Interior*, 70 F.3d 1345 (D.C. Cir. 1995) and *NRDC v. Nuclear Regulatory Comm'n*, 666 F.2d 595 (D.C. Cir. 1981), is misplaced. In *National Mining Ass'n*—unlike here—Congress had passed a specific statute barring all judicial review after 60 days and had "devoted particular efforts" to foreclosing any *Functional Music*-based challenges that the D.C. Circuit had "repeatedly recognized in the past." *Id.* at 1350-51.[4]  *NRDC v. Nuclear Regulatory Commission* also stands in sharp contrast to the

---

[4] EPA's argument that jurisdiction does not exist because EPA "did not invite comment or reconsider" its regulation, EPA Br. at 12, is also mistaken. EPA's reopening its decision would provide an *independent* basis for jurisdiction under the so-called "reopener doctrine," but does not affect review pursuant to the denial of a rulemaking petition. *See Nat'l Mining* Ass'n, 70 F.3d at 1351-52. The D.C. Circuit has found that these are distinct methods of obtaining judicial review. *See id.* In *Nat'l Mining Ass'n*, the D.C. Circuit separately analyzed the "reopener doctrine" issue because Congress had specifically foreclosed a *Functional Music* challenge. *Id.* at 1350-51. EPA's selective and extensive quotation of *National Mining Ass'n* on page 14 of its brief is therefore inapposite.

4

present suit. In that case, NRDC attempted to bring a *Functional Music*-based *procedural* challenge to the original promulgation of a regulation. 666 F.2d at 601-02. While rejecting NRDC's "backdoor procedural challenge[]," the court reiterated that "regulations immune from direct review [can be scrutinized] by reviewing the denial of a subsequent rulemaking petition which challenges the regulations on . . . *substantive invalidity*." *Id.* at 602 (emphasis added) (citing, *inter alia*, *Functional Music*); *see also Public Citizen* 901 F.2d at 153 n.1 (explaining that *Montana v. Clark*, 749 F.2d 740 (D.C. Cir. 1984) (cited by EPA on page 11 of its brief), only applies to procedural challenges).

Thus, the Court has jurisdiction to review FMC's claim that the denial of its rulemaking petition was unlawful, and that the current regulation is in substantive violation of the APA.

## II.    THIS CASE IS RIPE FOR ADJUDICATION

Unlike defendants, amicus ABC questions the ripeness of FMC's challenge. As an initial matter, courts generally do not consider arguments raised only by amici. *See United States v. Buculei*, 262 F.3d 322, 333 n.11 (4th Cir. 2001); *see also Chaker v. Crogan*, 428 F.3d 1215, 1220 (9th Cir. 2005) ("Generally, [courts] do not consider on appeal an issue raised only by an amicus." (quoting *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993)); *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1036 (D.C. Cir. 2004) ("[Federal courts] do not ordinarily decide issues not raised by parties.").

Because this Court has an independent obligation to examine its own jurisdiction, however,[5] FMC will briefly address the ripeness issue.[6] ABC's arguments rely on the erroneous

---

[5]    *See*, *e.g.*, *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006)

[6]    FMC respectfully requests that this Court order supplemental briefing if it believes a ripeness issue exists. Because ABC's attempt to raise the issue is improper and neither

5

contention that FMC has somehow "abandon[ed] . . . its request for review of the EPA's denial of its rulemaking petition." ABC Br. at 9. Notably, FMC cited and discussed the denial throughout its brief and the Complaint. FMC Br. at 2-3; 4-7, 8, 12-13; Complaint ¶¶ 5-6, 24-27, 30-35, 38-39. Indeed, FMC argued that the wrongful denial of the rulemaking petition is the basis for jurisdiction in this case. *Id.* at 8. Moreover, most—if not all—of FMC's merits arguments concerning EPA's regulation apply with equal force to EPA's denial of FMC's rulemaking petition. Because ABC has not made a single argument that the denial of the petition for rulemaking is not ripe for review, ABC's ripeness arguments fail on this basis alone.

Furthermore, although ABC cites *Abbott Laboratories* as setting forth the relevant legal standard for ripeness doctrine, ABC omits *Abbott Laboratories*' holding that where the issues raised are "purely legal," this factor militates in favor of concluding that a case is ripe for review. *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). Indeed, the purely legal nature of the issues in *Abbott Laboratories* was the primary basis upon which the Supreme Court concluded that "the issues presented are appropriate for judicial resolution at this time." *Id.*; *see also Newport News Shipbuilding & Dry Dock Co. v. Dir., Office of Workers' Comp. Programs*, 474 F.3d 109, 112 (4th Cir. 2006) ("Typically, an issue is fit for resolution if it is purely legal and does not depend on undeveloped facts."). ABC never explains how the pure question of law in this case is "unfit" for decision by this Court under this standard. Nor does ABC identify any hardship to itself or any defendant that would result from deciding this case now. *See* ABC Br. at 8-12. On the other hand, FMC would suffer substantial hardship if it were denied the opportunity for judicial review in this action, because placing the burden of proof on FMC in the imminent cancellation process, which is scheduled to begin on February 5, 2008 with the Scientific Advisory Panel hearing,

---

plaintiff nor defendant advances it, any ripeness issue could ordinarily be raised only by the Court at this stage.

6

would compel FMC "to expend additional resources, including hiring its own experts to testify," as NRDC has recognized.   NRDC Motion to Intervene at 6-7.

ABC also has cited *National Park Hospitality Ass'n* for the proposition that a case is not ripe "until the scope of the controversy has been reduced to more manageable proportions"[7]— but misses the obvious import of the language that it has quoted.  Leaving EPA's and ABC's dubious jurisdictional arguments aside, this case effectively involves a single issue: whether EPA's regulation violates the APA's allocation of the burden of proof.  Moreover, this case does not have any "factual components" that are "waiting to be fleshed out," 538 U.S. at 808—the parties to the case agree that the relevant facts are undisputed.  Thus, FMC believes the relevant issue is more than "manageable" for this Court to decide.

## STATEMENT OF DISPUTED MATERIAL FACTS

The parties have agreed that there are no material facts in dispute.  *See* Local Rule 56(b). EPA has not submitted a "specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue," *id.*, and accordingly, FMC has no specific response pursuant to the local rules.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction over this dispute and should deny EPA's motion for summary judgment.

---

[7]   ABC Br. at 10 (quoting *Nat'l Park Hospitality Ass'n v. U.S. Dep't of Interior*, 538 U.S 803, 808 (2003).

7

                    Respectfully submitted,

Dated: November 21, 2007      By: /s/ Abid R. Qureshi
                                          Abid R. Qureshi
                                          Virginia Bar No. 41814
                                          Attorneys for Plaintiff FMC Corporation
                                          LATHAM & WATKINS LLP
                                          555 Eleventh Street, N.W., Suite 1000
                                          Washington, D.C. 20004-1304
                                          Telephone: (202) 637-2200
                                          Facsimile: (202) 637-2201
                                          E-mail: abid.qureshi@lw.com

                                          Kenneth W. Weinstein (admitted *pro hac vice*)
                                          Claudia M. O'Brien     (admitted *pro hac vice*)

8

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2007, I electronically filed the foregoing Opposition to Defendant EPA's Motion for Summary Judgment and Certificate of Service with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> John Francis Mardula
> Roberts Abokhair & Mardula LLC
> 11800 Sunrise Valley Drive
> Suite 1000
> Reston, Virginia 20191-5317
> Telephone: (703) 391-2900
> Facsimile: (703) 391-2901
> Email: JMardula@globe-IP.com
>
> Brooke Ellinwood McDonough
> Drinker, Biddle & Reath LLP
> 1500 K Street, NW
> Suite 1100
> Washington, D.C. 20005
> Telephone: (202) 842-8800
> Facsimile: (202) 842-8800
> Email: bmcdonough@goodwinprocter.com
>
> Robert Andrew Price, Jr.
> Assistant United States Attorney
> Justin W. Williams United States Attorney Building
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> Telephone: (703) 299-3700
> Facsimile: (703) 299-3983
> E-mail: andrew.price@usdoj.gov
>
> Lauren A. Wetzler
> United States Attorney's Office
> Justin W. Williams United States Attorney Building
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> Telephone: (703) 299-3752
> Facsimile: (703) 299-3983
> E-mail: lauren.wetzler@usdoj.gov

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

>Monica Derbes Gibson
>Environmental Defense Section
>Environment and Natural Resources Division
>United States Department of Justice
>P.O. Box 23986
>Washington, D.C. 20026-3986
>Telephone: (202) 514-0135
>Facsimile: (202) 514-8865
>E-mail: monica.gibson@usdoj.gov

>/s/ Abid R. Qureshi_____
>Abid R. Qureshi
>Virginia Bar No. 41814
>Attorney for Plaintiff FMC Corporation
>LATHAM & WATKINS LLP
>555 Eleventh Street, N.W., Suite 1000
>Washington, D.C. 20004-1304
>Telephone: (202) 637-2200
>Facsimile: (202) 637-2201
>E-mail: abid.qureshi@lw.com