UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FMC Corporation, | ) |
|     *Plaintiff*, | ) ) ) |
| v. | ) ) |
| United States Environmental Protection Agency, and Stephen L. Johnson, Administrator, | ) ) ) ) |
|     *Defendants*. | ) ) ) |
| Natural Resources Defense Council, Inc., | ) ) ) |
|     *Defendant-Intervenor*. | ) |

Civil Action No. 1: 07cv0819 GBL-BRP

### DEFENDANT-INTERVENOR'S REPLY IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant-Intervenor Natural Resources Defense Council, Inc. ("NRDC") respectfully submits this reply brief in support of the cross-motion of Defendants United States Environmental Protection Agency and Stephen L. Johnson, Adminstrator (collectively "EPA") for summary judgment against Plaintiff FMC Corporation ("FMC").[1]

**I.   FMC's Narrow, Distorted Reading of FIFRA Ignores the Statute's Text and Structure, Legislative History, and the Case Law Interpreting It.**

The sole basis for FMC's repeated assertions that this Court cannot consider any authority other than the express statutory language of FIFRA is the unsupported assertion that

---

[1] On November 21, 2007, FMC filed two briefs: one styled as a "rebuttal" in support of FMC's motion for judgment on the pleadings (hereinafter "FMC Rebuttal"), which includes arguments relating to the substance of FMC's claim, and a second styled as an opposition to EPA's motion for summary judgment, which deals with jurisdictional arguments. As EPA's cross-motion addresses both substantive and jurisdictional arguments, however, NRDC replies here to the arguments in the FMC Rebuttal as if they were made in opposition to EPA's cross-motion.

1

two Third Circuit cases, *Maher Terminals* and *Greenwich Collieries*,[2] "are controlling" on this Court. FMC Rebuttal at 8. Not only is this statement facially incorrect – Fourth Circuit law controls here, so Third Circuit cases are at most persuasive authority – it also misrepresents those two Third Circuit decisions, which address a different question than that presented in this case. Further, in asserting that this Court should treat two off-point, out-of-Circuit decisions as controlling, FMC is asking the Court to ignore the decisions of the three Circuit Courts that have actually considered the question here, as well as the large body of textual evidence and legislative history that demonstrates that Congress intended pesticide registrants to bear the burden of proof in FIFRA registration and cancellation proceedings.

As NRDC pointed out in its opening brief, the portions of both of the Third Circuit cases on which FMC relies deal with a different issue of APA interpretation than is presented here: whether the statutes at issue in those cases[3] supersede APA § 7(c) with respect to the quantum of evidence that a party must present to meet its burden of proof. NRDC Mem. at 11-12 (distinguishing *Maher Terminals* and *Greenwich Collieries*).[4] At issue in *this* case is which party bears the burden, *not* what the party with the burden must do to meet it.

Further, both Third Circuit decisions address whether the statutes at issue there *supersede* APA § 7(c), applying APA § 12, 5 U.S.C. § 559. APA § 12 provides that when the APA's provisions conflict with those of another statute, the APA controls unless the other statute expressly provides otherwise. *See Dickinson v. Zurko*, 527 U.S. 150, 154-55 (1999). That is

---

[2] *See Maher Terminals v. Dir., Office of Workers' Comp. Progs.*, 992 F.2d 1277 (3d Cir. 1993); *Greenwich Collieries v. Dir., Office of Workers' Comp. Progs.*, 990 F.2d 730 (3d Cir. 1993).
[3] *See* Black Lung Benefits Act, 30 U.S.C. § 901, *et seq.*; Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*
[4] In this reply brief, "NRDC Mem." refers to NRDC's Memorandum of Law in Opposition to Plaintiff's Motion for Judgment on the Pleadings and in Support of Defendant's Cross-Motion, filed on October 29, 2007.

simply not the issue here: This is not a case where provisions of the APA and FIFRA conflict. In *this* case, the issue is whether FIFRA satisfies APA § 7(c)'s *exception* for statutes that "otherwise provide" for which party must bear the burden of proof. Neither of the two Third Circuit cases relied on by FMC addresses this issue. In its filings with this Court, FMC repeatedly conflates APA § 7(c) with APA § 12, perhaps hoping that this Court will ignore that § 7(c) does not share § 12's "express statutory provision" requirement. *See* 5 U.S.C. § 556(d). APA § 7(c) and § 12 are provisions that are not directly related and apply in different contexts. While NRDC agrees with FMC that this Court should "'give effect, if possible, to every word Congress used,'" FMC Rebuttal at 8 (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)), the way to do that here is to apply APA § 7(c) on its own terms, without reference to APA § 12 and the two Third Circuit cases interpreting it, which are irrelevant.

APA § 7(c)'s exception from its burden of proof rule for statutes that "otherwise provide" for the burden of proof does not foreclose this Court's reliance on traditional tools of statutory construction to determine whether FIFRA meets that standard. Rather, it is well established in the Fourth Circuit that

> [a]lthough the task of statutory construction generally begins with the actual language of the provision in question, the inquiry does not end there. The Supreme Court has often emphasized the crucial role of context as a tool of statutory construction. For example, the Court has stated that when construing a statute, courts "must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy."

*Brown & Williamson Tobacco Corp. v. Food & Drug Admin.*, 153 F.3d 155, 162 (4th Cir. 1998) (quoting *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993)) (additional citations omitted), *aff'd*, 529 U.S. 120 (2000); *accord Elm Grove Coal Co. v. Dir., Office of Workers' Comp. Progs.*, 480 F.3d 278, 293-94 (4th Cir. 2007). In this Circuit, "the traditional rules of statutory construction to be used in ascertaining congressional intent include,"

3

*inter alia*, "the overall statutory scheme" and "legislative history." *Brown & Williamson*, 153 F.3d at 162; *accord Elm Grove Coal Co.*, 480 F.3d at 293-94.  Further, "if application of the plain language of a statute 'would produce a result demonstrably at odds with the intent of Congress . . . the intent of Congress rather than the strict language controls.'" *Brown & Williamson*, 153 F.3d at 162 (quoting *Md. State Dep't of Educ. v. U.S. Dep't of Veterans Affairs*, 98 F.3d 165, 169 (4th Cir. 1996), *cert. denied*, 522 U.S. 806 (1997)); *see also Scott v. United States*, 328 F.3d 132, 138 (4th Cir. 2003) ("When interpreting a statute, the goal is always to ascertain and implement the intent of Congress.").

As NRDC demonstrated in its opening brief, Congress intended that the burden of proof in FIFRA registration and cancellation proceedings should always be on the pesticide registrant.  This congressional intent is manifest in the text and structure of FIFRA and in its legislative history, and it has been recognized in the uncontradicted holdings of the three Circuit Courts that have held that FIFRA "otherwise provides" for the burden of proof within the meaning of APA § 7(c).

FMC's repeated insistence that NRDC and EPA offer only legislative history in support of their positions ignores the parties' arguments based on the text and structure of FIFRA.  In amending FIFRA in 1964, Congress put in place a statutory scheme that requires pesticide manufacturers to prove, on an ongoing basis and at every stage of the administrative process, that the uses of their products meet the statute's safety standards.  No pesticide may be sold for a use for which it is not registered.  7 U.S.C. § 136a.  To obtain a registration, an applicant must demonstrate that the pesticide performs its intended function without causing "unreasonable adverse effects on the environment." *Id.* § 136a(c)(5)(C).  Even if registration is granted, the registrant has a continuing burden to supply data that EPA determines is necessary to prove the

4

pesticide's continued safety, *id.* § 136a(c)(2)(B), and to submit to EPA any information relevant to the pesticide's continued safety that it acquires after registration is granted, *id.* § 136d(a)(2). Further, under FIFRA's reregistration requirements, the registrant must prove anew that its product may be registered. 7 U.S.C. § 136a-1. Under these provisions of FIFRA, there is no point in the administrative process at which the registrant is relieved of its ongoing burden to prove that its product is safe.

Notably, FIFRA prescribes identical procedures for hearings on registration denials and cancellations. *Id.* §§ 136a(c)(6), 136d(b) (incorporating procedures in 7 U.S.C. § 136d(d) for both registration and cancellation hearings). As NRDC addressed in its opening brief, the detailed set of procedures that FIFRA provides for these hearings is both distinct from hearings held under the APA's default provisions and does not incorporate those provisions. NRDC Mem. at 13-15. By contrast, it is only in the subsection that deals with emergency suspension of a registration, 7 U.S.C. § 136d(c), that APA procedures are incorporated. FMC urges this Court to treat this as an accident of drafting, and to ignore that this subsection is directly adjacent to the subsection providing detailed procedures for registration and cancellation hearings. *Compare* 7 U.S.C. § 136d(c) *with id.* § 136d(d). Such a reading of FIFRA is contrary to the "*expressio unius*" canon of statutory interpretation, as NRDC has previously addressed.[5] NRDC Mem. at 15. FMC's reading of FIFRA would also have the disfavored effect of "'render[ing] statutory terms meaningless or superfluous,'" *Scott*, 328 F.3d at 139 (quoting *Freytag v. Comm'r Internal*

---

[5] FMC's characterization of this argument as a "post hoc rationalization" that is not properly before the Court is incorrect. Contrary to FMC's mischaracterization of the argument, this argument is not "contrary to the rationale provided by EPA" in denying its petition. FMC Rebuttal at 13. Rather, this argument goes to whether the text and structure of FIFRA reflect a congressional intent to provide for a different allocation of the burden of proof than in APA § 7(c), an argument that was one of the bases for EPA's decision. *See, e.g.*, Compl. Ex. 4 at 3 ("Both the language and structure of FIFRA mirror th[e] intent" of Congress to place the burden of proof on registrants in cancellation proceedings.)

*Revenue*, 501 U.S. 868, 877 (1991)), in that Congress's decision to incorporate APA procedures with respect to suspension hearings but not with respect to registration or cancellation hearings would be read out of FIFRA. Lastly, FMC's reading of FIFRA does not comport with the statute's object to keep dangerous pesticides off the market, in that it presents no justification for relieving a registrant whose pesticide is already on the market of the burden of proof carried by an applicant for a new registration, in light of FIFRA's express requirements that the manufacturer demonstrate the safety of its product on an ongoing basis. *See supra* at 4-5; *see also* EPA Mem. at 22-23.[6]

      FMC's arguments with respect to FIFRA's legislative history are similarly unavailing. It is not clear how FMC can state, in good faith, in its rebuttal, that "there was nothing at all in the legislative history of the 1964 amendment that discussed the burden of proof in a cancellation proceeding context," FMC Rebuttal at 10, when both NRDC and EPA have each presented the Court with numerous references to legislative history that explicitly reference cancellation proceedings in demonstrating Congress's intent to apply the burden of proof to registrants in that context. NRDC Mem. at 9-10; EPA Mem. at 16-21.

      Congress' intent in enacting the 1964 amendments to FIFRA was further expressed in a 1969 report by the House Committee on Government Operations, which was later made part of the legislative history of the 1972 amendments to the statute. *See* H.R. Rep. 91-637 (1969). In response to what it describes as the U.S. Department of Agriculture Pesticides Regulation Division's "misunderstanding of the burden of proof," the report states that

> the basic issue in determining whether or not a pesticide product is entitled to registration – whether the particular proceeding relates to refusal to issue an initial

---

[6] In this reply brief, "EPA Mem." refers to EPA's Memorandum in Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Judgment on the Pleadings, filed on October 29, 2007.

> registration *or proposed cancellation of an existing one* – is whether or not the product involved is safe and effective and thereby in compliance with the law. The burden of proving the product is safe and effective is with the manufacturer in either case.

*Id.* at 50-51 (emphasis added). Following the adoption of this report and the passage of the 1972 amendments to FIFRA, EPA was given responsibility for administration of the statute. *See* Pub. L. No. 92-516, 86 Stat. 973 (1972). In 1973, EPA adopted the burden of proof regulation at issue here, 40 C.F.R. § 164.80, in order to implement this congressional intent.

Finally, as NRDC set out in its opening brief, the Seventh, Eighth, and D.C. Circuit Courts have all held that Congress intended to "otherwise provide by statute" that the burden of proof is on pesticide registrants to demonstrate the safety of their products in FIFRA registration and cancellation proceedings. NRDC Mem. at 7-9 (citing *Envtl. Def. Fund v. EPA*, 548 F.2d 998, 1004-05, 1015-17 (D.C. Cir. 1977) [hereinafter *EDF v. EPA*]; *Southern Nat'l Mfg. Co. v. EPA*, 470 F.2d 194, 196-97 (8th Cir. 1972); *Stearns Elec. Paste Co. v. EPA*, 461 F.2d 293, 303-05 (7th Cir. 1972) (Stevens, J.)).[7] For the reasons set forth above and in NRDC's opening brief, these cases – unlike the authorities relied on by FMC – are directly on point and are still good law. This Court should follow these cases here and grant summary judgment against FMC.

**II.     Because Cancellation Is the Status Quo, FMC Is the Proponent of the Relevant Order in any Carbofuran Cancellation Proceeding.**

The parties agree that the "proponent" under section 7(c) is the party requesting a change in the status quo. *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 139 (1997). The question is what constitutes the status quo. Contrary to FMC's characterization, the structure of the reregistration process confirms that FMC bears the burden of proof as the proponent seeking a change in status. Each of FMC's arguments on this point lacks merit.

---

[7] In its rebuttal, FMC ignores the Eighth Circuit, focusing only on *EDF v. EPA* and *Stearns*. FMC Rebuttal at 11.

First, FMC argues that the Court must look only at cancellation hearings in isolation, without reference to the reregistration process. FMC Rebuttal at 16. This makes no sense. The cancellation process cannot be severed from the organic statutory scheme. As explained in more detail in NRDC's opening brief, carbofuran has undergone the lengthy reregistration review process mandated by Congress for all pesticides on the market before 1984. NRDC Mem. at 3-6. That process produced EPA's finding that carbofuran is ineligible for reregistration because it poses significant risks to human health and the environment, Compl. ¶ 22; *IRED* at 29, a finding that *compels* appropriate and expeditious regulatory action, such as cancellation. 7 U.S.C. § 136(a)-1(g)(2)(D). FMC's attempt to direct this Court's attention away from the continuing nature of the reregistration process must fail.

Second, FMC contends that, even under this reregistration process, EPA is in the position of a party seeking to modify an existing license. This is directly at odds with FIFRA. In three of the five phases of the process, the burden was on FMC to support reregistration.[8] *See* NRDC Mem. at 16-18; 7 U.S.C. § 136a-1(d)(2); 136a-1(d)(3); 136a-1(e). FMC was required to provide information to EPA "as if [it] were now seeking the original registration of the pesticide." 7 U.S.C. § 136(a)-1(g). Any failure to do so would have required automatic cancellation of the pesticide, without a hearing. *Id.* Finally, at the end of the process, if EPA publishes a Notice of Intent to Cancel a registration but chooses not to hold a hearing, cancellation will occur automatically unless the registrant requests a hearing. *Id.* § 136d(b). The default status is cancellation, not continued registration. This in no way resembles the situation where a license is presumed to continue unless the regulator takes affirmative action to modify or revoke it.

---

[8] The other two phases do not require action by the registrant. In Phase One, the Administrator must list all the active ingredients to be reregistered. 7 U.S.C. § 136a-1(c). In Phase Four, the Administrator reviews all the data submitted by the registrant and issues necessary requests for additional data. *Id.* § 136a-1(f).

Accordingly, and for the reasons set forth in NRDC's opening brief, even if this Court finds that APA § 7(c)'s burden of proof rule applies to FIFRA cancellation hearings, FMC must still bear the burden of proof with respect to carbofuran, because it is the proponent of an order changing the status quo.

## **CONCLUSION**

For the reasons set forth above, and for the reasons set forth in NRDC's opening brief, NRDC respectfully requests that the Court find that EPA properly denied FMC's petition to revoke FIFRA's burden of proof regulation, deny FMC's motion for judgment on the pleadings, and grant EPA's motion for summary judgment.

Dated:  December 3, 2007

        Respectfully submitted,

        /s/ John F. Mardula
John F. Mardula, VSB No. 15606
Roberts Abokhair & Mardula, LLC
11800 Sunrise Valley Drive, Suite 1000
Reston, Virginia  20191-5302
(703) 391-2900 - Telephone
(703) 391-2901 - Facsimile

Mae C Wu (admitted *pro hac vice*)
Nancy S. Marks (admitted *pro hac vice*)
Thomas Cmar (admitted *pro hac vice*)
Natural Resources Defense Council
1200 New York Ave., N.W.
Washington, DC  20005
(202) 289-6868 - Telephone
(202) 289-1060 - Facsimile

*Attorneys for Defendant-Intervenor*
*Natural Resources Defense Council, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2007, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing (NEF) to the following:

      Abid R. Qureshi, Esq, Esq.
LATHAM & WATKINS, LLP
555 Eleventh Street, NW
Washington, DC 20004-1304
abid.qureshi@lw.com
*Counsel for Plaintiffs*

      Ralph Andrew Price, Jr., Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314
andrew.price@usdoj.gov
*Counsel for Defendants*

      Brooke E. McDonough, Esq.
Goodwin Procter LLP
901 New York Ave, N. W.
Washington, DC 20001
bmcdonough@GoodwinProcter.com
Counsel for Amicus Curiae American Bird Conservancy

        /s/ John F. Mardula