IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | | |
|---|---|---|
| **FMC CORPORATION,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 07 Civ. 00819 |
| | ) | |
| **U. S. ENVIRONMENTAL PROTECTION** | ) | |
| | ) | |
| **AGENCY,** *et al.*, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | | |

**PLAINTIFF FMC CORPORATION'S MEMORANDUM REGARDING VENUE**

Plaintiff FMC Corporation ("FMC"), by and through its undersigned attorneys, respectfully submits the following memorandum in response to the Court's November 28, 2007 order requesting that the parties address "whether venue is proper in this district under 28 U.S.C. § 1391(e)." FMC respectfully requests that this Court hold that any venue-based defense has been waived or, in the alternative, that venue is proper pursuant to 28 U.S.C. § 1391(e)(1) & (e)(2).

## I. EPA HAS WAIVED ANY VENUE-BASED DEFENSE BY FAILING TO RAISE IT

It is well-established that venue is a personal defense that does not implicate the subject matter jurisdiction of federal courts; thus, it can be waived.[1] Rule 12(h) provides that any "defense of . . . improper venue . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof." Fed. R. Civ. P. 12(h); *accord Broad. Co. v. Flair Broad. Corp.*, 892 F.2d 372, 377 (4th Cir. 1989) ("To avoid waiving the right to challenge venue, a party must either raise an objection in the answer or move to dismiss the case for improper venue under [Rule 12(b)(3)]."); *see also Janis v. Ashcroft*, 348 F.3d 491, 493 (6th Cir. 2003) ("question[ing] the propriety of the district court's sua sponte dismissal for what was essentially a lack of proper venue" and reversing that dismissal); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3829 (3d ed. 2007) ("[T]he court should never raise the issue [of venue] after the defendant has waived any venue objection.").[2]

Here, defendants did not make a Rule 12 motion and have not included *any* objection to venue in their answer. Rule 12(h) and all relevant case law, as such, mandates that a venue-based defense is waived. Granting defendants any relief based upon a belated venue claim would be improper.

## II. VENUE IS PROPER IN THIS DISTRICT

In any event, venue is proper in the Eastern District of Virginia. Because this suit is

---

[1] *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("[N]either personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties."); *Panhandle E. Pipe Line Co. v. Fed. Power Comm'n*, 324 U.S. 635, 639 (1945) ("The right to have a case heard in the court of proper venue may be lost unless seasonably asserted. It may be waived by any party, including the government." (citation omitted)).

[2] Even the few courts considering venue *sua sponte* have made it clear that courts may only do so *prior* to waiver under Rule 12(h). *See, e.g., Stjernholm v. Peterson*, 83 F.3d 347, 348 (10th Cir. 1996); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

1

brought against an agency and officer of the federal government, the governing venue provision is 28 U.S.C. § 1391(e). Under § 1391(e), venue is proper in any district where "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) the plaintiff resides if no real property is involved in the action." *See also Stafford v. Briggs*, 444 U.S. 527, 542-43 (1980) ("[In enacting § 1391(e),] Congress intended . . . to provide nationwide venue for the convenience of individual plaintiffs in actions which are . . . in reality against the Government. . . . That section was enacted to broaden the venue of civil actions which could previously have been brought only in the District of Columbia."); *Cameron v. Thornburgh*, 983 F.2d 253, 257 n.2 (D.C. Cir. 1993) ("Section 1391(e) makes venue proper for a suit against government officials in any district in which *one* defendant resides." (emphasis added)). In the present suit, venue is proper under either § 1391(e)(1) or § 1391(e)(2).

EPA clearly "resides" within the Eastern District of Virginia, thus providing venue pursuant to 28 U.S.C. § 1391(e)(1). Importantly, "[o]fficers and agencies of the United States can have more than one residence, and venue can properly lie in more than one jurisdiction." *Bartman v. Cheney*, 827 F. Supp. 1, 2-3 (D.D.C. 1993); *accord Mitrano v. Hawes,* 377 F.3d 402, 405 (4th Cir. 2004) (recognizing that venue may be proper in "more than one judicial district."). "The test is whether the officer or agency performs a 'significant amount' of his or her official duties there." *Smith v. Dalton*, 927 F. Supp. 1, 5-6 (D.D.C. 1996) (quoting *Bartman*, 827 F. Supp. at 2) (concluding that Secretary of the Navy "resides" in both Virginia and D.C.). Here, EPA maintains a self described "headquarters facility" at One Potomac Yard in Arlington, Virginia.[3] The EPA headquarters consists of three separate buildings housing approximately

---

[3]   *See* http://www.epa.gov/pesticides/contacts/officelocation.htm, and http://www.epa.gov/oaintrnt/facilities/hq_nova.htm. FMC requests that this court take

1650 EPA personnel, including EPA's Office of Pesticide Programs. EPA thus conducts a "significant amount" of its duties and therefore "resides" in the Eastern District of Virginia. Accordingly, venue is proper under § 1391(e)(1). Moreover, there is not the slightest indication that EPA would be inconvenienced by litigating this case in a courthouse located within *five miles* of both its Virginia and District of Columbia headquarters.

Venue is also proper pursuant to 28 U.S.C. § 1391(e)(2) because a "substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of Virginia. All of the actions taken by EPA with respect to FMC's pesticide Furadan® 4F result from decisions made by the Office of Pesticide Programs at that office's headquarters in Arlington. Those actions, which "occurred" in this district, form a critical and substantial portion of the facts giving rise to FMC's claim. *See* Compl. ¶¶ 3, 5, 22-23, 28. But for the actions taken by the Office of Pesticide Programs in this district, including its decision to seek to cancel Furadan 4F's registration, this present suit never would have been filed. *Cf. Mitrano*, 377 F.3d at 405 ("[A] court should not focus only on those matters that are in dispute or that directly led to the filing of the action" but instead "should review the entire sequence of events underlying the claim." (internal quotations omitted)). Thus, venue is thus proper under both § 1391(e)(1) *and* § 1391(e)(2), and EPA has clearly waived any venue-based defense.

---

judicial notice of the location of EPA's Office of Pesticide Programs and other Arlington headquarters office. *See* Fed. R. Evid. 201 (judicial notice may be taken of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination."); *cf. United States v. Tisdale*, No. 92-5431, 1993 U.S. App. LEXIS 23892, at *4 (4th Cir. Sept. 16, 1993) (judicial notice is proper where there is "no controversy over the location" involved). To the extent that venue has not been waived and there is a material issue of fact as to whether venue exists in this district, FMC requests an evidentiary hearing to resolve the disputed issues of fact.

3

                                                    Respectfully submitted,

Dated: December 5, 2007               By: /s/ Abid R. Qureshi
                                                    Abid R. Qureshi
                                                    Virginia Bar No. 41814
                                                    Attorneys for Plaintiff FMC Corporation
                                                    LATHAM & WATKINS LLP
                                                    555 Eleventh Street, N.W., Suite 1000
                                                    Washington, D.C. 20004-1304
                                                    Telephone: (202) 637-2200
                                                    Facsimile: (202) 637-2201
                                                    E-mail: abid.qureshi@lw.com


                                                    Kenneth W. Weinstein (admitted *pro hac vice*)

                                                    Claudia M. O'Brien    (admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2007, I electronically filed the foregoing Memorandum Concerning Venue and Certificate of Service with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>John Francis Mardula
>Roberts Abokhair & Mardula LLC
>11800 Sunrise Valley Drive
>Suite 1000
>Reston, Virginia 20191-5317
>Telephone: (703) 391-2900
>Facsimile: (703) 391-2901
>Email: JMardula@globe-IP.com

>Brooke Ellinwood McDonough
>Drinker, Biddle & Reath LLP
>1500 K Street, NW
>Suite 1100
>Washington, D.C. 20005
>Telephone: (202) 842-8800
>Facsimile: (202) 842-8800
>Email: bmcdonough@goodwinprocter.com

>Robert Andrew Price, Jr.
>Assistant United States Attorney
>Justin W. Williams United States Attorney Building
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>Telephone: (703) 299-3700
>Facsimile: (703) 299-3983
>E-mail: andrew.price@usdoj.gov

>Lauren A. Wetzler
>United States Attorney's Office
>Justin W. Williams United States Attorney Building
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>Telephone: (703) 299-3752
>Facsimile: (703) 299-3983
>E-mail: lauren.wetzler@usdoj.gov

And I hereby certify that I will mail the document by U.S. mail to the following non-

2

filing user:

    Monica Derbes Gibson
    Environmental Defense Section
    Environment and Natural Resources Division
    United States Department of Justice
    P.O. Box 23986
    Washington, D.C. 20026-3986
    Telephone: (202) 514-0135
    Facsimile: (202) 514-8865
    E-mail: monica.gibson@usdoj.gov

    /s/ Abid R. Qureshi
    Abid R. Qureshi
    Virginia Bar No. 41814
    Attorney for Plaintiff FMC Corporation
    LATHAM & WATKINS LLP
    555 Eleventh Street, N.W., Suite 1000
    Washington, D.C. 20004-1304
    Telephone: (202) 637-2200
    Facsimile: (202) 637-2201
    E-mail: abid.qureshi@lw.com