**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FMC CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07cv819-GBL-BRP |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY ) | |
| ) | |
| and ) | |
| ) | |
| STEVEN L. JOHNSON, in his official ) | |
| capacity as Administrator of the United ) | |
| States Environmental Protection Agency ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| NATURAL RESOURCES DEFENSE ) | |
| COUNCIL, INC. ) | |
| ) | |
| Intervenor. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO**
**COURT'S ORDER OF NOVEMBER 28, 2007**

Ronald J. Tenpas
Acting Assistant Attorney General
Environmental and Natural Resources Division

Monica Derbes Gibson
Environmental Defense Section
Environmental and Natural Resources Division
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-0135
Facsimile: (202) 514-8865
E-mail: monica.gibson@usdoj.gov

Chuck Rosenberg
United States Attorney

Ralph Andrew Price Jr.
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
Justin W. Williams U.S. Attorney Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3911
Facsimile: (703) 299-3983
E-mail: andrew.price@usdoj.gov

Counsel for defendants

This memorandum responds to the Court's Order dated November 28, 2007, directing the parties to submit supporting memoranda and authorities addressing whether venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(e).

The venue requirements for suits against a United States officer acting in his official capacity are set forth in 28 U.S.C. § 1391(e), which provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity... may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. . . .

Id.  As the Supreme Court has emphasized, "[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given a 'liberal' construction." Olerding v. Ill. Cent. R.R. Co., 346 U.S. 338, 340 (1953); see also Leroy v. Great W. United Corp., 443 U.S. 173, 184 n. 18 (1979) (quoting Olberding).

Neither Stephen Johnson, the Administrator of the Environmental Protection Agency ("EPA"), nor the EPA itself "resides" in this district.  A suit against the head of an agency acting in his official capacity may be brought in the district in which the official resides. 28 U.S.C. § 1391(e).  In this respect, "[t]he general rule in suits against public officials is that a defendant's residence for venue purpose[s] is the district where he performs his official duties . . . .  A number of the cases applying this principle have involved federal officials or agencies and have found only one official residence." See, e.g., Florida Nursing Home Assoc. v. Page, 616 F.2d 1355, 1360 (5th Cir. 1980), rev'd on other grounds, 450 U.S. 147 (1981) (internal citations omitted); see also Caremark Therapeutic Services v. Leavitt, 405 F. Supp. 2d 454, 464 (S.D.N.Y.

2005) ("[V]enue with respect to a federal officer or employee is proper in the place of his or her official residence, where his or her official duties are performed."). The federal defendants in this case, Administrator Johnson acting in his official capacity and the EPA itself, primarily perform their official duties in the District of Columbia. See 40 C.F.R. § 1.7(a) (providing that EPA's headquarters are located in Washington, D.C.); §§ 1.21(a), 1.23 (providing that the Office of the Administrator is located within EPA headquarters, and describing the duties of the Administrator).

The venue statute also allows a federal official acting in an official capacity to be sued in "any judicial district in which . . . (2) a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(e)(2). The EPA's promulgation of the subject regulation, as well as EPA's denial of plaintiff's petition for rulemaking – which are the core decisions plaintiff challenges in this case – both occurred in the District of Columbia, and not the Eastern District of Virginia.[1]

No real property is involved in this action, nor does plaintiff reside in the Eastern District of Virginia. According to the allegations set forth in the complaint, plaintiff is a Delaware corporation with its principle place of business in Philadelphia, Pennsylvania. Complaint ¶ 9. For venue purposes, therefore, plaintiff resides in Delaware. See, e.g., Fast Motor Lines, Inc. v. Interstate Commerce Comm'n, 5 F.3d 911, 921 & n. 15 (5th Cir. 1993) ("For venue purposes the residence of a corporate plaintiff, including a membership corporation, is the place of its

---

[1] Section 1406(a) of Title 28 provides that a case filed in the wrong district must be dismissed or, alternatively, may be transferred "to any district or division in which it could have been brought" if such a transfer is "in the interest of justice." 28 U.S.C. § 1406(a). Because defendants Johnson and the EPA both reside in the District of Columbia, and because the events giving rise to this case occurred in the District of Columbia, this case could properly be transferred to that district.

incorporation."); Donnelley Corp. v. Fed. Trade Comm'n, 580 F.2d 254, 269-70 (7th Cir. 1978) (same).[2] Therefore, plaintiff cannot rely on section 1391(e)(3) to defend bringing this suit in this district.[3]

---

[2]     The broad definition of corporate residence provided by 28 U.S.C. § 1391(c) expressly applies only to defendant, and not plaintiff, corporations.

[3]     Defendants have arguably waived any affirmative challenge to venue by failing to include such an argument in their answer or initial dispositive motion. This putative waiver certainly does not preclude this Court from appropriately raising the question sua sponte. Indeed, the Fourth Circuit expressly noted that a defendant's failure to bring a motion seeking a change of venue does not prevent the district court from ordering the same sua sponte. See Feller v. Brock, 802 F.2d 722, 729 n.7 (4th Cir. 1986); see also Adams v. Bell, 711 F.2d 161, 194 (D.C. Cir. 1983). In the end, although defendants' failure to raise venue in his initial response to plaintiff's complaints may prevent defendants from affirmatively seeking a venue transfer in this litigation, the Fourth Circuit's clear precedent does not prevent the District Court from doing so sua sponte. See id.; cf. 28 U.S.C. § 1406 (directing the Court to dismiss, or transfer to another district, a case in which it lacks proper venue).

## CONCLUSION

For the foregoing reasons, if this Court determines that FMC does not reside in the Eastern District of Virginia, then this case should be dismissed without prejudice or, in the alternative, transferred to another venue.

Respectfully Submitted,

Chuck Rosenberg
United States Attorney

By:    /s/
Ralph Andrew Price Jr.
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams United States Attorney Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3911
Facsimile: (703) 299-3983
E-mail: andrew.price@usdoj.gov

Ronald J. Tenpas
Acting Assistant Attorney General
Environment and Natural Resources Division

By:    /s/
Monica Derbes Gibson (VSB No. 36373)
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-0135
Facsimile: (202) 514-8865
E-mail: monica.gibson@usdoj.gov

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2007, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Abid R. Qureshi, Esquire
>LATHAM & WATKINS LLP
>555 Eleventh St., NW
>Suite 1000
>Washington, DC 20004-1304
>abid.qureshi@lw.com
>
>Counsel for plaintiff
>
>John Francis Mardula, Esquire
>Roberts Abokhair & Mardula LLC
>11800 Sunrise Valley Dr
>Suite 1000
>Reston, VA 20191-5317
>Mardula@globe-IP.com
>
>Counsel for intervenor

By: _____/s/_____
Ralph Andrew Price Jr.
Assistant U.S. Attorney
Office of the U.S. Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3911
Facsimile: (703) 299-3983
andrew.price@usdoj.gov

Counsel for all defendants