IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FMC CORPORATION,** | |
| *Plaintiff,* | |
| *v.* | |
| **U. S. ENVIRONMENTAL PROTECTION AGENCY,** *et al.,* | Civil Action No.1:07-CV-02277 (RMU) |
| *Defendants.* | |

## MOTION OF PLAINTIFF FMC CORPORATION TO TRANSFER VENUE TO THE DISTRICT OF DELAWARE, AND MEMORANDUM IN SUPPORT

Pursuant to 28 U.S.C. § 1404(a), Plaintiff FMC Corporation ("FMC") hereby respectfully moves to transfer this action to the District of Delaware. In the alternative, FMC moves that this action be retransferred to the Eastern District of Virginia ("Eastern District"). In support of this Motion, FMC submits the accompanying Memorandum of Law and [Proposed] Order.

Dated: January 7, 2007

Respectfully submitted,

/s/ Kenneth W. Weinstein_____
Kenneth W. Weinstein  (D.C. Bar No. 194548)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: ken.weinstein@lw.com

Attorney for FMC Corporation

# TABLE OF CONTENTS

Table of Authorities ....................................................................................................... ii

Preliminary Statement ....................................................................................................1

Legal Standard ...............................................................................................................4

Argument .......................................................................................................................5

I.       The Relevant Factors Weigh Strongly in Favor of Transfer .................................5

         A.       FMC's Choice of Forum Is Entitled To Substantial Deference ...............5
         B.       Transfer to Delaware Would Not Significantly Inconvenience EPA ....................6
         C.       The Interests of Justice Support Transfer ................................................7
         D.       The Public Interest Factors Do Not Upset the Strong Presumption That
                  Plaintiff's Choice of Forum Should Govern ...........................................8

II.      In the Alternative, This Court Should Retransfer This Case Back to the Eastern
         District...................................................................................................................10

Conclusion ...................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Ace Capital v. Varadam Foundation*, 392 F. Supp. 2d 671 (D. Del. 2005) .......................9

*BAE System Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581 (D. Del. 2004) ..............................................................................................................9

*Barham v. UBS Finance Services*, 496 F. Supp. 2d 174 (D.D.C. 2007)..........................5, 9

*Bartman v. Cheney*, 827 F. Supp. 1 (D.D.C. 1993) ...............................................................2

*Harris v. Republic Airlines*, 699 F. Supp. 961 (D.D.C. 1988)............................................7

*Modaressi v. Vedadi*, 441 F. Supp. 2d 51 (D.D.C. 2006) .....................................................6

*Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68 (D.D.C. 2005) .........................................9

*Director, Office of Workers' Compensation v. Greenwich Collieries*, 512 U.S. 267 (1994)................................................................................................................1

*Feller v. Brock*, 802 F.2d 722 (4th Cir. 1986) ....................................................................7

*Fine v. McGuire*, 433 F.2d 499 (D.C. Cir. 1970) ...............................................................7

*Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 496 F. Supp. 2d 137 (D.D.C. 2007) .............................................................................................................5

*\*Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124 (D.D.C. 2001)........6, 9

*\*Gross v. Owen*, 221 F.2d 94 (D.C. Cir. 1955) ...................................................................5

*International Painters v. Tri-State Interiors, Inc.*, 357 F. Supp. 2d 54 (D.D.C. 2004) .......................................................................................................................5

*\*In re Scott*, 709 F.2d 717 (D.C. Cir. 1983) .............................................................7, 8, 10

*In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998)............................................................10

*In re U.S. Parole Commission*, 793 F.2d 338 (D.C. Cir. 1986)....................................7, 11

*Johnson v. Lumenos, Inc.*, 471 F. Supp. 2d 74 (D.D.C. 2007) ...........................................9

*Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136 (D.D.C. 2004) .........................8

*National Wildlife Federation v. Harvey*, 437 F. Supp. 2d 42 (D.D.C. 2006) .................4, 5

*Onyeneho v. Allstate Insurance Co.*, 466 F. Supp. 2d 1 (D.D.C. 2006) .........................6, 7

*Sierra Club v. Van Antwerp*, No. 07-1756, 2007 U.S. Dist. LEXIS 88448 (D.D.C. Dec. 4, 2007)...............................................................................................................6

*Smith v. Dalton*, 927 F. Supp. 1 (D.D.C. 1996) .......................................................2

*\*Stafford v. Briggs*, 444 U.S. 527 (1980) ...........................................................8

*Trout Unlimited v. U.S. Department of Agriculture*, 944 F. Supp. 13 (D.D.C. 1996) ..............................................................................................................6

*Wilderness Society v. Babbitt*, 104 F. Supp. 2d 10 (D.D.C. 2000) .................5, 9

## STATUTES, RULES, AND REGULATIONS

5 U.S.C. § 556(d) ...............................................................................................1

7 U.S.C. § 136w(d)(1)........................................................................................3

28 U.S.C. § 1391(e) .........................................................................2, 4, 5, 8, 10

28 U.S.C. § 1404..........................................................................................1, 4, 5

40 C.F.R. § 164.80 .............................................................................................1

Carbofuran; Interim Reregistration Eligibility Decision; Notice of Availability, 71 Fed. Reg. 51,610 (Aug. 30, 2006)...................................................................3

Fed. R. Civ. P. 12(h) .........................................................................................3

## PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. § 1404(a), Plaintiff FMC Corporation ("FMC") moves to transfer this action to the District of Delaware,[1] the district in which FMC is incorporated and maintains its official residence.[2]

This action involves a challenge to a regulation of Defendant U.S. Environmental Protection Agency ("EPA") that is inconsistent with the "burden of proof" provision of the Administrative Procedure Act ("APA"), 5 U.S.C. § 556(d), as construed by the Supreme Court in *Director, Office of Workers' Compensation v. Greenwich Collieries*, 512 U.S. 267, 275-76 (1994). More specifically, the APA provides that in an adjudicatory hearing, the burden of persuasion is allocated to the proponent of the rule or order under consideration. 5 U.S.C. § 556(d).[3] EPA's burden of proof regulation, 40 C.F.R. § 164.80(b), is contrary to the APA, in that it reverses the APA's allocation of the burden of proof. EPA's regulation provides that in an adjudicatory hearing in which EPA is the proponent of an order to revoke the registration of a pesticide, EPA shall bear only the burden of going forward, but not the burden of persuasion; instead, the regulation allocates the burden of persuasion to the registrant of the pesticide, even though EPA is the proponent of the order revoking the registration.[4]

After EPA announced a decision to revoke the registration for FMC's insecticide product, known as carbofuran, FMC, believing that EPA's decision was scientifically incorrect and

---

[1]    FMC contacted opposing counsel pursuant to Local Rule 7(m). Natural Resources Defense Council, Inc. represented that it does not consent to this motion. EPA opposes this motion.

[2]    *See* Pattison Decl. ¶¶2-3 (Ex. A).

[3]    Section 7(c) of the APA, 5 U.S.C. § 556(d), provides: "Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof."

[4]    *See* 40 C.F.R. § 164.80 (recognizing that EPA as the "proponent of cancellation or change in classification" has the "burden of going forward" but providing that the registrant has the "the ultimate burden of persuasion" on "all issues").

anticipating that an adjudicatory hearing would be held to determine whether carbofuran's registration should be revoked, filed a petition for rulemaking to amend EPA's burden of proof regulation to conform with the APA. After EPA denied the petition in April 2007, FMC brought this action in August 2007, seeking to set aside EPA's denial of the rulemaking petition as well as the underlying regulation.

FMC filed its action in the Eastern District of Virginia, the site of EPA's Office of Pesticide Programs.[5] FMC believes that venue is proper in the Eastern District under 28 U.S.C. § 1391(e)(1) because Defendant EPA "resides" in that district. Under the relevant precedents, "[o]fficers and agencies of the United States can have more than one residence, and venue can properly lie in more than one jurisdiction." *Bartman v. Cheney*, 827 F. Supp. 1, 2 (D.D.C. 1993). "The test is whether the officer or agency performs a 'significant amount' of his or her official duties there." *Smith v. Dalton*, 927 F. Supp. 1, 6 (D.D.C. 1996) (quoting *Bartman*, 827 F. Supp. at 2) (concluding that Secretary of the Navy "resides" in both Virginia and D.C.). Because EPA's Office of Pesticide Programs maintains its headquarters and a substantial presence in the Eastern District, EPA has a residence there and may be sued there under § 1391(e)(1).[6]

FMC also could have brought suit in the District of Delaware, its district of residence, or in Washington, D.C., where EPA maintains its national headquarters and also resides. Of the three forums, FMC chose the Eastern District of Virginia in order to obtain the most expeditious

---

[5]    EPA maintains a self-described "headquarters facilities" in Arlington Virginia, which consists of three buildings housing approximately 1650 EPA personnel, including EPA's Office of Pesticide Programs. *See* http://www.epa.gov/oaintrnt/facilities/hq_nova.htm.

[6]    Venue was further proper in the Eastern District pursuant to § 1391(e)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" there. *See* FMC Mem. Re: Venue at 3 (filed Dec. 5, 2007) (docket #44).

ruling.[7]  As of the date of that the court considers this motion, EPA will almost certainly have

submitted its Notice of Intent to Cancel carbofuran to the requisite authorities, which would

allow it to initiate an adjudicatory hearing to "cancel" FMC's registration of carbofuran as soon

as March 2008.[8]  FMC also believed that EPA would not be meaningfully inconvenienced by

litigating the suit in the Eastern District, whose Alexandria courthouse is located within five

miles of both EPA's Washington D.C. and Virginia headquarters.

EPA raised no objection to venue in the Eastern District in its answer, or by way of a

motion to transfer venue or any other motion, and thus waived any defense based on improper

venue.[9]  FMC filed a motion for judgment on the pleadings, which was scheduled to be heard on

December 7, 2007, along with EPA's cross-motion for summary judgment.  However, no

argument on the cross-motions was permitted at the hearing, as the court ruled *sua sponte* that

venue did not lie in that district, notwithstanding EPA's waiver.  Without affording Plaintiff

FMC any opportunity to address where the case could or should be transferred if venue did not

lie in the Eastern District, the court simply ordered that the case be transferred to the District of

---

[7]     Data on the courts' dockets is publicly available in the Federal Court Management
        Statistics.  *See* http://www.uscourts.gov/fcmstat/.

[8]     Under section 25(d) of the Federal Insecticide, Fungicide and Rodenticide Act
        ("FIFRA"), 7 U.S.C. § 136w(d)(1), EPA may initiate a cancellation proceeding 30 days
        after a meeting of EPA's Scientific Advisory Panel, which is scheduled for February 5,
        2008. Carbofuran; Interim Reregistration Eligibility Decision; Notice of Availability, 71
        Fed. Reg. 51,610, 51,611-12 (Aug. 30, 2006); *see also*
        http://www.epa.gov/scipoly/sap/index.htm#08feb.

[9]     *See* Fed. R. Civ. P. 12(h) ("[A] defense of . . . improper venue . . . is waived . . . if it is
        neither made by motion under this rule nor included in a responsive pleading or an
        amendment thereof."). EPA conceded that it "arguably waived any affirmative challenge
        to venue by failing to include such an argument in their answer or initial dispositive
        motion."  EPA Mem. in Resp. to Court's Order of Nov. 28, 2007 ("EPA Venue Br.") at 3
        n.3 (filed Dec. 5, 2007) (docket #45).

Columbia because EPA's general counsel, who had denied FMC's rulemaking petition, resided there, and that was the forum in which "typically a case like this would be brought."[10]

In determining where to transfer this action, the Eastern District should have considered all of the forums where venue exists. It should then have given deference to the plaintiff's choice of forum, especially where, as here, FMC seeks transfer to its home forum, and litigating this case in the District of Delaware would not pose any meaningful inconvenience to the government.[11] Because FMC was not given the opportunity to be heard on the issue of where this case should have been transferred, it has filed this motion to transfer venue pursuant to 28 U.S.C. § 1404.[12] As this case is now fully briefed and ready for decision on the pending cross-motions, FMC requests that this action be transferred to the District of Delaware for disposition of the merits. In the alternative, FMC requests that this Court retransfer this case to the Eastern District, as the denial of FMC's current motion would represent ratification of the Eastern District's transfer order, which constitutes clear error under binding authority of this Court.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The Court is afforded broad discretion to decide whether transfer from one jurisdiction to another is proper." *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 45 (D.D.C. 2006).

---

[10]     Transcript of December 7, 2007 hearing ("12/7/07 Tr.") at 5:22-25.

[11]     *See infra* Section I.B.

[12]     The Eastern District asked the parties only to address the question of whether venue existed in that court; it did not ask the parties to address the issue of transfer. *See* Nov. 28, 2007 Order (ordered parties to file briefs of no more than three pages addressing "whether venue is proper in this district under 28 U.S.C. § 1391(e)").

"The threshold question under Section 1404(a) is whether the action 'might have been brought'" in the alternate forum, here the District of Delaware. *Id.* at 46 (quoting 28 U.S.C. § 1404). As previously discussed, it is undisputed that venue is proper in Delaware under 28 U.S.C. § 1391(e)(1), because FMC is incorporated in Delaware.

After this threshold inquiry, a court must

> weigh a number of case-specific private and public-interest factors. The private-interest consideration include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

*Barham v. UBS Fin. Servs.*, 496 F. Supp. 2d 174, 177 (D.D.C. 2007) (citations omitted).

## ARGUMENT

## I.   THE RELEVANT FACTORS WEIGH STRONGLY IN FAVOR OF TRANSFER

### A.   FMC's Choice Of Forum Is Entitled To Substantial Deference

"It is almost a truism that a plaintiff's choice of a forum will rarely be disturbed and, so far as the private interests of the litigants are concerned, it will not be unless the balance of convenience is strongly in favor of the defendant." *Gross v. Owen*, 221 F.2d 94, 95 (D.C. Cir. 1955) (applied in *Int'l Painters v. Tri-State Interiors, Inc.*, 357 F. Supp. 2d 54, 55-56 (D.D.C. 2004) and *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12-13 (D.D.C. 2000)). "Deference to the plaintiff's choice of forum is particularly strong where the plaintiff has chosen his home forum.'" *Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 496 F. Supp. 2d 137, 144 (D.D.C. 2007) (quotations omitted)); *accord Wilderness Soc'y*, 104 F. Supp. 2d at 12-13. "The

court must afford substantial deference to the plaintiffs' choice of forum." *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001).

Thus, "substantial deference" should be accorded FMC's choice of its home forum for the litigation of this case. Delaware has been FMC's legal residence for nearly 80 years, and FMC maintains a substantial presence in the state, including a major manufacturing facility in Newark, Delaware.[13] Under the case law, a presumption therefore arises that this action should be heard in Delaware, unless the balance of conveniences were to weigh strongly in favor of the defendant. That is not the case here.

**B.    Transfer To Delaware Would Not Significantly Inconvenience EPA**

There would be no material inconvenience to EPA in litigating this case in Delaware. The case has already been fully briefed, and turns solely on an issue of law: whether EPA's regulation violates the APA. There are no facts in dispute, and no witnesses.[14] At most, the action would require a single appearance at a hearing on the dispositive cross-motions. A potential one-hour and fifteen minute train ride to Wilmington by counsel does not rise to the degree of inconvenience that would overcome the presumption in favor of the plaintiff's choice of its home forum. *Cf. Modaressi v. Vedadi,* 441 F. Supp. 2d 51, 57 n.7 (D.D.C. 2006) ("[T]he geographic distance between this Court and those of the District of Maryland is far too small to present anything more than minor practical difficulties for the parties or their witnesses."); *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006). Nor is the convenience to

---

[13]    *See* Pattison Decl. ¶¶2-3 (Ex. A).

[14]    *See Sierra Club v. Van Antwerp*, No. 07-1756, 2007 U.S. Dist. LEXIS 88448, at *15 (D.D.C. Dec. 4, 2007) ("the Court considers this case to be one based solely upon the administrative record, thus making the convenience of witnesses and access to proof irrelevant to the issue of transfer of venue."); *accord Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 18 (D.D.C. 1996).

counsel of significance. *See Onyeneho*, 466 F. Supp. 2d at 4 n.1 ("The location of counsel carries little, if any, weight in an analysis under § 1404(a)." (quotations and alteration omitted)).

Further, EPA raised no objection to venue in the Eastern District, noted that venue would be proper in Delaware, [15] and expressed no preference for venue in D.C. during the pendency of this action. Therefore, any newly expressed EPA preference for D.C. should be accorded little weight. *Cf. Harris v. Republic Airlines,* 699 F. Supp. 961, 964 (D.D.C. 1988) (considering delay in bringing motion to transfer as relevant factor).

## C.    The Interests of Justice Support Transfer

Quite clearly, FMC was improperly denied the opportunity to express its preference as to its choice of Delaware as the forum for transfer of this action, and was denied the opportunity to have its choice fairly and properly considered and weighed against any countervailing factors. Now that the case is before this Court, the interests of justice require that consideration be given to the relevant factors to determine the appropriate forum for the disposition of this action. The law is clear that it is error for the district court to transfer a case *sua sponte* without giving the plaintiff an opportunity to address the issue of transfer. *Fine v. McGuire*, 433 F.2d 499, 500-01 (D.C. Cir. 1970) (granting writ of mandamus); *see also In re U.S. Parole Comm'n*, 793 F.2d 338, 348 n.91 (D.C. Cir. 1986) (citing *Fine* as a case where mandamus relief was given because the district court "failed to afford an opportunity for a hearing prior to transfer"); *accord Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("If the matter is raised *sua sponte*, the parties deserve an opportunity to be heard before a decision is rendered.").

The D.C. Circuit has further held that *sua sponte* transfers for purposes of docket control represent such clear error as to warrant the extraordinary remedy of mandamus. *See In re Scott*,

---

[15]    EPA Venue Br. at  2 n.1.

709 F.2d 717, 721 (D.C. Cir. 1983).  *Compare id.* at 719 (granting writ of mandamus where district court considered transfer *sua sponte* because of the "very large number of forma pauperis cases" on its docket.) *with* 12/7/07 Tr. at 10:23-25 (explaining its decision to consider transfer *sua sponte*, notwithstanding waiver by EPA, by stating: "We're very well aware of the speed of our docket.  Part of the reason we're able to do that is because we handle the cases that belong to us.").  Ratification of the Eastern District's manifest legal error is not in the interests of justice.

Indeed, the Eastern District's reflexive transfer to D.C. – without any consideration of whether venue might be appropriate in other districts – is precisely what Congress intended to abolish in enacting 28 U.S.C. § 1391(e) in the Mandamus and Venue Act of 1962.  That legislation was intended to provide "expanded choice of venue" and eliminate the previous judicial doctrines that made Washington, D.C. the only venue for suits seeking injunctive relief against governmental agencies.  *See*, *e.g.*, *Stafford v. Briggs*, 444 U.S. 527, 534 (1980).  Under 28 U.S.C. § 1391(e), EPA can be sued wherever potential plaintiffs reside – *i.e.,* in every judicial district in the United States, as long as no real property is involved.  EPA can therefore reasonably expect to be sued not only in every judicial district in which it resides, but in essentially every federal courthouse in the U.S.

**D.    The Public Interest Factors Do Not Upset the Strong Presumption That Plaintiff's Choice of Forum Should Govern**

The public interest factors are largely neutral and should not upset the deference accorded to FMC's choice of venue.  The transferee's familiarity with the governing law should have no weight on the analysis because "a transferee federal court is competent to decide federal issues correctly."  *Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 143 (D.D.C. 2004); *accord*

8

*Barham*, 496 F. Supp. 2d at 180; *Johnson v. Lumenos, Inc.*, 471 F. Supp. 2d 74, 78 (D.D.C. 2007).  Similarly, the relative congestion of the courts' dockets has little applicability.[16]

The local interest factor also should be given little weight.  This case involves a challenge to a regulation with national implications.  Manufacturers of pesticides and the farmers who use them are distributed throughout the nation, and are all potentially interested in the outcome of this litigation.  *See Greater Yellowstone Coal.*, 180 F. Supp. 2d at 129 (discounting local interest factor where the case "has some national significance"); *Wilderness Soc'y*, 104 F. Supp. 2d at 13-14 (same).  Nor is environmental and agricultural regulation uniquely the local interest of the District of Columbia. Indeed, D.C. likely has less agriculture than any other judicial district in the nation.

Furthermore, this case also involves the denial of a Delaware corporation's petition for rulemaking.  Delaware therefore has a strong interest in vindicating the rights of FMC, which is both incorporated in Delaware and maintains a significant presence there.  *See Ace Capital v. Varadam Found.*, 392 F. Supp. 2d 671, 676 (D. Del. 2005) ("Delaware has an interest in litigation regarding companies incorporated within its jurisdiction."); *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 589 (D. Del. 2004) (same); *see also Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 74 (D.D.C. 2005) (granting transfer to District of Maryland in part because Maryland "has an interest in protecting its citizens").

---

[16]     While D.D.C. has a higher percentage of civil cases that have been pending for more than three years (15.1% vs. 10.6%) and on average takes longer to progress from filing to trial in civil cases (37.0 vs. 26.0 months), the District of Delaware takes longer on average to move to disposition in civil cases (16.8 vs. 10.2 months).  *See* Federal Court Management Statistics, *available at* http://www.uscourts.gov/fcmstat/.

In summary, there is no compelling reason why venue in the District of Columbia should be given preference over Plaintiff FMC's choice of its home forum of Delaware for the adjudication of this case.

## II.    IN THE ALTERNATIVE, THIS COURT SHOULD RETRANSFER THIS CASE BACK TO THE EASTERN DISTRICT

In the event that this Court concludes that a transfer to Delaware is not warranted, FMC requests that this Court retransfer this action to the Eastern District for all the reasons stated herein.  The Eastern District's *sua sponte* transfer to this Court for the purpose of docket control was clear error under binding authority on this Court.  *See In re Scott*, 709 F.2d at 721 (granting mandamus relief and holding that *sua sponte* transfer for docket control purposes was "unacceptable" and that the "transfer order clearly fails to evince a tolerable basis.")[17]  A complete denial of FMC's current motion would constitute a ratification of this obvious legal error and would itself be clear error for all the reasons stated in *In re Scott* and its progeny.  *See id.*; *see also In re Sealed Case*, 141 F.3d 337, 343 (D.C. Cir. 1998) (granting writ of mandamus where "[t]he Rules of Civil Procedure themselves do not provide any basis for such authority

---

[17]    The record is replete with indications that the Eastern District's basis for considering venue *sua sponte* was docket control and a concern that more cases would be filed in the Eastern District.  *See* 12/7/07 Tr. at 10:23-25 ("We're very well aware of the speed of our docket.  Part of the reason we're able to do that is because we handle the cases that belong to us."); *id.* at 13:24-25 ("[P]art of the reason . . . [for the speed of the docket] is because we handle the cases that belong to us."); *id.* at 14:5-8 ("I don't want to encourage forum shopping where government agencies that have offices here . . . just because we move our cases."); *id.* at 4:14-17 ("So then . . . any federal agency that has an office in Arlington, Virginia, or in Greenbelt, Maryland, then the EPA could be sued all over the country; is that right?"); *id.* at 5:22-25; *id.* at 8:4-8 ("I just wonder if we won't be opening the doors up to additional litigation against federal agencies because they have offices in Virginia when this litigation typically is brought in the District of Columbia where the head of the agency resides."); *id.* at 11:3-6 ("[I]s it your view that if a government agency has offices in Virginia or Maryland or Iowa that they can be sued all over the country just because they have offices there?").  As noted previously, the Eastern District's concern was misplaced.  Under 28 U.S.C. § 1391(e), EPA could be sued wherever potential plaintiffs reside - *i.e.* every judicial district in the United States.

[for the transfer], and district courts have no inherent powers to transfer."); *also In re U.S. Parole Comm'n*, 793 F.2d at 348 n.91.  Moreover, litigating in the Eastern District would not present any inconvenience to EPA and should be favored under the public interest factors, given the Eastern District's uncongested docket relative to D.D.C.

## CONCLUSION

For the foregoing reasons, FMC's motion to transfer venue should be granted.

Respectfully submitted,

Dated:  January 7, 2008                                   /s/ Kenneth W. Weinstein

Kenneth W. Weinstein  (D.C. Bar No. 194548)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: ken.weinstein@lw.com

Attorney for FMC Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2008, I caused the foregoing Motion to

Transfer Venue to be filed via the Court's CM/ECF system, which will electronically send notice

of such filing to the following CM/ECF user:

> Brooke Ellinwood McDonough
> bmcdonough@goodwinprocter.com

And I further certify that on January 7, 2008, I caused the document to be served via U.S.

mail, postage pre-paid, upon the following:

> John Francis Mardula
> Roberts Abokhair & Mardula LLC
> 11800 Sunrise Valley Drive
> Suite 1000
> Reston, Virginia 20191-5317
> Telephone: (703) 391-2900
> Facsimile: (703) 391-2901
> Email: JMardula@globe-IP.com

> Robert Andrew Price, Jr.
> Assistant United States Attorney
> Justin W. Williams United States Attorney Building
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> Telephone: (703) 299-3700
> Facsimile: (703) 299-3983
> E-mail: andrew.price@usdoj.gov

> Lauren A. Wetzler
> United States Attorney's Office
> Justin W. Williams United States Attorney Building
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> Telephone: (703) 299-3752
> Facsimile: (703) 299-3983
> E-mail: lauren.wetzler@usdoj.gov

Monica Derbes Gibson
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-0135
Facsimile: (202) 514-8865
E-mail: monica.gibson@usdoj.gov

/s/ Kenneth W. Weinstein

DC\1064292.4

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FMC CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>**U. S. ENVIRONMENTAL PROTECTION AGENCY,** *et al.,*<br><br>*Defendants.* | Civil Action No.1:07-CV-02277 (RMU) |

### DECLARATION OF JOSEPH E. PATTISON

I, Joseph E. Pattison, Esq., under penalty of perjury, hereby declare as follows:

1.     I am Associate General Counsel for FMC Corporation ("FMC") and have been in that position since 1993. I have personal knowledge of the matters set forth herein and could testify competently thereto.

2.     FMC has been incorporated in Delaware for nearly 80 years, since August 10, 1928.

3.     FMC has maintained a long-run, significant presence in the state of Delaware, including a pharmaceutical products plant located in Newark, Delaware. That plant began operations in 1962, and today operates 24 hours a day, employing over one hundred individuals.

4.     I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed in Philadelphia, Pennsylvania on January 4, 2008.

_____

Joseph E. Pattison, Esq.

Executed on January 4, 2007
Philadelphia, PA

DC\1064732.1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FMC CORPORATION,** | |
| *Plaintiff,* | NO: 1:07-CV-02277 |
| *v.* | |
| **U. S. ENVIRONMENTAL PROTECTION** | Hon. Ricardo M. Urbina |
| **AGENCY,** *et al.,* | Oral Argument Requested |
| *Defendants.* | |

## <u>ORDER</u>

The Matter came before the Court on _____, 2008 on the Motion of Plaintiff FMC

Corporation to Transfer Venue.  The Court being fully advised in the premises, IT IS HEREBY

ORDERED that Plaintiff's Motion is GRANTED.

The Court FURTHER ORDERS that this Matter be, and hereby is, TRANSFERRED to the United

States District Court for the District of Delaware.

IT IS SO ORDERED.

ENTERED:

By the Court:

Date:_____                    _____

Hon. Ricardo M. Urbina
United States District Judge

cc:

Kenneth W. Weinstein
Ken.Weinstein@lw.com

Brooke Ellinwood McDonough
bmcdonough@goodwinprocter.com

John Francis Mardula
Roberts Abokhair & Mardula LLC
11800 Sunrise Valley Drive
Suite 1000
Reston, Virginia 20191-5317
Telephone: (703) 391-2900
Facsimile: (703) 391-2901
Email: JMardula@globe-IP.com

Robert Andrew Price, Jr.
Assistant United States Attorney
Justin W. Williams United States Attorney Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-3983
E-mail: andrew.price@usdoj.gov

Lauren A. Wetzler
United States Attorney's Office
Justin W. Williams United States Attorney Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3752
Facsimile: (703) 299-3983
E-mail: lauren.wetzler@usdoj.gov

Monica Derbes Gibson
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-0135
Facsimile: (202) 514-8865
E-mail: monica.gibson@usdoj.gov