**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FMC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, | ) | |
| | ) | |
| and | ) | Civil Action No. 07-2277 (RMU) |
| | ) | |
| STEVEN L. JOHNSON, in his official | ) | |
| capacity as Administrator of the United | ) | |
| States Environmental Protection Agency, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATURAL RESOURCES DEFENSE | ) | |
| COUNCIL, INC., | ) | |
| | ) | |
| Intervenor. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO TRANSFER**

Plaintiff FMC Corporation ("FMC") brought this suit to challenge the denial by the U.S. Environmental Protection Agency ("EPA") of FMC's petition to amend a regulation promulgated by EPA in 1973 that applies to administrative hearings under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136, et seq. ("FIFRA"). Plaintiff seeks review of EPA's decision under the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq*. FMC originally filed suit in the Eastern District of Virginia. However, the court (G. Lee, J.) *sua sponte* raised the issue of whether venue was proper and ordered the parties to submit briefs on

the issue. On December 7, 2007, following briefing and a hearing, Judge Lee determined that venue did not lie in the Eastern District, and he transferred the case to the U.S. District Court for the District of Columbia. The court based its decision on the ground that FMC does not reside in the Eastern District, EPA is headquartered in the District of Columbia, and the events giving rise to Plaintiff's claim – *i.e.*, EPA's decision denying Plaintiff's petition to amend the EPA rule at issue – occurred in the District of Columbia. *See* 28 U.S.C. § 1391(e).

In the December 7, 2007, hearing, FMC stated that maintaining this case in the Eastern District of Virginia "certainly would be much more convenient for the plaintiff FMC because this Court has acted on this case so expeditiously." Tr. at 7. In ruling that this case should be transferred to the U.S. District Court for the District of Columbia, Judge Lee admonished FMC for "forum shopping." Tr. at 13.

In its motion, filed on January 7, 2008, FMC now seeks to have the case transferred again, this time to the District of Delaware, or in the alternative, back to the Eastern District of Virginia. As discussed below, this Court should deny FMC's motion, which constitutes yet another attempt to forum shop. Judge Lee's Order transferring this case to the District Court for the District of Columbia is the law of the case, and FMC has not met the substantial burden of showing that the transfer decision was clear error or manifestly unjust. The factors weighed in examining venue support the appropriateness of the District Court for the District of Columbia. As Judge Lee pointed out in the December 7, 2007, hearing, Administrative Procedure Act cases such as this one "certainly can have a proper forum, and that's the District of Columbia District Court." Tr. at 14.

## BACKGROUND

The APA directs federal agencies to "give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e). Pursuant to the APA, FMC submitted to EPA a "Petition for Amendment of Rule" dated November 7, 2006. Compl., Ex. 1. The rulemaking petition was addressed to Stephen L. Johnson, EPA Administrator, at EPA headquarters in Washington, D.C. At FMC's request, representatives from the EPA Office of General Counsel met with counsel for the Plaintiff at EPA headquarters in Washington, D.C., in February 2007. Compl., Ex. 3. FMC then submitted to EPA a letter dated March 7, 2007, *id.*, and EPA responded to the rulemaking petition in a letter dated April 3, 2007. Compl., Ex. 4. The response letter was signed by EPA's then-Acting General Counsel, Roger Martella. *Id.*

In its response to FMC's petition, EPA declined to reconsider its 1973 rule, 40 C.F.R. § 164.80(b). EPA explained that in 1996, the Agency had considered the specific issues raised in FMC's petition and determined that they lacked merit. EPA further explained that the Plaintiff's petition did not raise any new factual or legal issues and EPA therefore declined to reconsider the issue and initiate a rulemaking to amend the 1973 rule.

This lawsuit followed. FMC originally chose to file in the Eastern District of Virginia, alleging that venue would be appropriate there because EPA's Office of Pesticide Programs is located in Arlington, Virginia. Pl. Mem. Regarding Venue, Doc. 44, at 2 - 3.

The Eastern District of Virginia correctly transferred this case to the District Court for the District of Columbia. The court was within its power to raise the issue of venue *sua sponte*. *Feller v. Brock*, 802 F.2d 722, 729 n. 7 (4th Cir. 1986). The transfer is the law of the case, and FMC does not meet the substantial burden of showing that the transfer decision was clear error or manifestly unjust. *See Hill v. Henderson*, 195 F.3d 671, 677 (D.C. Cir. 1999)(*citing Chrysler*

*Credit Corp. v. Country Chrysler*, 928 F.2d 1509, 1518 (10th Cir. 1991). The factors weighed in examining venue support the appropriateness of the District Court for the District of Columbia, and the Plaintiff's second-choice venue of the District of Delaware is not accorded great deference. *Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, 2007 WL 128283 *3 (E.D. Tx. Jan. 11, 2007).

## STANDARD OF REVIEW

This case is before this Court as a result of a transfer order issued by the Eastern District of Virginia. "Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988). Therefore, both aspects of FMC's Motion to Transfer should be reviewed in light of the doctrine of the law of the case, which "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.*, *quoting Arizona v. California*, 460 U.S. 605, 618 (1983). Under this doctrine, "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* at 817, *quoting Arizona v. California*, 460 U.S. at 618.

FMC's Motion to Transfer this action to Delaware would ordinarily be reviewed under 28 U.S.C. § 1404(a) using "an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)(internal quotation and citations omitted). Courts have laid out a number of private interest and public interest factors to be considered in addressing venue under Section 1404(a). Private interest factors include:

>   (1) the plaintiff's choice of forum, unless the balance of
>   convenience is strongly in favor of the defendants; (2) the
>   defendants' choice of forum; (3) whether the claim arose
>   elsewhere; (4) the convenience of the parties; (5) the convenience
>   of the witnesses of the plaintiff and defendant, but only to the
>   extent that witnesses may actually be unavailable for trial in one of
>   the fora; and (6) the ease of access to sources of proof.

*Trout Unlimited v. United Stated Dep't of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996). Public interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.* (citations omitted). However, because FMC's original venue choice was not in its home forum, and because the District of Delaware is FMC's second-choice forum, deference to the Plaintiff's choice of venue is diminished. *Lagor v. Eli Lilly and Co.*, 2007 WL 1748888, *2 (D.D.C. June 18, 2007), *citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) *and Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001); *Health Discovery Corp.*, 2007 WL 128283 at *3. In addition, FMC has a substantial burden, as the party moving to transfer, to show that transfer is proper. *Akiachak Native Community v. Dep't of Interior*, 502 F. Supp. 2d 64, 67 (D.D.C. 2007)(citation omitted). The appropriate venue has been adjudicated by the Eastern District of Virginia, and is the law of the case and should not be disturbed absent clear error or manifest injustice. *Christianson*, 486 U.S. at 817.

  With respect to FMC's request that this Court retransfer the case to the Eastern District of Virginia, D.C. Circuit case law does not allow a transfer order to be reviewed by the "transferee court." *In re Briscoe*, 976 F.2d 1425, 1426 (D.C. Cir. 1992), *citing Christianson*, 486 U.S. at 816-817. *Accord, Hill*, 195 F.3d at 677 (1999) ("absent exceptional circumstances a transfer

order should not be reviewed by the transferee circuit . . .")(citations omitted).[1]  As noted above, the transfer order from the Eastern District of Virginia is considered the "law of the case" unless the transfer order constitutes clear error or manifest injustice.

Although this Court has the authority to review FMC's Motion to Transfer, absent a showing of clear error or manifest injustice, the transfer from the Eastern District of Virginia is the law of the case.  *See Christianson*, 486 U.S. at 816-17 (policies supporting "law of the case" doctrine apply more strongly to transfer decisions than to decisions of substantive law).  Consistent with the law of the case doctrine, in determining whether the Eastern District of Virginia's transfer order is clearly erroneous or manifestly unjust, this Court is to apply a highly deferential standard of review.  *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991).

**ARGUMENT**

I.      <u>FMC Has Failed to Demonstrate that the Eastern District of Virginia's *Sua Sponte* Transfer is Clear Error or Causes Manifest Injustice</u>.

In both the Fourth Circuit and the D.C. Circuit, a court may transfer a case *sua sponte*. *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986); *see also Adams v. Bell*, 711 F.2d 161, 194 (D.C. Cir. 1983).  In large part, FMC argues that the Eastern District of Virginia's transfer was improper based on a mischaracterization of the court's proceedings and decision.  FMC fails to make the required showing of clear error or manifest injustice that is necessary to overcome the

---

[1] The general rule against review of transfer orders by transferee courts does not deprive a party of effective review.  Transfer orders "are usually effectively subject to immediate review in the circuit of the transferring court.  They may thus immediately become 'reviewable decisions' under [28 U.S.C. § 1294]." *Hill*, *supra*, 195 F.3d at 677.  In this case, FMC failed to avail itself of the right to seek immediate review of the transfer order by the Fourth Circuit Court of Appeals.

-6-

...

presumption that the transfer order is the "law of the case" and should not be overturned absent clear error or manifest injustice. *See In re Briscoe*, 976 F.2d 1425, 1426 (D.C. Cir. 1992), *citing Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816-817 (1988). *Accord, Hill*, 195 F.3d at 677; *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974)("[I]t is well established that a transferee court cannot directly review the transfer order itself. . . .")(citations omitted).

Although FMC is correct that Defendants arguably waived any affirmative challenge to venue by failing to include such an argument in their answer or initial dispositive motion, this putative waiver certainly did not preclude the Eastern District from appropriately raising the question *sua sponte*. Indeed, the Fourth Circuit expressly noted that a defendant's failure to bring a motion seeking a change of venue does not prevent the district court from ordering the same *sua sponte*. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986); *see also Adams v. Bell*, 711 F.2d 161, 194 (D.C. Cir. 1983). In the end, although defendants' failure to raise venue in its initial response to plaintiff's complaint may have prevented the defendants from affirmatively seeking a venue transfer in this litigation, the Fourth Circuit's clear precedent does not prevent the District Court from transferring this case *sua sponte*. *See Feller*, 802 F.2d at 729 n. 7; *cf*. 28 U.S.C. § 1406 (directing the Court to dismiss, or transfer to another district, a case in which it lacks proper venue).

FMC is also correct that the court is required to provide the parties an opportunity to be heard before ordering a transfer. In *Feller v. Brock*, 802 F.2d 722, 729 n. 7 (4th Cir. 1986), the court noted that "the district court may consider the possibility of transfer *sua sponte*. If the matter is raised *sua sponte*, the parties deserve an opportunity to be heard before a decision is

rendered." The D.C. Circuit has directed that "before ordering transfer the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons for believing that this forum is the most convenient or that the proposed alternative forum is inconvenient or not within the ambit of § 1404(a)." *Starnes*, 512 F.2d at 934. *See also, e.g., Kirby v. Mercury Savings and Loan Ass'n*, 755 F. Supp. 445, 448 (D.D.C. 1990)(transferring, *sua sponte*, a case to the United States District Court for the Southern District of California).

Judge Lee of the Eastern District of Virginia offered the parties to this case a full opportunity to be heard regarding transfer. On November 28, 2007, Judge Lee entered an order directing the parties to file memoranda of law regarding venue in the Eastern District of Virginia. Doc. No. 40, November 28, 2007, Order. At the hearing on December 7, 2007, Judge Lee asked the parties to discuss venue. Tr. at 4 - 11. At no time did the court restrict the parties from expressing any preference as to alternative fora or otherwise restrict the issues that might be raised in determining whether venue was proper. Indeed, at the hearing Judge Lee specifically asked FMC's counsel whether there was "anything more that you want to say that you've not been given a chance to say?" Tr. at 8-9. FMC presented argument regarding venue and regarding the possibility of transfer in its Memorandum Regarding Venue and at the hearing. Doc. No. 44; Tr. at 6. Thus, notwithstanding its claims to the contrary, FMC has had ample opportunity to raise any preference as to its choice of venue.

EPA affirmatively addressed the issue of transfer to the District of Columbia in its

Memorandum Regarding Venue and at the hearing.[2]  EPA Mem. Regarding Venue, Doc. No. 45, at 2 n.1 ( "Because defendants Johnson and the EPA both reside in the District of Columbia, and because the events giving rise to this case occurred in the District of Columbia, this case could properly be transferred to that district.")  *See also* Tr. at 9.

After reviewing the memoranda on venue and hearing the parties' oral argument regarding venue, Judge Lee found that venue in the Eastern District of Virginia was not appropriate and  ordered the case transferred to its appropriate venue, the District Court for the District of Columbia.  Tr. at 12 - 14.  This finding was based on reasons that Judge Lee articulated from the bench:

– "[T]he issue has to do with the EPA's refusal to grant a petition for rule making.  And it seems to me, that decision occurred in Washington, D.C."  Tr. at 13.

– "The presence of the pesticide office in Virginia and employees there is not determinative of the nature of the claim."  *Id.*

– "The ultimate judgment about the pesticide . . . made by officials in Washington, D.C." *Id.*  FMC's claims that Judge Lee's decision is "clear error" under D.C. Circuit precedent, and therefore this court should transfer this case, are thus entirely without merit.

II.    <u>Venue Is Proper in the District of Columbia</u>.

The transfer of cases between federal district courts is authorized by 28 U.S.C. § 1404(a).

---

[2]FMC inaccurately claims that EPA "noted that venue would be proper in Delaware."  Pl. Mem. in Support of Mot. to Transfer, Doc. 50, at 7.  EPA stated only that, as FMC is a Delaware corporation, "for venue purposes, therefore, plaintiff resides in Delaware."  Def. Mem. in Response to Court's Order of November 28, 2007, Doc. 45, at 2.  EPA made no representation that venue would be appropriate in Delaware.  *Id.*

Section 1404(a) gives district courts discretion to make venue determinations "according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)(internal quotation and citations omitted). The first question that arises under Section 1404(a) is whether the action could have been brought in the judicial district to which transfer is sought. *Trout Unlimited,* 944 F. Supp. at 16. It is clear that this case could have been brought in the District of Columbia. *See. e.g.,* Tr. at 12-13.

Courts have laid out a number of private interest and public interest factors to be considered in addressing venue under Section 1404(a). Private interest factors include:

> (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

*Trout Unlimited*, 944 F. Supp. at 16 (citations omitted). Public interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.* (citations omitted).

Both the private interest considerations and the public interest considerations weigh strongly in favor of litigating this case in the District of Columbia.

    A.    <u>Private Interest Factors</u>.

    1.    *The Plaintiff's Choice of Forum.*  FMC originally filed this case in the Eastern District of Virginia based on the defendant's supposed "residence" in Northern Virginia. Pl. Mem. in Support of Mot. to Transfer, Doc. 50, at 2; Tr. at 4-5. FMC also claimed that a

substantial part of the acts or omissions giving rise to this claim occurred in Virginia. Tr. at 6 ("But the decision to cancel this particular insecticide, I believe that was made by the Office of Pesticide Programs at that level and they are the ones who signed off on that."). As discussed below, under both of these theories, venue is proper in the District Court for the District of Columbia.

Case law instructs that FMC's current preference to litigate this case in Delaware is to be given little or no deference, for two reasons. First, FMC had the opportunity to file this suit in Delaware originally. Pl. Mem. in Support of Mot. to Transfer, Doc. 50, at 2. However, FMC chose to file suit in the Eastern District of Virginia. "Courts have recognized that the deference generally given to a plaintiff's choice of forum is reduced when the chosen forum is not the plaintiff's home forum." *Lagor v. Eli Lilly and Co.*, 2007 WL 1748888, *2 (D.D.C. June 18, 2007), *citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) *and Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). Second, Delaware was not FMC's first choice of venue. "The plaintiff's second or third choices of forum receive[] no deference. . . ." *Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, 2007 WL 128283 *3 (E.D. Tx. Jan. 11, 2007)(citations omitted).

Finally, FMC's original choice to file this case in Northern Virginia indicates that it does not consider the Washington, D.C., area to be inconvenient.

2.  *The Defendants' Choice of Forum.* As discussed in EPA's Memorandum in Response to the Court's Order of November 28, 2007, the federal defendants in this case, Administrator Johnson acting in his official capacity, and the EPA itself, "reside" in the District of Columbia. *See* 40 C.F.R. § 1.7(a) (providing that EPA's headquarters are located in

Washington, D.C.); §§ 1.21(a), 1.23 (providing that the Office of the Administrator is located within EPA headquarters, and describing the duties of the Administrator).  Def. Mem. in Resp. to Court's Order of Nov. 28, 2007, Doc. No. 45, at 1-2.  In addition, as discussed further below, the acts giving rise to this claim primarily occurred in the District of Columbia, which further supports a decision that this Court retain this case.  At the December 7, 2007, hearing and in its Memorandum in Response to the November 28, 2007, Order, EPA stated that venue would be proper in the District Court for the District of Columbia.  Tr. at 9; Def. Mem. in Resp. to Court's Order of Nov. 28, 2007, Doc. No. 45, at 2 n. 1.  For a number of reasons, this Court is the most proper forum for resolving this claim.  As discussed in the next section, a substantial part of the acts or omissions giving rise to the complaint occurred in the District of Columbia.  In addition, the District of Columbia is the defendant's official residence for purposes of venue.  Further, in their dispositive motions, all parties cited extensively to D.C. Circuit case law.

      3.    *Whether the Claim Arose Elsewhere*.  As EPA pointed out in its Memorandum in Response to the November 28, 2007, Order and in the December 7, 2007, hearing, the majority, if not all of, the events giving rise to this claim occurred within the District of Columbia.

The petition for rulemaking concerns a rule originally issued by EPA Headquarters, and it requests that a new rule be issued.  A decision to initiate rulemaking, as well as the issuance of any rule, can only be done by EPA Headquarters, which is located in Washington, D.C.  Further, the petition was exclusively addressed by EPA's Office of General Counsel, which is located at EPA Headquarters in Washington, D.C.  FMC met with personnel from the EPA Office of General Counsel in Washington, and the response to FMC's petition for rulemaking was signed by EPA's then-Acting General Counsel, Roger Martella.  Tr. at 9-10; Compl. Ex. 4.

In its Memorandum Regarding Venue, FMC argues that venue was proper in the Eastern District of Virginia because "all of the actions taken by EPA with respect to FMC's pesticide Furadan® 4F result from decisions made by the Office of Pesticide Programs at that office's headquarters in Arlington. Those actions, which 'occurred' in this district, form a critical and substantial portion of the facts giving rise to FMC's claim." Pl. Mem. Regarding Venue, Doc. No. 44, at 3. *See also* Pl. Mem. in Support of Mot. to Transfer, Doc. 50, at 2 n.6. However, FMC's characterization of the location of these actions is not entirely accurate. The ultimate decisionmakers were the Administrator of EPA and the Administrator's delegatee, the Assistant Administrator for the Office of Prevention, Pesticides, and Toxic Substances, both of whose offices are located in Washington, D.C.

     4.    *The Convenience of the Parties*. Again, by choosing to initiate this lawsuit in the Eastern District of Virginia, FMC indicated that the Washington, D.C., area is not an inconvenient location.

     5.    *The Convenience of the Witnesses of the Plaintiff and Defendant*. It is unlikely that witnesses will testify in this matter, because review of EPA's final agency action is under the Administrative Procedure Act, which generally limits judicial review to the agency administrative record.

     6.    *The Ease of Access to Sources of Proof*. This is unlikely to be a significant factor, as the administrative record in this case involves a small number of documents.

Taken together, the private interest factors support keeping this case before the U.S. District Court for the District of Columbia.

    B.    <u>Public Interest Factors</u>.

1.      *The Transferee's Familiarity with the Governing Laws*.  As Judge Lee noted, the U.S. District Court for the District of Columbia is uniquely qualified to handle cases involving claims under the Administrative Procedure Act.  Tr. at 13-14.  Further, in their dispositive motions, all of the parties rely on case law from the D.C..Circuit.  *See, e.g.,* Pl. Mot. for Judgment on the Pleadings, Doc. No. 19, at 8; Mem. in Support of Def. Mot. for Summary Judgment and in Opp. to Pl. Mot. for Judgment on the Pleadings, Doc. No. 33, at 11-12.

2.      *The Relative Congestion of the Calendars of the Potential Transferee and Transferor Courts*.  As FMC points out in its Memorandum in Support of Its Motion to Transfer, "the relative congestion of the courts' dockets has little applicability."  Doc. 50 at 9.  According to the information that FMC cites in its Motion to Transfer, there is no great disparity between the dockets of the U.S. District Court for the District of Columbia and of the U.S. District Court for the District of Delaware.  *See* Pl. Mem. in Support of Mot. to Transfer, Doc. 50, at 9 n. 16.

3.      *The Local Interest in Deciding Local Controversies at Home*.  In determining whether a controversy is local in nature, courts should consider factors "including where the challenged decision was made, whether the decision directly affected the citizens of the transferee state, the location of the controversy . . . whether the controversy involved issues of state law, whether the controversy has some national significance, and whether there was personal involvement by a D.C. official."  *National Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006).  The challenged decision was made in the District of Columbia.  Because this case involves a regulation of nationwide applicability, citizens of Delaware other than FMC are not affected more than citizens of other states.  This controversy does not involve issues of state law, nor is it otherwise tied to Delaware.  By contrast, the issues do have national

significance since they involve a nationally applicable EPA regulation.

Therefore, the public interest factors, like the private interest factors, support litigating this case in the U.S. District Court for the District of Columbia.

## CONCLUSION

FMC has repeatedly stated its interest in obtaining "an expeditious ruling" on its underlying claim. Pl. Mot. to Transfer Venue at 6-7; Tr. at 7. EPA agrees that timely resolution of the underlying claim is in the interest of all of the parties. Accordingly, this Court should not allow FMC's "forum shopping," Tr. at 13, to delay the resolution of this matter.

For the foregoing reasons, EPA respectfully requests that this Court deny FMC's Motion to Transfer.

    Respectfully Submitted,

    RONALD J. TENPAS
    Assistant Attorney General
    Environment and Natural Resources Div.

By: _____
    MONICA DERBES GIBSON
    Environmental Defense Section
    Environment and Natural Resources Div.
    United States Department of Justice
    P.O. Box 23986
    Washington, D.C. 20026-3986
    Telephone: (202) 514-0135
    Facsimile: (202) 514-8865
    E-mail: monica.gibson@usdoj.gov

    JEFFREY A. TAYLOR, D.C. Bar 498610
    United States Attorney

By: \_\_\_/s/_____
    RUDOLPH CONTRERAS, DC Bar 434122
    KEITH MORGAN, DC Bar 422665
    Assistant United States Attorney
    United States Attorney's Office
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    Telephone: 202-514-7228
    Facsimile: 202-514-8780
    E-Mail: keith.morgan@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of January, 2008, I caused the foregoing Memorandum in Opposition to Plaintiff's Motion to Transfer to be filed via the Court's CM/ECF system, which will electronically send notice of such filing to the following CM/ECF users:

    KENNETH W. WEINSTEIN
    ken.weinstein@lw.com

    BROOKE ELLINWOOD MCDONOUGH
    bmcdonough@goodwinproctor.com

  I further certify that I caused the document to be served via U.S. mail, postage prepaid, upon the following:

    JOHN F. MARDULA
    Roberts Abokhair & Mardula L.L.C.
    11800 Sunrise Valley Drive
    Suite 1000
    Reston, VA  20191-5317
    Telephone:  (703) 391-2900
    Facsimile:  (703) 391-2901
    Email:  JMardula@globe-IP.com


        ____/s/_____
        KEITH MORGAN
        Assistant United States Attorney
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, D.C.  20530
        Telephone: 202-514-7228
        Facsimile:  202-514-8780
        E-Mail: keith.morgan@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FMC CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES ENVIRONMENTAL | ) |
| PROTECTION AGENCY, | ) |
| | ) |
| and | )  Civil Action No. 07-2277 (RMU) |
| | ) |
| STEVEN L. JOHNSON, in his official | ) |
| capacity as Administrator of the United | ) |
| States Environmental Protection Agency, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| NATURAL RESOURCES DEFENSE | ) |
| COUNCIL, INC., | ) |
| | ) |
| Intervenor. | ) |
| | ) |

## **ORDER**

This Matter having come before this Court on _____, 2008, on the Motion of Plaintiff FMC Corporation to Transfer, IT IS HEREBY ORDERED that Plaintiff's Motion to Transfer is DENIED.

IT IS SO ORDERED.

                                                                                                                          ENTERED:

                                                                                                                          By the Court:

Date:_____                                   _____
                                                                            HON. RICARDO M. URBINA
                                                                            United States District Judge