**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FMC CORPORATION,** | |
| *Plaintiff,* | |
| *v.* | |
| **U. S. ENVIRONMENTAL PROTECTION AGENCY,** *et al.*, | Civil Action No.1:07-CV-02277 (RMU) |
| *Defendants.* | |

**REPLY MEMORANDUM IN SUPPORT OF FMC CORPORATION'S MOTION TO
TRANSFER VENUE**

Dated:  February 1, 2008

Respectfully submitted,

/s/ Kenneth W. Weinstein
Kenneth W. Weinstein  (D.C. Bar No. 194548)
Drew C. Ensign (D.C. Bar. No. 976571)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: ken.weinstein@lw.com

Attorney for FMC Corporation

# TABLE OF CONTENTS

Table of Authorities ........................................................................................... ii

Introduction and Summary of Argument............................................................1

Argument ...............................................................................................................2

I.     The Transfer Order Of The Eastern District Does Not Constitute The Law Of The Case....................................................................................................................2

     A.     Because of the Clear Errors Committed By the Eastern District, Its Transfer Order Does Not Constitute the Law of the Case ..................2

           1.     The Eastern District's *Sua Sponte* Consideration of Transfer Was Clear Error ....................................................................................2

           2.     The Eastern District Further Erred By Reflexively Transferring This Action To This Court .........................................................6

           3.     The Eastern District Clearly Erred By Failing To Give FMC an Opportunity To Address the Issue of Transfer ...........................7

     B.     In the Alternative, the Eastern District Also Committed Clear Error Under Fourth Circuit Precedent ..........................................................9

     C.     In Any Event, The Eastern District's Transfer Order Cannot Constitute The Law Of The Case ...........................................................11

II.     The D.C. Circuit Precedent That NRDC Relies Upon To Oppose Transfer Is No Longer Good Law And Should Not Influence The Transfer Analysis .............................11

III.     An Evaluation Of The Relevant Factors Weighs Strongly In Favor Of Transfer ............13

     A.     Defendants Admit or Concede the Correctness of Much of FMC's Venue Transfer Analysis .....................................................................13

     B.     Defendants' Analysis of the Remaining Factors is Flawed.....................................14

           1.     FMC's Choice of Forum Must Be Given Substantial Deference ..............14

           2.     Defendants' Choice of Forum Should Be Given Little Weight...............15

           3.     Defendants' Analysis of the "Familiarity with Governing Law" Factor Is Directly Contrary to This Court's Precedents.............................16

           4.     Delaware Has a Significant Interest In This Case ......................................17

Conclusion ..........................................................................................................18

# TABLE OF AUTHORITIES

## CASES

*Ace Capital v. Varadam Foundation*, 392 F. Supp. 2d 671 (D. Del. 2005) ..................................17

*BAE System Aircraft Controls, Inc. v. Eclipse Aviation Corp.*,
     224 F.R.D. 581 (D. Del. 2004) ...........................................................................17

*Barham v. UBS Financial Services*, 496 F. Supp. 2d 174 (D.D.C. 2007) .....................................16

* *Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988) ...........................................3

*Christianson v. Colt Industrial Operating Corp.*,
     486 U.S. 800 (1988) .......................................................................................11

*Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. U.S.
     Department of Interior*, 100 F.3d 837 (10th Cir. 1996) ..........................................16

*Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68 (D.D.C. 2005) ....................................17

*Environmental Defense Fund, Inc. v. EPA*, 548 F.2d 998 (D.C. Cir. 1976) ..................11, 12

*Feller v. Brock*, 802 F.2d 722 (4th Cir. 1986) .........................................................9, 10

*Fine v. McGuire*, 433 F.2d 499 (D.C. Cir. 1970) ..........................................................9

*Great Socialist People's Libyan Arab Jamahiriya v. Miski*,
     496 F. Supp. 2d 137 (D.D.C. 2007) .................................................................15

*Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124 (D.D.C. 2001) ......................14

*Greenwich Collieries v. Director, Office of Workers' Compensation Programs*,
     512 U.S. 267 (1994) ................................................................................ 11-12

*Gross v. Owen*, 221 F.2d 94 (D.C. Cir. 1955) ...........................................................14

*Harris v. Republic Airlines, Inc.*, 699 F. Supp. 961 (D.D.C. 1988) ....................................16

*Health Discovery Corp. v. Ciphergen Biosystems, Inc.*,
     No. 06-260, 2007 U.S. Dist. LEXIS 2186 (E.D. Tex. Jan. 11, 2007) ...............................14

*In re Chatman-Bey*, 718 F.2d 484 (D.C. Cir. 1983) .....................................................4

* *In re Scott*, 709 F.2d 717 (D.C. Cir. 1983) .................................................3, 4, 5, 9

*In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998) ........................................................11

\* *In re U.S. Parole Commission*, 793 F.2d 338 (D.C. Cir. 1986) ...................................9

*International Painters and Allied Trades Industry Pension Fund v. Tri-State Interiors, Inc.*, 357 F. Supp. 2d 54 (D.D.C. 2004) ........................................................15

*Johnson v. Lumenos, Inc.*, 471 F. Supp. 2d 74 (D.D.C. 2007) .....................................16

*Kontoulas v. A.H. Robins Co.*, 745 F.2d 312 (4th Cir. 1984) ........................................4

*Lagor v. Eli Lilly & Co.*, No. 06-1967, 2007 U.S. Dist. LEXIS 43703 (D.D.C. June 18, 2007) ........................................................14

*Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979) ..........................................2

*Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136 (D.D.C. 2004) ...................16

*NLRB v. Transportation Management Corp.*, 462 U.S. 393 (1983) ................................12

*National Wildlife Federation v. Harvey*, 437 F. Supp. 2d 42 (D.D.C. 2006) .................5

*New Mexico v. U.S. Department of Interior*, 820 F.2d 441 (D.C. Cir. 1987) ................3

*One Beacon Insurance Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824 ........................................................4, 10

*Panhandle Eastern Pipe Line Co. v. Federal Power Commission*, 324 U.S. 635 (1945) ........................................................2

*Plimpton v. Henline*, 154 F. Supp. 2d 1 (D.D.C. 2001) ..................................................4

*Schaffer v. Weast*, 546 U.S. 49 (2005) ........................................................12

\* *Stafford v. Briggs*, 444 U.S. 527 (1980) ........................................................6

\* *Starnes v. McGuire*, 512 F.2d 918 (D.C. Cir. 1974) ....................................................8

*Tiffany v. Hometown Buffet, Inc.*, No. 06-2524, 2006 U.S. Dist. LEXIS 73568 (N.D. Cal. Sept. 28, 2006) ........................................................14, 15

*Ukiah Adventist Hospital v. FTC*, 981 F.2d 543 (D.C. Cir. 1992) .................................4

*United States v. Johnson*, — F.3d —, No. 06-5181, 2007 U.S. App. LEXIS 28914 (4th Cir. Dec. 14, 2007) ........................................................10

*Valley Community Preservation Commission v. Mineta*,
  231 F. Supp. 2d 23 (D.D.C. 2002) ......................................................................17

## STATUTES AND REGULATIONS

28 U.S.C. § 1391(e) ...........................................................................1, 6, 7, 16

28 U.S.C. § 1391(e)(3)...........................................................................13

28 U.S.C. § 1404...........................................................1, 2, 3, 4, 7, 10, 11, 16

28 U.S.C. § 1404(a) ...........................................................................4, 8

28 U.S.C. § 1406...........................................................................4, 7, 10, 11

28 U.S.C. § 1406(a) ...........................................................................4

40 C.F.R. § 164.80(b) ...........................................................................17

## OTHER AUTHORITY

14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3829
  (3d ed. 2007) ...........................................................................3

iv

## INTRODUCTION AND SUMMARY OF ARGUMENT

In their opposition to plaintiff FMC's motion to transfer venue, federal defendants (collectively "EPA") and intervenor-defendant Natural Resources Defense Council, Inc. ("NRDC") place great weight on the purported correctness of the decision transferring this action to this Court ("D.D.C."). However, that decision by the Eastern District of Virginia involved "clear error" in two crucial respects: (1) it was clear error for that court to raise the issue of venue *sua sponte* after EPA had waived any venue defense, and (2) the court deprived FMC of the opportunity to be heard on the issue of where to transfer the case, and thus did not even consider FMC's choice of forum for the transfer, the District of Delaware.

In this case, nine days before the scheduled merits hearing, Judge Lee, *sua sponte,* ordered the parties to submit memoranda not to exceed three pages in length addressing "whether venue is proper in this district under 28 U.S.C. § 1391(e)." At that time, EPA had waived any venue defense, having not asserted improper venue in its answer or summary judgment motion. The law is clear that venue is a *personal* defense of the defendant that is waived if not raised; it is not a defense that can be resurrected for the personal convenience of the court.

In addition, the court's order only asked the parties to address whether venue was proper in the Eastern District under § 1391(e). It did not solicit the parties' views on the issue of transfer under 28 U.S.C. § 1404 – *i.e.*, in what other forums venue would be proper, and the factors and weight that should be given to each. At no time during the December 7, 2007 hearing did the court ask FMC to address, or give it an opportunity to address, the question of the propriety of transfer to D.D.C. or FMC's preferred forum if transfer were to be ordered. FMC was given one opportunity to speak before the court ruled, and the court asked counsel only to address the propriety of venue in the Eastern District.

Again, this was clear error. While it was improper to raise the issue of venue after it had been waived by EPA, the error was compounded by the court's rush to transfer the case to the District of Columbia, without even hearing FMC's views on the forum to which the case should be transferred, or analyzing the relevant § 1404 factors. The court's rationale for choosing D.C. – that a case against EPA "is typically is brought in the District of Columbia" and that the courts there are "much more familiar with these Administrative Procedure Act cases" – is not a justification for depriving FMC of its right to be heard on this important question.

These clear errors prevent any reliance on the "law of the case" doctrine cited by defendants. A denial of FMC's motion to transfer would only constitute a ratification of those clear errors. In considering this transfer motion, FMC asks this Court to give it the consideration that it did not receive in the Eastern District of Virginia as to where this case should be decided. On that question, FMC's choice of its home forum of the District of Delaware should be accorded substantial deference, and there are no countervailing factors that strongly weigh in favor of hearing this case in the District of Columbia.

## ARGUMENT

I.    **THE TRANSFER ORDER OF THE EASTERN DISTRICT DOES NOT CONSTITUTE THE LAW OF THE CASE**

A.    **Because of the Clear Errors Committed By the Eastern District, Its Transfer Order Does Not Constitute the Law of the Case**

1.    **The Eastern District's *Sua Sponte* Consideration of Transfer Was Clear Error**

It is well established that improper venue is a *personal*, *waivable* defense,[1] rather than a

---

[1] *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("[N]either personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties."); *Panhandle E. Pipe Line Co. v. Fed. Power Comm'n*, 324 U.S. 635, 639 (1945) ("The right to have a case heard in the court of proper venue may be lost unless

tool to "serve [a court's] personal convenience." *In re Scott*, 709 F.2d 717, 721 (D.C. Cir. 1983). Like a defense of personal jurisdiction, EPA's waiver should have been the end of any venue inquiry; indeed, the D.C. Circuit sitting *en banc* has described this principle as "elementary." *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988) ("*It is, of course, elementary* that a defense of improper venue or lack of personal (as opposed to subject matter) jurisdiction is waived unless the defense is asserted by a pre-answer motion . . . [or] answer." (emphasis added)) (en banc); *see also New Mexico v. U.S. Dep't of Interior*, 820 F.2d 441, 446 (D.C. Cir. 1987) (observing that the defense of improper venue has been "long harmonized . . . *with immutable tones of waiver*" (emphasis added)). Moreover, one of the foremost treatises on federal law categorically states that district courts should *never* consider venue where defendants have waived the defense. *See* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3829 (3d ed. 2007) ("[T]he court should *never* raise the issue [of venue] after the defendant has waived any venue objection." (emphasis added)).

Instead – just like the district court in *In re Scott* – the Eastern District acted based on an expressed interest in docket control (in this case, not accepting cases against agencies which have offices, but not the principal office, in the district) and raised the issue of venue "without indication from any interested party that this forum would be inconvenient." *Id.* The Eastern District's *sua sponte* consideration of this waived venue defense violated these basic legal principles and was clear error.

District courts do possess limited authority under 28 U.S.C. § 1404 to consider transfer *sua sponte* "in the interests of justice," rather than for improper venue. Transfer under § 1404

seasonably asserted. It may be waived by any party, including the government." (citations omitted)).

presupposes that venue is *proper*, however.[2]  This is precisely the opposite of what the Eastern

District did, however – *sua sponte* transferring the action after holding that venue was *improper*

(EPA's waiver notwithstanding).  Nor did the Eastern District ever consider the § 1404 factors,

instead relying entirely on the erroneous proposition that venue was improper in the Eastern

District.[3]

    Moreover, *sua sponte* transfer orders "are strongly disfavored"[4] and "*if ever appropriate*,

should be *reserved for exceptional circumstances*." *In re Scott*, 709 F.2d at 721 (emphasis

added).   The Eastern District did not identify any "extraordinary circumstances" justifying its

*sua sponte* consideration of venue.  Nor has either defendant even attempted to demonstrate that

the D.C. Circuit's rigorous standard has been met.

    Instead of identifying any "exceptional circumstances," the Eastern District relied heavily

on a wholly improper basis – a desire to control its docket (both by eliminating this case from its

docket and by preventing future filings in the Eastern District).  This too was clear error.   As the

D.C. Circuit has consistently held for nearly a quarter of a century, a district court may not

---

[2]     *See Ukiah Adventist Hosp. v. FTC,* 981 F.2d 543, 546 (D.C. Cir. 1992) (characterizing
        § 1404 orders as "transferring a case from one *proper* venue to another" and § 1406
        orders as "transferring a case in which venue was laid *improperly*" (emphasis added));
        *Kontoulas v. A.H. Robins Co.*, 745 F.2d 312, 315 (4th Cir. 1984) (holding that a § 1404
        transfer motion is improper "if venue and jurisdiction requirements were not met at the
        time the suit was first filed."); *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*,
        312 F. Supp. 2d 824, 829 ("[T]he court sua sponte, can move for transfer of an action
        under 28 U.S.C. § 1404 (a), *because a motion for transfer is not a defense that venue is
        improper*." (emphasis added)); *Plimpton v. Henline*, 154 F. Supp. 2d 1, 2 (D.D.C. 2001)
        ("If a case is filed in a jurisdiction in which venue is improper, Title 28 U.S.C. § 1406(a)
        permits a court to transfer the case. . . .   Similarly, under Title 28 U.S.C. § 1404(a), if a
        case is filed in a jurisdiction *where venue is proper*, the court may transfer the
        case."(emphasis added)).

[3]     Moreover, venue was proper in the Eastern District.  *See* Mem. Re: Venue at 1-3 (filed
        Dec. 5, 2007) (docket #44).

[4]     *In re Chatman-Bey*, 718 F.2d 484, 487 (D.C. Cir. 1983) (granting writ of mandamus to
        vacate *sua sponte* transfer order).

consider transfer *sua sponte* for purposes of controlling its docket.  *See* FMC Mot. to Transfer Venue ("FMC Br.") at 7-8, 10-11; *see also In re Scott*, 709 F.2d at 719-21.  Neither defendant seriously contends that a *sua sponte* transfer on the basis of docket control would not constitute clear error under D.C. Circuit precedents.  Notably, EPA neither cites *In re Scott* in its opposition brief nor argues why that case would not be controlling.

Nor does either defendant contend that docket control was not part of the Eastern District's decision to consider a transfer of venue *sua sponte*.  The Eastern District directly stated that the motivation for its transfer was "preserving the expeditious nature in which we handle our docket."[5]  Transcript of December 7, 2007 hearing ("12/7/07 Tr.") at 13:21-14:2.  The Eastern District added that it wanted to discourage future filings "just because we move our cases," *id.* at 14:5-8, and that it feared "opening the doors up to additional litigation [in the Eastern District] against federal agencies because they have offices in Virginia," *id.* at 8:4-8.  *See also* FMC Br. at 10.

Neither defendant has disputed FMC's characterizations of these statements of the Eastern District.  Yet as the D.C. Circuit has succinctly stated, such reasoning "clearly fails to evince a tolerable basis." *In re Scott*, 709 F.2d at 721.[6]

---

[5]     The Eastern District stated "I certainly understand that you [FMC] want to take advantage of the expeditious nature in which we handle our docket.  But part of the reason we're able to do that is because we handle the cases that belong to us.  And this case does not belong here.  And so I'm transferring it to the District of Columbia." 12/7/07 Tr. at 13:21-14:2.

[6]     Even if docket congestion had a valid place in the Eastern District's decision to raise and grant transfer *sua sponte*, it should have weighed in favor of allowing EPA's waiver of venue to stand, rather than adding to another court's already more-crowded docket.  *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (stating that the heavier docket of the potential transferee court weighed against transfer).

In sum, the Eastern District committed clear error by (1) failing to follow the "elementary" rule that improper venue was a defense waived by EPA's failure to raise the issue, and thus not a valid basis for transfer, (2) failing to identify any "extraordinary circumstances" justifying *sua sponte* consideration of transfer, a "strongly disfavored" practice, and (3) raising the issue of transfer *sua sponte* based upon a docket control rationale.

### 2. The Eastern District Further Erred By Reflexively Transferring This Action To This Court

By automatically assuming that government agencies should only be sued in the District of Columbia, the Eastern District's action was contrary to the Mandamus and Venue Act of 1962, which created the current venue provision, 28 U.S.C. § 1391(e). In passing that bill, Congress intended to provide an "expanded choice of venue" and eliminate the previous judicial doctrines that made D.D.C. the only possible venue for suits seeking injunctive relief against governmental agencies. *See Stafford v. Briggs*, 444 U.S. 527, 534 (1980). Indeed, the Supreme Court has specifically held that Congress intended to remove the venue barriers caused by the "legal fiction that officers of [high] rank resided only where they were stationed – usually the District of Columbia." *Id.*

The Eastern District ran afoul of the intent of this statute by failing to consider any alternative transferee forums, effectively applying the law as it existed in 1961. The court's rationale – that "typically a case like this would be brought . . . in Washington," 12/7/07 Tr. at 5:22-25, and that D.D.C. is "much more familiar with these Administrative Procedure Act cases,"[7] – fosters the sort of Balkanization of federal law that Congress intended to prevent with

---

7    Moreover, as discussed *infra* at 16-17, this holding is clear error under this Court's precedents holding that all federal courts are equally competent to decide issues of federal law.

its "expanded choice of venue." There is no mandatory requirement that Administrative

Procedures Act cases, or cases against EPA, must be brought in Washington, D.C.

Moreover, the Eastern District's repeatedly-stated concern that agencies could "be sued

all over the country just because they have offices [in the district]," *see, e.g.*, 12/7/07 Tr. at 11:3-

6, also reflects a clear misunderstanding of § 1391(e). That venue provision is actually

considerably broader. As long as no real property is involved, EPA can be sued wherever *any*

potential plaintiff resides – *i.e.,* in every judicial district in the United States, not merely where it

maintains offices. This is part of the reason that the United States is represented by civil

Assistant United States Attorneys in every judicial district throughout the country.

EPA and NRDC offered no response to FMC's point that it was error for the Eastern

District to automatically transfer this case to D.C. on the ground that cases involving the

Administrative Procedure Act are typically filed in Washington.

> **3.    The Eastern District Clearly Erred By Failing To Give FMC an Opportunity To Address the Issue of Transfer**

Neither EPA nor NRDC denies that it constitutes clear error to transfer a case *sua sponte*

without giving the parties an opportunity to address the issue. Both instead attempt to argue that

the Eastern District gave FMC "ample opportunity" to address the issue. *See* EPA Mem. in Opp.

to Pl's Mot. to Transfer ("EPA Br.") at 8. This is belied, however, by the court's order asking

the parties to file briefs "no longer than three pages in length" on the sole question of "whether

venue is proper in this district under 28 U.S.C. § 1391(e)." *See* Nov. 28, 2007 Order (docket

#46). The court did not ask the parties to address "transfer" of the case under 28 U.S.C. § 1404,

other forums in which venue would lie, or even the fundamental question of whether the case

should have been dismissed or transferred if venue was improper (the two possible remedies for

improper venue under 28 U.S.C. § 1406). EPA admits that "before ordering transfer the judge

should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons for believing that this forum is the most convenient or that the proposed alternative forum is inconvenient or not within the ambit of § 1404(a)." EPA Br. at 8 (quoting *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974). Yet, the Eastern District never issued an order to show cause, never mentioned the possibility of transfer in its order, and never gave the parties an opportunity to address convenience factors. Under EPA's own standard, the Eastern District failed to fulfill the "minimum" obligations. Had FMC been asked, it would have indicated its preference that the case either be transferred to the District of Delaware, or dismissed so that FMC could have re-filed the action there.

Nor did the three-page limit on the briefs suggest that the Eastern District was seeking input on matters outside the scope of the single, narrow question it had asked. This strict page limit hardly gave FMC "ample opportunity" to discuss the six private factors and three public factors to be considered in weighing transfer to competing forums.[8] The parties could not have discussed those factors, as well as the propriety of venue in the Eastern District, in three pages.

At the December 7, 2007 hearing, the court's sole focus was on whether venue was proper in the Eastern District. The court did not ask the parties to address the question of what action (transfer or dismissal) should be taken if venue were found not to be proper, no party had proposed transfer to any forum, and therefore the parties had no reason to argue that issue. The court's question whether there was "anything more that you want to say," 12/7/07 Tr. at 9:1-2, cannot reasonably be interpreted to mean "please discuss whether this case should be transferred or dismissed if I conclude venue is improper, where it should be transferred if I conclude transfer

---

[8]    In its memorandum, EPA did not elect to express an explicit preference as to transferee district. Instead, EPA merely noted that "this case could properly be transferred to that district [D.D.C.]." EPA Venue Br. at 2 n.1.

is the appropriate remedy, and please explain how the six private interest and three public interest factors considered in transferring venue supports your choice of alternative forum over EPA's choice." Read in context, the district court's question simply asked whether FMC had any additional arguments as to why venue was *proper* in the Eastern District. It is not reasonable or in the interest of justice to interpret such a vague statement as a waiver of FMC's right to be heard on the issue of transfer.

In sum, the court's failure to afford FMC an opportunity to address transfer of this case to Delaware rather than D.D.C. was clear error under the precedents of both the D.C. Circuit and the Fourth Circuit. *See Fine v. McGuire*, 433 F.2d 499, 500-01 (D.C. Cir. 1970) (granting writ of mandamus); *see also In re U.S. Parole Comm'n*, 793 F.2d 338, 348 n.91 (D.C. Cir. 1986) (citing *Fine* as a case where mandamus relief was given because the district court "failed to afford an opportunity for a hearing prior to transfer"); *accord Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("If the matter is raised *sua sponte*, the parties deserve an opportunity to be heard before a decision is rendered.").

**B.      In the Alternative, the Eastern District Also Committed Clear Error Under Fourth Circuit Precedent**

The validity of the Eastern District's transfer order should be evaluated under D.C. Circuit precedent, as NRDC correctly acknowledges. As NRDC states, "transferee courts, when deciding transferred issues of federal law, must use the decisions of their own circuit as binding precedent rather than attempting to mimic the transferor circuit's interpretation of the very same federal law." NRDC Mem. in Opp. to Transfer Venue ("NRDC Br.") at 10 (quoting *Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 201 F. Supp. 2d 1, 3-4 (D.D.C. 1999)). Thus, the validity of the transfer order must be decided under *In re Scott* and its progeny, rather than Fourth Circuit precedents.

9

Even if this Court should analyze the transfer order under Fourth Circuit precedents, however, the Eastern District clearly erred in holding it had authority under 28 U.S.C. § 1406 to consider whether venue was proper *sua sponte*.  The cases it cited simply do not support such authority.  *See* 12/7/07 Tr. at 13:6-11 (citing *Feller v. Brock*, 802 F.2d 722 (4th Cir. 1986) and *One Beacon Ins. Co. v. JNB Storage Trailer Rental Co.*, 312 F. Supp. 2d 824 (E.D. Va. 2004)); *see also* EPA Br. at 6-8; NRDC Br. at 6.[9]

Instead, these authorities address the district court's authority to consider transfer *sua sponte* "in the interest of justice" pursuant to 28 U.S.C. § 1404 *after* determining that venue is *proper* – not to resurrect a waived venue defense *sua sponte* and hold that venue was *improper*. As discussed above, transfer under 28 U.S.C. § 1404 requires that venue be proper.  *See supra* at 4 n.2.  Neither case supports a district court's authority to transfer a case *sua sponte* on the basis of *improper venue* under 28 U.S.C. § 1406.[10]  The Eastern District's reasoning is thus without any apparent support in either circuit and constitutes clear error.  *See also In re Sealed Case*, 141 F.3d 337, 343 (D.C. Cir. 1998) (granting writ of mandamus where the "Rules of Civil Procedure

---

[9]     The Eastern District also relied upon that court's recent decision rejecting the government's attempt to assert venue on the basis of the agency having a server in the district.  *See* 12/7/07 Tr. at 7:23-8:3.  The Fourth Circuit reversed that decision a mere week after the Eastern District's transfer order, however.  *See United States v. Johnson*, —F.3d—, No. 06-5181, 2007 U.S. App. LEXIS 28914 (4th Cir. Dec. 14, 2007).

[10]    The Eastern District cited § 1404 in its transfer order as the basis of its authority.  Section 1404 does not address transfer because of improper venue, however.  *See* 28 U.S.C. § 1404.  Indeed, as discussed above, it requires that venue be *proper* in the transferor district.

Section 1406, which does discuss transfer based upon improper venue, was the only possible source of the Eastern District's authority to transfer this case because of purportedly improper venue.  *See* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or . . . transfer such case to any district or division in which it could have been brought.").  The transcript of the hearing reveals that the Eastern District was concerned entirely with improper venue, which § 1404 simply does not address.  Nor did the Eastern District analyze any of the § 1404 factors.

10

themselves do not provide any basis for such authority [for the transfer], and district courts have no inherent powers to transfer.").

> C.     **In Any Event, The Eastern District's Transfer Order Cannot Constitute The Law Of The Case**

Even if the Eastern District had not committed any of these clear legal errors, the transfer order still would not constitute the law of the case. A decision can only constitute the "law of the case" if the court actually decides an issue. *See*, *e.g.*, *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (stating that law of the case applies "when a court decides upon a rule of law"). The Eastern District never weighed the relative merits of the District of Delaware and D.D.C. as forums for this action. Nor did the Eastern District ever consider transfer of venue under 28 U.S.C. § 1404 (which presupposes venue is proper in the original forum). Instead, it *sua sponte* transferred this action under § 1406 because it (erroneously) believed venue was improper in the Eastern District. Thus, the Eastern District never decided this critical issue and its transfer order cannot constitute the law of the case on this issue, even if it were free of error. This Court therefore may, and should, consider the public and private transfer factors for the first time.

II.     **THE D.C. CIRCUIT PRECEDENT THAT NRDC RELIES UPON TO OPPOSE TRANSFER IS NO LONGER GOOD LAW AND SHOULD NOT INFLUENCE THE TRANSFER ANALYSIS**

NRDC argues that D.C. Circuit law on the dispositive cross-motions is clearly in favor of EPA and that this factor "weighs heavily" against transfer. *See* NRDC Br. at 9-10. Specifically, NRDC relies upon a three decade old D.C. Circuit case, *Environmental Defense Fund, Inc. v. EPA ("EDF v. EPA")*, 548 F.2d 998 (D.C. Cir. 1976), which has largely been superseded by the Supreme Court's ruling in *Greenwich Collieries v. Director, Office of Workers' Compensation*

*Programs*, 512 U.S. 267 (1994), to argue that this Court "will be required to grant summary judgment to EPA." NRDC Br. at 10.

However, *EDF v. EPA*, is based upon a manifestly erroneous premise that has been unambiguously rejected by a six-justice majority of the Supreme Court. *EDF v. EPA* relied upon the proposition that the burden of proof under APA section 7(c) means only "the burden of going forward rather than the burden of ultimate persuasion." *Id.* at 1004. This flawed premise has been explicitly overruled by the Supreme Court, however, and the Supreme Court specifically named *EDF v. EPA* as one of the cases it was overruling. *Greenwich Collieries,* 512 U.S. at 276-80 (holding the "APA's unadorned reference to 'burden of proof' to refer to the burden of persuasion."); *see id.* at 277 (stating that the reasoning of *EDF v. EPA* did not "withstand[] scrutiny"); *see also Schaffer v. Weast*, 546 U.S. 49, 51-54 (2005) ("Decisions that place the entire burden of persuasion on the opposing party at the outset of a proceeding . . . are extremely rare. Absent some reason to believe that Congress intended otherwise, therefore, we will conclude that the burden of persuasion lies where it usually falls, upon the party seeking relief."). Indeed, the Supreme Court expressly overruled its own prior holding in *NLRB v. Transportation Management Corp.*, 462 U.S. 393 (1983), which relied directly upon the reasoning of *EDF v. EPA*. 512 U.S. at 277; *see also id.* at 288-90 (Stevens, J., dissenting) (observing that *Transportation Management* relied upon *EDF v. EPA* as the "leading case" of the D.C. Circuit and arguing that the Court was wrong to overrule it).

Thus, it is far from clear that *EDF v. EPA* remains good law. Given the Supreme Court's explicit rejection of that case, neither this Court nor the D.C. Circuit should be bound by that decision. The relatively unclear state of the law, however, should not influence the question of where this case should be heard.

III.    **AN EVALUATION OF THE RELEVANT FACTORS WEIGHS STRONGLY IN FAVOR OF TRANSFER**

    A.    **Defendants Admit or Concede the Correctness of Much of FMC's Venue Transfer Analysis**

Notably, both EPA and NRDC appear to agree with FMC's analysis of several of the relevant transfer factors, or at least concede the correctness of FMC's arguments. Both EPA and NRDC agree that the convenience of witnesses and ease of access to proof factors should have no impact on the transfer analysis. *See* EPA Br. at 13; NRDC Br. at 8-9. Both defendants agree that the relative congestion of the dockets of this Court and the District of Delaware is not a significant factor. *See* EPA Br. at 14; NRDC Br. at 9.

Neither party has disputed FMC's argument that a transfer to Delaware would not cause any material inconvenience to the parties.[11] This factor therefore should have little weight. Thus, all parties are in agreement that none of these four factors should affect the transfer analysis.

---

[11]    Although EPA does not object to Delaware as being an inconvenient forum, it did object to FMC's characterization that "EPA 'noted that venue would be proper in Delaware.'" EPA Br. at 9 n.2. According to EPA, it "stated only that, as FMC is a Delaware corporation, 'for venue purposes, therefore, plaintiff resides in Delaware'" and that "EPA made no representation that venue would be appropriate in Delaware." *Id.*

This statement reflects a misunderstanding of venue law generally and 28 U.S.C. § 1391(e) specifically. Where no real property is involved – as all parties agree is the case – venue is proper under 28 U.S.C. § 1391(e)(3) where "the plaintiff resides." Thus, EPA's statement that FMC "for venue purposes . . . resides in Delaware" *ipso facto* means that venue is proper in Delaware. EPA's clarification, although revealing in other respects, is without any legal significance. If EPA did not in fact concede that venue was proper in Delaware, it did admit the factual predicate that would lead inexorably to the conclusion that venue is proper in Delaware.

**B.    Defendants' Analysis of the Remaining Factors is Flawed**

**1.    FMC's Choice of Forum Must Be Given Substantial Deference**

As FMC observed in its motion, "[i]t is almost a truism that a plaintiff's choice of a forum will rarely be disturbed and, so far as the private interests of the litigants are concerned, it will not be unless the balance of convenience is strongly in favor of the defendant." *Gross v. Owen*, 221 F.2d 94, 95 (D.C. Cir. 1955). "The court must afford substantial deference to the plaintiffs' choice of forum." *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001).

Against this well-established practice, EPA relies upon an unpublished decision to argue that FMC's choice of forum is not entitled to any weight. *See* EPA Br. at 8 (citing *Lagor v. Eli Lilly & Co.*, No. 06-1967, 2007 U.S. Dist. LEXIS 43703 (D.D.C. June 18, 2007)). This case is quite unlike *Lagor*, however, where the plaintiffs brought a motion to transfer the action *away from the district they had filed in originally*. 2007 U.S. Dist. LEXIS 43703 at *6-9. Plaintiffs' newly expressed venue preference therefore stood in direct conflict with its own original venue choice.

Here, however, FMC do not seek a transfer from its original choice of forum. Instead, FMC has been wrongfully transferred from its original choice of forum and was never given any opportunity to address where the case should have been transferred. Nor has FMC ever indicated that it desired to have this action be litigated in this Court. There is thus no conflict between FMC's preference for the District of Delaware over the D.D.C., as there was in *Lagor*.[12]

---

[12]    The other cases cited by EPA and NRDC similarly involve motions to transfer brought by plaintiffs seeking to transfer venue away from their own original choice of forum. *See Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, No. 06-260, 2007 U.S. Dist. LEXIS 2186, at *9 (E.D. Tex. Jan. 11, 2007) (denying plaintiff's motion to transfer where "plaintiff initially chose to bring their suit in the Eastern District of Texas.");

Instead, FMC, having been erroneously denied its first choice of forum without any opportunity to be heard on the issue of transfer, now seeks a transfer to its second choice. Contrary to NRDC's repeated suggestions, FMC's motion is not forum shopping.  It merely seeks to reclaim the wrongfully-denied opportunity to address where this action should have been transferred.  Forcing FMC to litigate in this Court is to render its choice of venue a legal nullity.

Moreover, defendants have ignored this Court's repeated holdings that "[d]eference to the plaintiff's choice of forum is *particularly strong* where the plaintiff has chosen his home forum." *Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 496 F. Supp. 2d 137, 144 (D.D.C. 2007) (quotations omitted) (emphasis added); *accord Int'l Painters and Allied Trades Ind. Pension Fund v. Tri-State Interiors, Inc.*, 357 F. Supp. 2d 54, 56 (D.D.C. 2004).  EPA and NRDC appear to deem FMC's residence and significant presence in Delaware as legally irrelevant, effectively rendering FMC homeless for transfer purposes.  This Court's precedents do not permit such a casual dismissal of FMC's legal residence, however.

### 2.     Defendants' Choice of Forum Should Be Given Little Weight

Only now, in opposition to FMC's motion to transfer, have defendants expressed their preference for litigating in this Court  The only prior indication that EPA had any preference for D.D.C. as a forum was a statement in a footnote of its brief on venue that "this case could properly be transferred to that district [D.D.C.]."  EPA Mem. in Resp. to Court's Order of Nov.

---

*Tiffany v. Hometown Buffet, Inc.*, No. 06-2524, 2006 U.S. Dist. LEXIS 73568, at *4-8 (N.D. Cal. Sept. 28, 2006) (denying plaintiffs' motion to transfer where "[p]laintiffs clearly indicated both by word and deed that they wanted to litigate this matter in Northern California.").  Moreover, plaintiffs' choice of forum was given "less deference" in *Tiffany* because the case was brought as a class action.  *See* 2006 U.S. Dist. LEXIS 73568 at *5.  That is obviously not the case here.

28, 2007 ("EPA Venue Br.") at 2 n.1 (filed Dec. 5, 2007) (docket #45).  Prior to its opposition

brief, EPA could have expressed its venue preference in several ways:

- EPA could have filed a motion to dismiss on the basis of improper venue and suggested transfer to this Court.

- EPA could have raised an objection to venue in its answer.

- EPA could have filed a motion to transfer venue pursuant to 28 U.S.C. § 1404.[13]

Instead of taking advantage of any of these opportunities, EPA allowed its apparent

preference for this Court to go unexpressed.  If defendants had any such preference before the

Eastern District raised venue *sua sponte*, it does not appear in the record.  Even then, EPA

merely used a footnote to observe that this case *could* be transferred to D.D.C..

Having forfeited all of their prior opportunities to express their choice of venue,

defendants' late-stated preference for D.D.C. as a forum should not be given weight.  *Cf. Harris*

*v. Republic Airlines, Inc.*, 699 F. Supp. 961, 964 (D.D.C. 1988) (considering delay in bringing

motion to transfer as relevant factor).  This Court should also consider EPA's delay in evaluating

the strength of defendants' recently-expressed preference.

### 3.    Defendants' Analysis of the "Familiarity with Governing Law" Factor Is Directly Contrary to This Court's Precedents

As this Court has clearly held, "a transferee federal court is competent to decide federal

issues correctly."  *Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 143 (D.D.C. 2004);

*accord Barham v. UBS Fin. Servs.*, 496 F. Supp. 2d 174, 180 (D.D.C. 2007); *Johnson v.*

*Lumenos, Inc.*, 471 F. Supp. 2d 74, 78 (D.D.C. 2007) ("The transferee district is, no doubt,

familiar with federal law and competent to interpret it.").    This well-established rule is

---

[13]    Once NRDC intervened, it similarly could have filed a motion to transfer venue.  *See*
*Coal. of Ariz./N.M. Counties for Stable Economic Growth v. U.S. Dep't of Interior*, 100
F.3d 837, 844 (10th Cir. 1996).

consistent with Congress's intention in enacting 28 U.S.C. § 1391(e), *see supra* at 6-7, and in declining to create specialized courts for adjudicating APA actions, as Congress has done for many tax and bankruptcy actions.  Against all of this authority, defendants effectively argue that the District of Delaware is not competent to decide APA issues correctly.  *See* EPA Br. at 14; NRDC Br. at 9-10.  This Court has explicitly held that "[a]s [this] action concerns federal law, *neither court is better suited* than the other to resolve these issues," however.  *Valley Cmty. Pres. Comm'n v. Mineta*, 231 F. Supp. 2d 23, 45 (D.D.C. 2002) (emphasis added).[14]  This Court need only apply *Mineta* to reject defendants' arguments.

### 4.    Delaware Has a Significant Interest In This Case

Contrary to defendants' unsupported assertions, Delaware has a significant interest in adjudicating this case.  The denial of *FMC's* petition for rulemaking affects FMC in a direct manner.  Delaware has a strong interest in vindicating the rights of FMC, which is both incorporated in Delaware and maintains a significant presence there.  *See Ace Capital v. Varadam Found.*, 392 F. Supp. 2d 671, 676 (D. Del. 2005) ("Delaware has an interest in litigation regarding companies incorporated within its jurisdiction."); *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 589 (D. Del. 2004) (same); *see also Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 74 (D.D.C. 2005) (granting transfer to District of Maryland in part because Maryland "has an interest in protecting its citizens"); *see also* FMC Br. at 9.

Defendants have ignored this case law, as well as the denial of FMC's petition for rulemaking.  *But see* Compl. ¶ 39 ("Plaintiff seeks a declaration from this Court that, as discussed above, EPA's denial of FMC's November 7, 2006 petition to amend 40 C.F.R. § 164.80(b) is contrary to law, arbitrary and capricious, and exceeds EPA's statutory authority, all

---

[14]    As such, the Eastern District's reasoning that some federal courts are more competent to decide particular issues of federal law than others is clear error.

in violation of the APA.").  In arguing that Delaware "has no meaningful ties to the controversy" NRDC Br. at 8 (quotations omitted), defendants would seek to render FMC homeless for venue transfer purposes.  Indeed, EPA goes as far as to argue that Delaware has no interest because "citizens of Delaware *other than FMC* are not affected more than citizens of other states," EPA Br. at 14 (emphasis added), effectively arguing that FMC's legal residence is a nullity.  Under defendants' arguments, *no forum* apparently has any interest in vindicating the wrongful denial of FMC's petition for rulemaking.  This is manifestly not the law.

## CONCLUSION

For the foregoing reasons, FMC's motion to transfer venue should be granted.

Respectfully submitted,

Dated:  February 1, 2008            /s/ Kenneth W. Weinstein

Kenneth W. Weinstein  (D.C. Bar No. 194548)
Drew C. Ensign (D.C. Bar. No. 976571)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: ken.weinstein@lw.com

Attorneys for FMC Corporation

18

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2008, I caused the foregoing Motion to

Transfer Venue to be filed via the Court's CM/ECF system, which will electronically send notice

of such filing to the following CM/ECF users:

> Rudolph Contreras
> rudolph.contreras@usdoj.gov
>
> Brooke Ellinwood McDonough
> bmcdonough@goodwinprocter.com
>
> Keith V. Morgan
> keith.morgan@usdoj.gov
>
> Mae C. Wu
> mwu@nrdc.org

And I further certify that on February 1, 2008, I caused the document to be served via

U.S. mail, postage pre-paid, upon the following:

> John Francis Mardula
> Roberts Abokhair & Mardula LLC
> 11800 Sunrise Valley Drive
> Suite 1000
> Reston, Virginia 20191-5317
> Telephone: (703) 391-2900
> Facsimile: (703) 391-2901
> Email: JMardula@globe-IP.com
>
>
> Robert Andrew Price, Jr.
> Assistant United States Attorney
> Justin W. Williams United States Attorney Building
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> Telephone: (703) 299-3700
> Facsimile: (703) 299-3983
> E-mail: andrew.price@usdoj.gov

Lauren A. Wetzler
United States Attorney's Office
Justin W. Williams United States Attorney Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3752
Facsimile: (703) 299-3983
E-mail: lauren.wetzler@usdoj.gov


Monica Derbes Gibson
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-0135
Facsimile: (202) 514-8865
E-mail: monica.gibson@usdoj.gov


            /s/ Kenneth W. Weinstein