UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| FMC CORPORATION, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-2277 RMU |
| | : | | |
| v. | : | Document No.: | 50 |
| | : | | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY et al., | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

Denying the Plaintiff's Motion to Transfer

**I.  INTRODUCTION**

Today the court considers the propriety of transferring a case in which FMC Corporation seeks review of a regulation promulgated by the Environmental Protection Agency ("EPA"). Having failed to convince the Eastern District of Virginia to retain this case, the plaintiff ("FMC") now seeks to persuade this court to transfer the matter to the district of its home State of incorporation, Delaware, or alternatively – and in defiance of the ruling of the predecessor court – to transfer the matter back to the Eastern District of Virginia. The defendants[1] object, citing the law-of-the-case doctrine and the absence of any factor favoring another ticket on the venue merry-go-round. The court abstains from weighing the equities of taking another trip because the law-of-the-case doctrine forecloses the transferee court from second-guessing the transferor court. The case, therefore, stays here.

---

[1] Aside from the EPA, the defendants include intervenor Natural Resources Defense Council, Inc. ("NRDC") and Steven L. Johnson in his official capacity as administrator of the EPA.

## II. FACTUAL & PROCEDURAL BACKGROUND

The following facts are undisputed. On November 7, 2006, FMC submitted a petition to amend an EPA regulation, 40 C.F.R. § 164.80(b), allocating the burden of proof in adjudicatory hearings concerning challenges or cancellations of extant agency orders. Compl., Ex. 1. The impetus behind FMC's petition was the EPA's decision to revoke the registration for FMC's insecticide product, carbofuran, applying this burden-of-proof standard. Pl.'s Mot. to Transfer Venue ("Pl.'s Mot.") at 1. The petition was addressed to Stephen L. Johnson, EPA's administrator, at EPA headquarters in Washington, D.C. *Id.* The parties met to discuss the issue; FMC submitted a follow-up letter on March 7, 2007; and then EPA issued a final response by a letter dated April 3, 2007. *Id.*, Ex. 3-4. EPA explained that it declined to revoke its regulation, originally promulgated in 1973, because it had already reconsidered the issue in 1996 when similar challenges were brought and the agency concluded they lacked merit. Def. EPA's Opp'n ("Def.'s Opp'n") at 3.

In August 2007, FMC filed this action in the Eastern District of Virginia, the site of the EPA's Office of Pesticide Programs. Pl.'s Mot. at 2. EPA raised no objection to venue, and the case proceeded to a hearing on FMC's motion for judgment on the pleadings and the EPA's cross-motion for summary judgment. *Id.* at 3. On November 28, 2007, however, the court, *sua sponte*, directed the parties to brief whether venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(e). *FMC v. Evtl. Protection Agency*, No. 07cv819, Order (E.D. Va. Nov. 28, 2007) at 1. At a December 7, 2007 hearing, Judge Gerald Lee (the presiding judicial officer) held that: (1) the EPA decision at issue occurred in D.C., (2) the presence of the pesticide office in Virginia was not determinative of the nature of the claim, and (3) plaintiffs should be deterred

2

from forum-shopping in Virginia to challenge federal agency decisions made across the Potomac. Def.'s Opp'n, Wu Decl., Ex. A ("Hearing Transcript") at 13-14. He, therefore, concluded that the case "does not belong" in the Eastern District, "[a]nd these cases [APA reviews] certainly can have a proper forum, and that's the District of Columbia District Court." *Id.* Accordingly, he ordered the transfer of the case to the D.C. District Court. *Id.* His written order formalizing his determination at the hearing indicates: "the Court *sua sponte* raised the issue of venue pursuant to 28 U.S.C. § 1404(a)," and, "for the reasons stated in open court . . . the case is transferred to the United States District Court for the District of Columbia." *FMC*, No. 07cv819, Order (E.D. Va. Dec. 7, 2007) at 1-2. A month later, on January 7, 2008, FMC filed a motion before this court to transfer venue to either the District of Delaware or back to the Eastern District of Virginia.

### III.  ANALYSIS

#### A.  Legal Standard for Venue under 28 U.S.C. § 1391(e) and Transfer Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is not premised solely on diversity and a defendant is an officer, employee, or agency of the United States, 28 U.S.C. § 1391(e) controls venue, establishing that venue is proper in:

> any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). If, upon objection of a party, the court concludes that venue is improper, it may transfer the case pursuant to 28 U.S.C. § 1406.

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to transfer the action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

Accordingly, the defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622. Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited*, 944 F. Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29. The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill.

1989), 15 FED. PRAC. & PROC. § 3848). The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id*.

### B. No Clear Error or Manifest Injustice Supercedes the Law-of-the-Case Doctrine, Precluding a Reexamination of the Transferor Court's Decision

#### 1. The Law-of-the-Case Doctrine

Before beginning the traditional § 1404 venue analysis, the court must, as a threshold matter, determine whether the law-of-the-case doctrine effectively insulates the transfer from review. The defendants argue that Judge Lee's conclusions that venue is inappropriate in the Eastern District of Virginia and that the D.C. federal district is a more suitable candidate for venue constitute the law of the case – that is to say, a conclusive judgment on an issue of law that the court should not revisit absent "clear error or manifest injustice." Def.'s Opp'n at 4-6; Intervenor NRDC's Opp'n ("Intervenor's Opp'n") at 5-7. The plaintiff replies that Judge Lee committed clear errors of law that render deferential review inappropriate. Pl.'s Reply at 2-11.

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The rule promotes finality, efficiency and, in the case of a reconsideration of one judge's ruling by a different judge, comity. 18B FED. PRAC. & PROC. § 4478. A court should not depart from a prior holding unless "convinced that it is clearly erroneous and would work a manifest injustice." *Arizona*, 460 U.S. at 618 n.8. Ultimately, however, the law-of-the-case doctrine "merely expresses the practice of courts

generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912) (Holmes, J.).

"Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). Indeed, the purposes of the doctrine are especially salient in the context of transfer decisions, as "transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.* at 816. The D.C. Circuit has interpreted this language as a conjunctive rather than disjunctive imperative, i.e., "a court must not only be convinced that its earlier decision was erroneous; it must also be satisfied that adherence to the law of the case will work a grave injustice." *Laffey v. Northwest Airlines, Inc.*, 642 F.2d 578, 585 (D.C. Cir. 1980).[2] Thus, "unless exceptional circumstances appear, the transferee court should not directly review the transfer order." *In re Briscoe*, 976 F.2d 1425, 1426 (D.C. Cir. 1992); *see also Joyner v. Reno*, 466 F. Supp. 2d 31, 38 (D.D.C. 2006) (stating that "a district court may not directly review the merits of the transfer decision of another district court") (citing *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974) (en banc) (holding that "it is well established that a transferee court cannot directly review the transfer order") (citations omitted)). The proper forum for challenging a transfer order is in the appellate court of the transferor's

---

[2] In passing, the D.C. Circuit has also stated that "at the time of a motion to retransfer the transfer order would be law of the case binding the second district court (in the absence of clear error or manifest injustice, *see Chrysler Credit Corp. v. Country Chrysler*, 928 F.2d 1509, 1518 (10th Cir. 1991))." *Hill v. Henderson*, 195 F.3d 671, 677 (D.C. Cir. 1999). However, the sole authority for that disjunctive gloss, *Chrysler Credit Corporation*, references the conjunctive language of *Arizona v. California*. *Chrysler Credit Corp.*, 928 F.2d at 1518 (holding that "[r]eview of the transferee court's application of law of the case generally is limited to the question of whether the transferor court's rulings were 'clearly erroneous and would work a manifest injustice'") (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8). The court, therefore, construes the D.C. Circuit's use of "or" rather than "and" as aberrant dicta.

circuit. *Hill v. Henderson*, 195 F.3d 671, 677 (D.C. Cir. 1999); *Starnes*, 512 F.2d at 924.

### 2. The Decision to Transfer was not Both Clearly Erroneous and Manifestly Unjust[3]

With these principles in mind, the court concludes that the deficiencies alleged by the plaintiff do not rise to the level of clear error producing a manifest injustice. The plaintiff argues that Judge Lee erred when he (1) failed to consider any alternative transfer forums; (2) failed to give the plaintiff an opportunity to address the §1404 factors; (3) raised the issue of venue *sua sponte* without identifying any "exceptional circumstances" justifying a transfer after the defendants had waived any venue objection; and (4) referenced an interest in docket control as a justification for transfer. Pl.'s Reply at 2-11. Because an inspection of the record reveals that the court did consider alternative forums, did afford the parties an opportunity to argue the §1404 factors, and did not commit a manifest injustice by transferring the case for the purposes of docket management and deterring forum shopping, the court concludes that the law of the case governs, sustaining the decision of the transferor court.

### i. Judge Lee Considered Alternative Forums and Afforded the Parties an Opportunity to Discuss the § 1404 Factors

The plaintiff complains that the court never gave it a chance to debate the factors supporting a transfer under § 1404 for convenience and the interests of justice because the order directing the parties to brief venue referred only to § 1391(e), the threshold question of whether venue properly lay in the Eastern District. Pl.'s Reply at 7-9. The wide-ranging discussion during the hearing, however, belies the plaintiff's averments and supports the conclusion that no

---

[3] The propriety of the transferor court's decision is determined by reference to the law governing the transferee court. *Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 201 F. Supp. 2d 1, 3-4 (D.D.C. 1999). The applicable law, then, is that of the D.C. Circuit rather than the Fourth Circuit.

procedural protections were denied to the parties. At the hearing the plaintiff's attorney and Judge Lee extensively discussed both whether venue was proper, *see* Hearing Transcript at 4-5, and whether it was inconvenient, *see id.* at 6-7 (advising the court of the necessity of "weighing the factors and weighing the equities if you're considering transfer of venue"). As shown below, over several pages of transcript the plaintiff's attorney fully explores the § 1404 factors. On the convenience to the parties, he argues that "there's certainly no inconvenience to EPA," and that "it certainly would be much more convenient for the plaintiff FMC because this Court has acted on this case so expeditiously." *Id.* at 7. On access to proof and convenience to witnesses, he notes that "[t]here are no witnesses involved. It's purely a question of law. And there are no records at issue." *Id.* On choice of forum, he maintains that "unless the balance of conveniences weigh strongly in the other direction, the plaintiff's choice of forum should be respected." *Id.* at 7. Judge Lee then speculates: "I just wonder if we won't be opening the doors up to additional litigation against federal agencies here because they have offices in Virginia when this litigation typically is brought in the District of Columbia where the head of the agency resides." *Id.* at 8. Judge Lee asks the plaintiff's counsel, "Is there anything more that you want to say that you've not been given a chance to say?" at which point the counsel could have argued for transferring the case to the District of Delaware. *Id.* at 9. In fact, Judge Lee explicitly recognizes that "the plaintiff, FMC, is a Delaware Corporation." *Id.* at 12. It is, therefore, difficult to credit the plaintiff's protestations that it was denied an opportunity to make its voice heard on the § 1404 factors. Accordingly, the court will not reexamine, much less disturb, Judge Lee's decision on this basis.

### ii. Predicating Transfer on the Interests of Maintaining Docket Control and Deterring Forum Shopping was not a Clear Error Resulting in a Manifest Injustice

This leaves only the objection that Judge Lee clearly erred in transferring the case for the improper purposes of maintaining docket control and deterring forum shopping while failing to identify any "exceptional circumstances." Pl.'s Reply at 4. The plaintiff highlights a cogent legal principle in this circuit, but the cases from which the plaintiff culls this proposition are inapplicable. The case in which the D.C. Circuit spoke most strongly on this issue, *In re Scott*, involved a *sua sponte* transfer of a *pro se* prisoner's FOIA case from the District of D.C. to the Northern District of Georgia. The district judge's "sole reason stated for the transfer was that Scott had failed to file an 'adequate response' to the show cause order." *In re Scott*, 709 F.2d 717, 718 (D.C. Cir. 1983). When the Circuit remanded for a statement of reasons, the district judge reported that he had transferred the case because "the very large number of forma pauperis cases . . . filed [in this Circuit] by prisoners from all over the country . . . are a considerable burden on the Judges of the District Court." *Id.* at 719. The Circuit reversed the district judge because he failed to consider the § 1404 factors, transferring the case for mere "personal convenience." *Id.* at 721. The Circuit emphasized the necessity of incorporating into the record "an adequately reasoned, even-handed basis for transfer." *Id.*

The instant case presents a different fact pattern. Judge Lee afforded the parties two opportunities (briefing and an oral hearing) at which to argue venue, at which times both the propriety and convenience of venue were considered. He did not order a transfer for the "personal convenience" of the court; rather, he emphasized that "this case has no connection with the Eastern District of Virginia. The presence of the pesticide office in Virginia . . . is not

determinative of the nature of the claim . . . . [because] [t]he ultimate judgment about the pesticide [was] made by officials in Washington, D.C." Hearing Transcript at 13. This indicates that the court considered venue in the Eastern District improper under §1391(e). The court also, however, expressed its belief that the plaintiff was "forum shopping . . . to take advantage of the expeditious nature . . . [of] our docket." *Id.* The court concluded by noting that "District of Columbia has more expertise in handling a case of this nature and they are much more familiar with these Administrative Procedure Act cases than we are." *Id.* at 14. As Judge Lee's prime concern lay in the fact that venue was fundamentally improper[4] in the Eastern District because the determinative acts of the case all occurred in D.C., his decision should not be overturned by singling out his ancillary concern that forum shopping be deterred as well.

Turning to the plaintiff's final objection – that the court did not support its decision to raise, *sua sponte*, the issue of venue under § 1391(e) by citing adequate "exceptional circumstances" – this court cannot discern any error so grave as to warrant a reexamination of the merits. First of all, the cases supporting this proposition apply to a transfer order pursuant to § 1404(a) not, as here, § 1406. *In re Chatman-Bey*, 718 F.2d 484, 489 (D.C. Cir. 1983) (reviewing transfer order pursuant to § 1404(a)); *In re Scott*, 709 F.2d 717 at 721-22 (same). Moreover, even assuming that Judge Lee did not supply a sufficient basis for *sua sponte* raising the issue of improper venue, the plaintiff has still failed to show how it has suffered any manifest

---

[4] In his order memorializing his decision delivered in open court, Judge Lee states that "the Court *sua sponte* raised the issue of venue pursuant to 28 U.S.C. § 1404(a)." Order at 1 (Dec. 7, 2007). The parties maintain, however, that Judge Lee was exercising his authority congruent with 28 U.S.C. § 1406 to transfer for improper venue rather than in the "interest of justice" pursuant to § 1404(a). This court likewise construes the citation to § 1404(a) as an inadvertent mistake or a clerical error.

injustice. Judge Lee followed the established procedures for considering whether to transfer venue. *See Pain v. United Techs. Corp.*, 637 F.2d 775, 784-85 (D.C. Cir. 1980), *overruled in part on other grounds by Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981), (establishing 4-part procedure, requiring judge to: (1) establish existence of adequate alternative forum; (2) weigh private interest factors; (3) weigh public interest factors; and (4) ensure that the plaintiff's suit can continue in alternate forum without undue prejudice). By articulating the reasons that venue was improper in the Eastern District and why transfer was appropriate to D.C., he did not merely harp on the drawbacks of maintaining suit in the Eastern District. *See id.* at 783 (holding that judge must weigh relative advantages of each forum, not only consider the drawbacks of one).

   The case is briefed on dispositive motions, awaiting only the court's review. The plaintiff does not allege, nor could it, that venue is improper in D.C.[5] No witnesses are left to be deposed; no documents left to be discovered. In fact, nowhere does the plaintiff give any explanation of its interest in having this case transferred to the District of Delaware or returned to the Eastern District of Virginia. *See Pain*, 637 F.2d at 784 (requiring plaintiff to "show some reasonable justification for the institution of the action in the forum state rather than in a state with which the defendant or the res, act or event in suit is more significantly connected"). The plaintiff insists that weight should be given to its choice of Delaware as its "home forum," but does not explain its motive behind attempting to play one more round of "judicial ping pong." *Joyner v. Reno*, 466 F. Supp. 2d at 42. Every argument the plaintiff marshals as to why a transfer to

---

[5]  As Judge Lee correctly concluded, venue is proper here as D.C. is a judicial district in which a defendant in the action (EPA) resides or a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(e).

Delaware would not inconvenience the defendants also supports the position that maintaining the case in this district would cause the plaintiff no inconvenience, much less perpetrate a manifest injustice. The only consequence of a transfer would be a shift in the governing law for the parties' dispute from the D.C. Circuit to the Third Circuit. The plaintiff has not declared an interest in such a consequence, which would not (in any event) support a transfer. *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *H. L. Green Co. v. MacMahon*, 312 F.2d 650, 652 (2d Cir. 1962) (maintaining that "[t]he federal courts comprise a single system applying a single body of law, and no litigant has a right to have the interpretation of one federal court rather than that of another determine his case")). Because the Eastern District of Virginia's court's raising the question of venue did not result in a manifest injustice to either party, the law of the case shields the transfer from reexamination.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to transfer. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of June, 2008.

RICARDO M. URBINA
United States District Judge