UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FMC CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   07-02277 (RMU) |
| | : | |
| v. | : | Re Document No:   71 |
| | : | |
| UNITED STATES ENVIRONMENTAL | : | |
| PROTECTION AGENCY *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

GRANTING THE PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

### I.  INTRODUCTION

This matter comes before the court on the plaintiff's motion to dismiss its own complaint without prejudice. The plaintiff, FMC Corporation ("FMC"), brought suit against the Environmental Protection Agency and the EPA Administrator (collectively "the EPA"). The plaintiff claims that the defendants violated the Administrative Protection Act ("APA") by placing the burden of proof on the plaintiff during administrative hearings held pursuant to the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 *et seq.*

For the reasons explained below, the plaintiff now moves to dismiss its complaint without prejudice. The defendants, however, ask that the court deny the plaintiff's motion and instead resolve the defendants' pending motion for summary judgment. In the alternative, the defendants ask the court to dismiss the plaintiff's case with prejudice. Because the plaintiff's motion satisfies the prerequisites for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), the court grants the plaintiff's motion and dismisses this action without prejudice.

## II.  BACKGROUND

### A.  Statutory Framework

The EPA regulates pesticides pursuant to two federal statutes: the Federal Food, Drug and Cosmetic Act ("FFDCA"), codified at 21 U.S.C. § 356a, and FIFRA. *Nat'l Corn Growers Ass'n v. Envtl. Prot. Agency*, 613 F.3d 266, 269 (D.C. Cir. 2010).  Under the FFDCA, the EPA determines the "tolerance" levels for food – the maximum amount of pesticide residue that may remain on or in raw and processed food while still being considered "safe."  21 U.S.C. § 346a(b)(2)(A).  Conversely, any food containing a pesticide residue that exceeds an established tolerance level is generally deemed "unsafe" and "adulterated" and may not be moved in interstate commerce.  21 U.S.C. §§ 331, 342(a)(2)(B).

FIFRA provides that, with minor exceptions, "no person in any State may distribute or sell to any person any pesticide that is not registered" under the Act.  7 U.S.C. § 136a(a).  To register a pesticide under FIFRA, a pesticide seller must submit extensive scientific studies to the EPA demonstrating that the pesticide meets certain human dietary and environmental safety standards.  *Id*. §§ 136-136y.

FIFRA also requires the EPA to periodically reexamine registered pesticides to ensure that the older pesticides continue to meet current safety standards.  7 U.S.C. § 136a-1.  When the EPA re-examines a previously registered pesticide, the registrant is required to re-register this pesticide and show that the registered product continues to meet FIFRA's registration standard.  *Id*. § 136a-1(a)-(b).

If the EPA believes that a registered pesticide no longer meets FIFRA's safety standards, it may take administrative action to cancel the pesticide's registration.  7 U.S.C. § 136d(b)-(d).  FIFRA requires that as a preliminary step, the EPA must issue a formal notice of intent to cancel

("NOIC"), thereby providing the registrant with an opportunity to request a formal adjudicatory hearing ("a cancellation hearing"). 7 U.S.C. § 136d(b). If a cancellation hearing is properly requested, the registration remains in effect while the formal adjudicatory hearing is conducted in accordance with FIFRA and the EPA's regulations. *Id.* § 136d(d); 40 C.F.R. § 164. Under the relevant EPA regulations, the EPA has the burden of producing the reasons for cancellation, but the registered party bears the burden of persuading the court that the EPA's proffered reasons are inadequate. 40 C.F.R. § 164.80. At the conclusion of the cancellation hearing, the EPA Administrator issues an order either revoking the NOIC or cancelling the registration. 7 U.S.C. § 136(d). The registrant can appeal the EPA's final cancellation order in the federal appellate court where the registrant resides or has a place of business. *Id.* § 136n(b).

### B. Factual and Procedural Background

The plaintiff is a chemical company that produces pesticides, including Furadan® 4F, which contains the active ingredient carbofuran. Compl. ¶¶ 3, 9. The plaintiff is the sole manufacturer of carbofuran in the United States. *Nat'l Corn Growers*, 613 F.3d at 270. Since the EPA first approved the use of Furadan® 4F in 1969, carbofuran has been used as a pesticide on a variety of crops. Compl. ¶ 3. The plaintiff also produces carbofuran for technical and manufacturing use and has three registrations with the EPA for such uses. Defs.' Opp'n to Pl.'s Mot. to Dismiss Without Prejudice ("Defs.' Opp'n") at 3-4. Accordingly, the plaintiff has registered carbofuran with the EPA for both agricultural use, as well as technical and manufacturing use. *Id*.

On August 30, 2006, the EPA announced its intent to cancel carbofuran registrations. Compl. ¶ 22. The EPA sought immediate cancellation of most of the agricultural use registrations for carbofuran but identified a limited number of agricultural uses which would be

phased out during a four-year period. 71 Fed. Reg. 51,610-611 (Aug. 30, 2006). The EPA did not, however, designate any technical and manufacturing use carbofuran registrations for cancellation. *Id.*

In November 2006, prior to the formal start of the cancellation hearings for its agricultural use carbofuran registrations, the plaintiff petitioned the EPA to amend the regulations that govern the cancellation hearings. Compl. ¶ 5. More specifically, the plaintiff sought to have the EPA change its regulations so that the burden of persuasion during the cancellation hearing would fall on the EPA and not on the pesticide registrant. *Id.* ¶ 4. In April 2007, the EPA denied the plaintiff's petition. *Id.* ¶ 24.

On August 16, 2007, the plaintiff filed suit in the U.S. District Court for the Eastern District of Virginia to enjoin the EPA from applying its regulations to the plaintiff's carbofuran registration cancellation hearings. *Id.* ¶ 1. According to the plaintiff, the APA requires that the EPA carry the burden of demonstrating that a registration should be cancelled, and thus the EPA's regulations are in violation of the APA.[1] The Eastern District of Virginia transferred the case to this court, *sua sponte*. *FMC Corp. v. EPA*, 557 F. Supp. 2d 105, 108 (D.D.C. 2008). The plaintiff subsequently moved for transfer to the District of Delaware or back to the Eastern District of Virginia, but this court denied the plaintiff's motion. *Id.*

On May 15, 2009, while this lawsuit was pending, the EPA issued a Final Regulation revoking all tolerance levels for carbofuran under the FFDCA. 74 Fed. Reg. 20,046 (May 15, 2009). By revoking all carbofuran tolerances under the FFDCA, the EPA effectively banned the agricultural use of carbofuran in the United States. *Id.* The plaintiff unsuccessfully appealed the EPA's decision to revoke all carbofuran tolerances, *Nat'l Corn Growers*, 613 F.3d at 274, and

---

[1] The APA provides that in formal adjudicatory hearings, "the proponent of a rule or order has the burden of proof," unless the statute provides otherwise. 5 U.S.C. § 556(d).

4

was later denied certiorari by the Supreme Court.  *See generally Nat'l Corn Growers Ass'n v. Envtl. Prot. Agency*, 131 S. Ct. 2913 (2011).

As a result, the plaintiff voluntarily cancelled all of its agricultural use carbofuran registrations on June 24, 2011.  Joint Status Report at 2.  It continues, however, to maintain its three carbofuran registrations for technical and manufacturing use.  Defs.' Opp'n at 3-4.

Following the voluntary cancellation of its agricultural use carbofuran registrations, the plaintiff moved to dismiss this suit without prejudice under Rule 41(a).  *See generally* Pl.'s Mot. to Dismiss Without Prejudice ("Pl.'s Mot.").  The EPA opposes the plaintiff's motion, arguing that the court should either resolve the pending dispositive motions or dismiss the case with prejudice.  *See generally* Defs.' Opp'n.  With the plaintiff's motion now ripe for review, the court turns to the parties' arguments and to the relevant legal standards.

## III.  ANALYSIS

### A.  Legal Standard for Motion to Dismiss Under Rule 41(a)

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action.  FED. R. CIV. P. 41(a)(1).  Under Rule 41(a)(1), a plaintiff may dismiss a civil action without an order of the court by filing a notice of dismissal before the adverse party files an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by all parties.  *Id.*; *Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003).  Otherwise, under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  FED. R. CIV. P. 41(a)(2); *Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337, 1339 (D.C. Cir. 1988).  Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect

of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986); *see also* 9 FED. PRAC. & PROC. 2d § 2364. A court applying Rule 41(a)(2) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant. *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000).

### B. The Court Grants the Plaintiff's Motion to Dismiss Without Prejudice

The plaintiff contends that it seeks voluntary dismissal in good faith and that granting such dismissal will not cause the defendants any legal prejudice. *See generally* Pl.'s Reply in Support of Mot. for Voluntary Dismissal Without Prejudice ("Pl.'s Reply"). More specifically, the plaintiff argues that it no longer has the desire or the need to continue its suit because it has voluntarily cancelled all of the agricultural use carbofuran registrations that were originally at issue. Pl.'s Mot. at 1, 4. The plaintiff adds that its technical and manufacturing use carbofuran registrations were never at issue in this case because the EPA has only initiated FIFRA proceedings to cancel agricultural use carborfuran registrations. *Id*. at 2.

The defendants argue that the plaintiff has previously demonstrated bad faith by "forum shopping" and that the plaintiff's latest motion to dismiss is yet another attempt to forum shop. Defs.' Opp'n at 3-4. The defendants assert that the plaintiff is seeking to dismiss its suit simply to file a complaint regarding the plaintiff's technical and manufacturing use carbofuran registrations in a more favorable jurisdiction. *Id.* The defendants also contend that because the remaining technical and manufacturing use carbofuran registrations are still subject to

cancellation proceedings, dismissal would "shortcut [the defendants'] efforts to bring the litigation to a close" and waste the "significant resources" that the EPA has expended in this litigation. *Id.* at 3, 5. Lastly, the defendants argue that dismissal of this case prior to the court's resolution of the pending motion for summary judgment amounts to legal prejudice. *Id.* at 6.

The court first turns to the question of whether the plaintiff lacks good faith in moving for voluntary dismissal. According to the plaintiff, it seeks a voluntary dismissal because changed circumstances have eliminated the plaintiff's motivation to bring suit at this time, namely the EPA's revocation of tolerances for carbofuran and the plaintiff's subsequent voluntary cancellation of its agricultural carbofuran registrations. Pl.'s Mot. at 1, 4. Such changed circumstances appears to be a logical reason for the plaintiff's motion and does not evidence bad faith. *Cf. In re Vitamins*, 198 F.R.D. at 304-5 (determining indications of bad faith where the plaintiffs' dismissal motion appeared to be motivated only by a desire to avoid discovery); *Hubbard v. United States*, No. 2008 WL 1862299, at *5 (D.D.C. 2008) (determining that the plaintiff exhibited bad faith because it filed a motion for voluntary dismissal only after it had failed to file a timely response to the defendant's motion for summary judgment). To the extent that the defendants suggest that the plaintiff seeks voluntary dismissal only to re-file the action in a more favorable forum, the court concludes that the defendants' speculation, without more, is insufficient to demonstrate bad faith.

Next, the court turns to whether the defendants will suffer legal prejudice as a result of dismissal. The defendants make much of the fact that dismissing this case will leave unsettled the issue of who carries the burden of proof in a cancellation hearing. Defs.' Opp'n at 3. According to the defendants, this issue is still relevant and should be decided because the plaintiff maintains technical and manufacturing use carbofuran registrations. *Id*. at 3, 5. The

applicability of the EPA's regulations to technical and manufacturing use products, however, is not a consideration in determining whether to dismiss a suit that involves agricultural use carbofuran registrations. Compl. ¶ 22-23; Pl.'s Mot. at 2. The EPA has not pursued cancellation proceedings against the non-agricultural use carbofuran registrations. Pl.'s Reply at 1; 71 Fed. Reg. at 51,611-12. Nor has the plaintiff challenged the cancellation process for non-agricultural use carbofuran registrations in this court. Compl. ¶ 20-23. As such, the court will not issue an advisory opinion and entangle itself "in abstract disagreements over administrative policies . . . until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967); *see also Ohio Forestry Ass'n., Inc. v. Sierra Club*, 523 U.S. 726, 732-33 (1998).

Further, although dismissing this case may leave the defendants vulnerable to future litigation over the remaining technical and manufacturing use carbofuran registrations, fear of future litigation does not constitute legal prejudice under Rule 41(a)(2). *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947) (explaining that a voluntary dismissal should be granted "unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit"); *Conafay*, 793 F.2d at 353 ("[W]e simply observe that dismissals have generally been granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage."). Similarly, the "significant resources" that the defendant has expended thus far do not amount to legal prejudice. *In re Vitamins*, 198 F.R.D. at 304-05 (holding that a defendant's incurrence of substantial expense prior to dismissal does not connote legal prejudice); *see also Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 37 (D.D.C. 2004) (determining that the defendant's efforts in litigating the case were not wasted because its efforts could be useful in future litigation).

Finally, the defendants do not suffer legal prejudice from a voluntary dismissal simply because the defendants are awaiting the resolution of their motion for summary judgment. "The pendency of [a dispositive] motion alone is not grounds for denying the plaintiff's dismissal motion." *Robinson v. England*, 216 F.R.D. 17, 18 (D.D.C. 2003). Further, the only issues raised by the defendants' motion for summary judgment involve the cancellation process for the plaintiff's agricultural use carbofuran registrations. Defs.' Mot. Summ. J. at 6-7. As noted earlier, although the court's potential ruling on the motion for summary judgment may have some future impact on the cancellation process for the plaintiff's technical and manufacturing use carbofuran registrations, it remains that the EPA has not yet commenced the cancellation proceedings against those registrations.

In sum, the defendants have not made a showing of bad faith and legal prejudice under Rule 41(a)(2). Accordingly, the court grants the plaintiff's motion to dismiss its suit without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion and dismisses this case without prejudice. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of November, 2011.

RICARDO M. URBINA
United States District Judge